# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

KAIFI LLC,

     Plaintiff,

     v.

T-Mobile US, Inc. et al.,

     Defendants.

Case No. 2:20-CV-00281-JRG

JURY TRIAL DEMANDED

Honorable Rodney Gilstrap

## PROTECTIVE ORDER

WHEREAS Plaintiff KAIFI LLC ("KAIFI") and Defendants T-Mobile US, Inc., T-Mobile USA, Inc., MetroPCS Texas, LLC, T-Mobile West LLC, T-Mobile West Tower LLC, T-Mobile Resources Corporation, Layer3 TV, Inc., and L3TV Dallas Cable System, LLC (collectively, "Defendants") (KAIFI and Defendants collectively, "the Parties"), believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential busines inforation, or other proprietary information;

WHEREAS the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with

respect to such document, information, or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."  This Order shall encompass not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their counsel that reveal Protected Material; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Material.  To the extent this Protective Order is found to be in conflict with disclosure requirements in the Discovery Order, this Protective Order shall control.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential," "Confidential — Outside Attorneys' Eyes Only," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential — Outside Counsel Only" shall receive the same treatment as if designated "RESTRICTED — ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL,"

"RESTRICTED — ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the

provisions herein and unless otherwise stated, this Order governs, without limitation: (a)

all documents, electronically stored information, and/or things as defined by the Federal

Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents

marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings,

exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations.  All

copies, reproductions, extracts, digests, and complete or partial summaries prepared from

any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL

and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED —

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE

CODE") may be made at any time.  Inadvertent or unintentional production of

documents, information, or material that has not been designated as DESIGNATED

MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential

treatment.  Any party that inadvertently or unintentionally produces Protected Material

without designating it as DESIGNATED MATERIAL may request destruction of that

Protected Material by notifying the recipient(s), as soon as reasonably possible after the

producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

providing replacement Protected Material that is properly designated.  The recipient(s) shall then promptly destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.  In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form.  Compliance with the foregoing shall not prevent the producing Party from seeking further relief from the Court.  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in Paragraph 12 herein:

(a)   outside counsel of record in this Action for the Parties;

(b)   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who are members of at least one state bar in good standing (or a foreign equivalent thereof), and who have signed the form attached hereto as Appendix A;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer in good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or by Court order;

(f)     independent litigation support services, including persons working for or as court reporters, videographers, translators, graphics or design services, jury or trial consulting services (including mock jurors), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that all such outside vendors agree in writing to maintain the confidentiality of documents pursuant to this Protective Order;

(g)     the Court and its personnel;

(h)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i)     An author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information.  Such person shall be given access only to the

---

[2] An outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

specific document or information therein.

6.      A Party shall designate documents, information, or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains

confidential or proprietary information or trade secrets of the Party or a Third Party to

whom the Party reasonably believes it owes an obligation of confidentiality with respect

to such documents, information, or material.

7.      Documents, information, or material produced pursuant to any discovery request in this

Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties[3] only in the litigation of this Action and shall

not be used for any other purpose.  Any person or entity who obtains access to

DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not

make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED

MATERIAL or any portion thereof, except as may be reasonably necessary in the

litigation of this Action.  Any such copies, duplicates, extracts, summaries, or

descriptions shall be classified DESIGNATED MATERIALS and subject to all of the

terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so sensitive[4] that its dissemination deserves even further

---

[3] If parties not affiliated with Defendants are added or if the case is consolidated, DESIGNATED
MATERIAL of Defendants may not be produced or disclosed to such parties absent Defendants'
consent.

[4] The RESTRICTED — ATTORNEYS' EYES ONLY designation is reserved for Protected
Material that constitutes or contains, *e.g.*, (a) commercially sensitive marketing, financial, sales,
web traffic, research and development, or technical data or information; (b) commercially
sensitive competitive information, including, without limitation, information obtained from a
nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data
relating to future products not yet commercially released and/or strategic plans; (d) commercial

limitation, the producing Party may designate such Protected Material "RESTRICTED — ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.     For Protected Material designated "RESTRICTED — ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in 5(a–b), (e–h), and (i).[5]

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Protected Material shall be governed as follows:

(a)    Access to Protected Material designated "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be limited to individuals listed in 5(a–b), (f–g), and (i) and up to three (3) outside consultants or experts[6] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 5(e) of the Protective Order.

(b)    A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing Source Code Material are appropriately marked under the Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  To

---

agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing Party; (e) trade secrets, pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, customer lists, and other non-public information of similar competitive and business sensitivity, and/or (f) information that is likely to cause economic harm or significant competitive disadvantage to the producing Party if disclosed.

[5] Notwithstanding any contrary provisions of Paragraphs 5 and 9, those persons identified in Paragraphs 5(c) and 5(h) herein shall be allowed access to any license agreement or settlement agreement regarding the asserted patent in this litigation solely for the purpose of facilitating settlement negotiations in this action.

[6] As defined above in paragraph 5(e).

the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE";

(c)     Due to the COVID-19 pandemic, virtually every state has issued a "shelter-in-place" or "stay-at-home" order to limit the spread of the disease which vary in scope and duration but generally require businesses not considered "essential" to close their physical offices and continue their operations remotely. In addition to these orders and advisories, numerous state and federal courts, including the U.S. District Court for the Eastern District of Texas, have issued Orders restricting or preventing public access to courthouses given the severity of risk to persons by the spread of COVID-19;

(d)     This Court issued a Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present Covid-19 Pandemic on April 20, 2020 that expressly recognizes that: "[t]rying to keep cases moving forward while prioritizing the health of individuals" may require "unconventional practices and accommodations that would not normally be accepted as appropriate," such as "the production of computer source code that are not consistent with the producing party's normal security protocols" (¶2); to encourage parties "to be willing to make special accommodations during the health emergency," that "those special accommodations will not be used against them in the future" (¶ 3); and that with respect to source code production, the "the use of . . . temporary code-review procedures during the pandemic will not be citable as evidence of appropriate code-review procedures after the pandemic" and that "[a]fter the pandemic, parties producing source code can return to advocating all their normal security protocols" (¶20);

(e)     In light of the public health orders, advisories, and restrictions described above, the Parties' normal and necessary security procedures for the treatment of Source Code Material used as part of litigation are not currently possible. The Parties expect some version of these restrictions will remain in place throughout the remainder of this litigation;

(f)     Therefore, solely in this period of national—and international—public health emergency, the Parties have developed, as a special accommodation, a temporary alternative to their normal Source Code Material inspection protocols that uses a dedicated, specially-configured Source Code Material discovery laptop ("Remote Review Laptop") that can be shipped to reviewers who are sheltering in place and enable the recipient of each such Remote Review Laptop to review code in an environment designed to approximate the normally required security precautions to allow discovery of Source Code Material in this action to continue while the public health restrictions are in place;

(g)     The Parties acknowledge the exceptional exigencies presented by the international

health emergency and will not later argue that these accommodations during this
emergency constitute a proper approach in any other circumstances;

(h)     The producing Party will make Source Code Material hosted on a producing Party
computer (the "Host Computer") available for review in computer searchable
format through the Remote Review Laptop.  The producing Party shall provide
the receiving Party with information explaining how to start, log on to, and
operate the Remote Review Laptop in order to review Source Code Material on
the Host Computer. The producing Party shall install tools that are sufficient for
viewing and searching the Source Code Material produced, on the platform
produced, if such tools exist and are generally commercially available;

(i)     The following procedures apply to the Remote Review Laptop:

    (i)     The Remote Review Laptop must be kept, at all times when not in use in
    accordance herewith, within a locked safe or a locked room (including a
    secure closet or cabinet) within the office or home of the reviewer when
    not in use;

    (ii)    Any reviewer who is to receive the Remote Review Laptop shall, prior to
    receipt thereof, and upon the producing Party's request, provide the
    producing Party with details regarding the location at which such
    computer will be used for reviewing ("Source Code Review Room") and
    the location at which such computer will be stored when not being used
    for reviewing, for the sole purposes of ensuring compliance with the
    requirements of this Protective Order regarding the location in which such
    computer is to be stored;

    (iii)   The Remote Review Laptop may be password protected and shall be used
    by the receiving Party for no purpose other than performing the review of
    Source Code Material.  The receiving Party shall not attempt to disable,
    defeat, or sidestep any security measures on the Remote Review Laptop or
    the Host Computer.  Nor shall the receiving Party transfer any data from
    the Host Computer or otherwise access the Host Computer through means
    other than those provided by the producing Party on the Remote Review
    Laptop.

    (iv)    No recordable media or recordable devices, including without limitation
    sound recorders, computers, cell phones, smart watches, peripheral
    equipment, cameras, devices containing unobstructed cameras (e.g.,
    webcams, unless entirely shielded with an opaque material), CDs, DVDs,
    or drives of any kind, may be in the Source Code Review Room;

    (v)     The Remote Review Laptop shall not be used to create screenshots of
    Source Code Material, to print any files directly, to download any files
    from the Host Computer, or to take notes for any purpose.  The receiving
    Party shall not take photographs, video, or other recordings of the Remote

Review Laptop except as set forth in this Protective Order;

(vi)    In advance of each Source Code Material review session, the producing Party must be notified and the receiving Party must provide video access (*e.g.*, via FaceTime, WebEx, Zoom, etc.) to be able to exercise real-time personal supervision of the receiving Party.  The video access shall be akin to monitoring a review of a stand-alone computer through a window to a conference room;

(vii)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code is being created or transmitted in any way.  Other than the visual monitoring described above, the Producing Party may not monitor or record via any electronic or any other means the activities of the Receiving Party's representatives during any Source Code review ;

(viii)    Upon the completion of each review session, the reviewer shall provide, at the producing Party's request, a declaration confirming under penalty of perjury that no unauthorized electronic records of the Source Code Material were created or transmitted in any way;

(ix)    While the Remote Review Laptop is in use, its screen shall be positioned in such a way that it is not visible from any external window of the room in which it is stored, or such window shall be covered with blinds, shades, or a similar covering;

(x)    During the review session and at all other times, the reviewer shall not copy, remove, or otherwise transfer any Source Code Material from the Remote Review Laptop including, without limitation, copying, removing, or transferring the Source Code Material onto any recordable media or recordable device;

(xi)    The Remote Review Laptop must be turned off when not in active use;

(xii)    At all times, all network and USB ports and wireless transmitters of the Remote Review Laptop shall be and remain disabled, and the Remote Review Laptop shall not be connected to a printer in any way;

(xiii)    During any review session, the receiving Party's outside counsel and/or outside consultants or experts shall be entitled to take notes relating to the source code, but may not copy the source code into the notes. Any notes taken pursuant to this subparagraph shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE but are not discoverable.

(j)    The Remote Review Laptop may be transported only as follows:

10

     (i)      By the producing Party:  Via hand carry, Federal Express, or other similarly reliable courier, to a location in the United States mutually agreed upon by the Parties;

     (ii)     By the receiving Party:  In a tamper-resistant, tamper-evident, sealed container, via hand carry, Federal Express, or other similarly reliable courier, to a location determined by the producing Party, after the receiving Party provides notice to the producing Party of the intended shipment and receives confirmation from the producing Party that such shipment can be securely received;

     (iii)    Except as set forth above, the Remote Review Laptop may not be removed from the location to which the producing Party transports it.

(k)     The receiving Party may request paper copies ("Source Code Printouts") of portions of the Source Code Material. At the conclusion of a review session, the receiving Party shall notify the producing Party of the precise file paths, file names, and line number ranges to print. Upon receipt of such request, the producing Party will, within two (2) business days, print the identified Source Code Material and deliver the resulting Source Code Printouts to receiving Party via hand carry, Federal Express, or other similarly reliable courier, to a location mutually agreed upon by the Parties;

(l)     No electronic copies of Source Code Printouts shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

(m)    The receiving Party shall ensure that outside counsel, consultants, or experts in possession of Source Code Printouts take all reasonable measures to maintain the confidentiality of the Source Code Printouts, including but not limited to ensuring that any outside counsel, consultants, or experts in possession of any Source Code Printouts keep the Source Code Printouts in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts (*e.g.*, a hotel prior to a Court proceeding or deposition);

(n)     The receiving Party shall return the Remote Review Laptop to the producing Party, following the procedure described in paragraph 10(i)(ii), upon the producing Party's request or after the occurrence of any one of the following: (1) the entry of an order dismissing or entering final judgment in this matter; (2) the entry of an order staying or administratively closing the case; (3) the conclusion of the reviewer's engagement with any Party to this matter or involvement in this

11

matter; (4) the Court amends or withdraws its Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present Covid-19 Pandemic to allow for in-person review of Source Code Material; or (5) entry of a subsequent protective order that contemplates the return of the Remove Review Laptop.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person

associated with a Party and permitted to receive the other Party's Protected Material that

is designated "RESTRICTED — ATTORNEYS' EYES ONLY" and/or "RESTRICTED

CONFIDENTIAL SOURCE CODE" (collectively, "HIGHLY SENSITIVE

MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in

part, the other Party's technical HIGHLY SENSITIVE MATERIAL under this Order

shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any

patent application pertaining to the field of the invention[7] of the patents-in-suit on behalf

of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the

pendency of this Action and for two years after its conclusion, including any appeals.  To

ensure compliance with the purpose of this provision, each Party shall create an "Ethical

Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any

individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other

affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any

patent application pertaining to the field of invention of the patent-in-suit.

For the avoidance of doubt, this provision shall not apply with respect to inter partes

review, reissue, and reexamination proceedings of U.S. Patent No. 6,922,728, except to

bar the preparation, prosecution, supervision, or assistance in preparation or prosecution

---

[7] Solely for purposes of defining the prosecution bar of this provision, the field of the invention is defined as a method, apparatus, or system related to roaming or moving in or between wireless communication network(s).  This definition shall not otherwise be limiting or otherwise have any effect as to the pending litigation.

of any claims.

12.    Nothing in this Order shall require production of documents, information, or other

material that a Party contends is protected from disclosure by the attorney-client

privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If

documents, information, or other material subject to a claim of attorney-client privilege,

work product doctrine, or other privilege, doctrine, or immunity is inadvertently or

unintentionally produced, such production shall in no way prejudice or otherwise

constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any

Party that inadvertently or unintentionally produces documents, information, or other

material it reasonably believes are protected under the attorney-client privilege, work

product doctrine, or other privilege, doctrine, or immunity may obtain the return of such

documents, information, or other material by promptly notifying the recipient(s) and

providing a privilege log for the inadvertently or unintentionally produced documents,

information, or other material.  The recipient(s) shall gather and return all copies of the

privileged material to the producing Party no later than five (5) business days after

receiving a request for their return, except for any pages containing privileged markings

by the recipient, which pages shall instead be destroyed and certified as such by the

recipient to the producing Party.  The recipient shall also destroy and certify such

destruction within five (5) business days after receiving a request for return of

inadvertently produced materials all documents or parts thereof summarizing or

otherwise disclosing the content of the inadvertently produced material and shall not use

such material for any purpose.  If the receiving Party contests the privilege or work

product designation by the producing Party, the receiving Party shall give the producing

Party written notice of the reason for the disagreement.  The receiving Party shall seek an Order from the Court compelling the production of the material.  If no such Order is sought within thirty (30) days, then all copies of the disputed document shall be returned in accordance with this paragraph.  Absent a Court Order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.  Notwithstanding this provision, outside litigation counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, during the time of the person's past or present status as an officer, director, or employee of the producing Party, seen such DESIGNATED

MATERIAL; (iv) a current officer, director, or employee of the producing Party or a current officer, director, or employee of a company affiliated with the producing Party; (v) court reporters and videographers; (vi) the Court; or (vii) any other persons entitled under this Order to access such DESIGNATED MATERIAL (*see* Paragraphs 5, 9, and 10).  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.  Any person other than the witness, his or her attorney(s), or any person qualified to receive such DESIGNATED MATERIAL under this Order shall be excluded from the portion of the examination concerning such information, unless the producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Appendix A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

15.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED — ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance

with the terms of this Order.  Until expiration of the 30-day period, the entire deposition
or hearing transcript shall be treated as confidential.  Any Protected Material that is used
in the taking of a deposition shall remain subject to the provisions of this Protective
Order, along with the transcript pages of the deposition testimony dealing with such
Protected Material.  In such cases the court reporter shall be informed of this Protective
Order and shall be required to operate in a manner consistent with this Protective Order.
In the event the deposition is videotaped, the original and all copies of the videotape shall
be marked by the video technician to indicate that the contents of the videotape are
subject to this Protective Order, substantially along the lines of "This videotape contains
confidential testimony used in this case and is not to be viewed or the contents thereof to
be displayed or revealed except pursuant to the terms of the operative Protective Order in
this matter or pursuant to written stipulation of the Parties."  Counsel for any producing
Party shall have the right to exclude from oral depositions, other than the deponent,
deponent's counsel, the reporter and videographer (if any), any person who is not
authorized by this Protective Order to receive or access Protected Material based on the
designation of such Protected Material, except as otherwise provided by this Order.  Such
right of exclusion shall be applicable only during periods of examination or testimony
regarding such Protected Material.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and
shall remain under seal until further order of the Court.  The filing party shall be
responsible for informing the Clerk of the Court that the filing should be sealed and for
placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"
above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall

conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of DESIGNATED MATERIAL at trial to be submitted for approval by the Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

Order, shall be informed that he or she is subject to the terms and conditions of this

Order, and shall sign an acknowledgment that he or she has received a copy of, has read,

and has agreed to be bound by this Order.  A copy of the acknowledgment form is

attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action

("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary

information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that Protected Material of Third Parties in the possession, custody, or

control of the producing Party is or will be encompassed by appropriate discovery

demands by the Parties, or is required to be exchanged under the Local Rules of the

Court, such Protected Material may be designated "RESTRICTED — ATTORNEYS'

EYES ONLY" or, if such Protected Material includes Source Code Material, it may be

designated "RESTRICTED CONFIDENTIAL SOURCE CODE."  This paragraph shall

not impair the rights of any Third Party to file a motion to quash the production of

Protected Material after being provided notice by the producing Party.  This paragraph

shall not require any producing Party to violate any duty of confidentiality owed to a

Third Party.  If any Protected Material of a Third Party is withheld from production under

a claim of confidentiality, the producing Party shall, consistent with its obligations to that

Third Party, identify the Protected Material sought by the receiving Party so that the

Parties can meet and confer on appropriate measures.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may

designate as "CONFIDENTIAL" or "RESTRICTED — ATTORNEYS' EYES ONLY"

any documents, information, or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.   The failure to designate documents, information, or material in accordance with this Order, and the failure to object to a designation at a given time, shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for

such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.    No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit that, absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents or as required under the Court's orders.

30.    The United States District Court for the Eastern District of Texas is responsible for the

interpretation and enforcement of this Protective Order.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Protective Order following termination of this litigation.  All disputes concerning Protected Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

31.   Nothing in this Protective Order shall preclude or impede outside litigation counsel ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Protective Order.

32.   This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

33.   All notices required by this Protective Order are to be served on the attorney(s) of record for each Party.

34.   Outside attorneys of record for the Parties are hereby authorized to be the persons who

may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>T-Mobile US, Inc. et al.,<br><br>   Defendants. | Case No. 2:20-CV-00281<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____ , declare that:

1. My address is _____.

  My current employer is _____.

  My current occupation is _____.

2. I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things

designated as"CONFIDENTIAL," "RESTRICTED — ATTORNEYS' EYES ONLY," or
"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and
all documents and things that I have prepared relating thereto, to the outside counsel for
the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature  _____

Date  _____