IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>   Plaintiff,<br><br> v.<br><br>T-MOBILE US, INC. and T-MOBILE USA, INC.,<br><br>   Defendants. | **CASE NO. 2:20-CV-281-JRG**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PATENT ELIGIBILITY UNDER 35 U.S.C. § 101**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................... 1

II. ARGUMENT ......................................................................................................................... 2

    A.    *Alice* Step One: The Claims Are Directed to an Abstract Idea. .............................. 3

        1. Switching "automatically and without interruption" is an abstract result. ...... 4

        2. Storing "indoor system ID information" in a "location register" does not change the abstract nature of the claims. ........................................................ 5

    B.    *Alice* Step Two: The Asserted Claims Do Not Include an Inventive Concept. ..... 9

i

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| 728 Patent | U.S. Patent No. 6,922,728 (D.I. 1-2) |
| Br. | Defendants' Opening Brief (D.I. 55) |
| KAIFI | Plaintiff KAIFI LLC |
| *KAIFI v. AT&T* | *Kaifi LLC v. AT&T Corp.*, No. 2:19-cv-00138-JRG (E.D. Tex.) |
| Opp. | KAIFI's Opposition Brief (D.I. 77) |
| T-Mobile | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. |


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alice Corp. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) ......................................................................................................... 2, 10

*Arendi S.A.R.L. v. Apple Inc.*,
  832 F.3d 1355 (Fed. Cir. 2016) ................................................................................................ 10

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) .................................................................................................. 7

*Bilski v. Kappos*,
  561 U.S. 593 (2010) .................................................................................................................. 3

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
  778 F. App'x 882 (Fed. Cir. 2019) ............................................................................................ 2

*Customedia Techs., LLC v. Dish Network Corp.*,
  951 F.3d 1359 (Fed. Cir. 2020) ....................................................................................... 8, 9, 10

*EcoServices, LLC v. Certified Aviation Servs., LLC*,
  830 F. App'x 634 (Fed. Cir. 2020) ............................................................................................ 7

*Enfish, LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016) .................................................................................................. 7

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) .................................................................................................. 9

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
  No. 2:17-cv-00661-JRG, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018) ............................... 10

*KAIFI LLC v. AT&T Corp.*,
  No. 2:19-cv-00138-JRG, 2020 WL 1905358 (E.D. Tex. Apr. 17, 2020) .................................. 1

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
  837 F.3d 1299 (Fed. Cir. 2016) .................................................................................................. 4

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020) .................................................................................................. 7

*Pragmatus Telecom, LLC v. Genesys Telecomms. Labs., Inc.*,
  114 F. Supp. 3d 192 (D. Del. 2015) .......................................................................................... 5

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Silver State Intellectual Techs. v. Facebook Inc.*,
   314 F. Supp. 3d 1041 (N.D. Cal. 2018) ...................................................................................8

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019) ..............................................................................................7

*TecSec, Inc. v. Adobe Inc.*,
   978 F.3d 1278 (Fed. Cir. 2020) ..........................................................................................3, 5

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
   874 F.3d 1329 (Fed. Cir. 2017) ....................................................................................1, 5, 9

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
   957 F.3d 1303 (Fed. Cir. 2020) ..........................................................................................4, 7

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-cv-00651-JRG, 2018 WL 4927279 (E.D. Tex. Sept. 18, 2018) ..............................10

*Voip-Pal.Com, Inc. v. Apple Inc.*,
   411 F. Supp. 3d 926 (N.D. Cal. 2019) ...............................................................3, 5, 7, 8, 10

*Voxathon LLC v. Alpine Elecs. of Am., Inc.*,
   No. 2:15-cv-562-JRG, 2016 WL 260350 (E.D. Tex. Jan. 21, 2016) ........................................9

**I. INTRODUCTION**

As T-Mobile showed in its brief, the 728 patent claims the abstract idea of routing communications to an indoor network when the recipient is located indoors and to an outdoor network when the recipient is located outdoors—*i.e.*, switching the communication path based on the recipient's determined location.  T-Mobile further showed (and KAIFI does not deny) that the claims recite only conventional networking components.  KAIFI cannot defend the eligibility of the claims on the merits, and so it wrongly accuses T-Mobile of oversimplifying the claims and of disregarding a concrete and specific technological improvement—neither of which is correct.

*Alice Step One:*  In response to T-Mobile's showing that the claims are directed to an abstract idea, KAIFI incorrectly asserts that T-Mobile ignored key claim elements.  *See, e.g.*, Opp. at 10–11, 17–18.  KAIFI is wrong; T-Mobile addressed every claim element, including the two on which KAIFI now relies.  Specifically, as KAIFI states, all asserted claims require storing "indoor system ID information" as "location information" in a "location register," and the alleged result that switching between the communication paths occurs "automatically and without interruption."[1]  Opp. at 10–13.  T-Mobile addressed these elements in detail in its brief, and explained why they do not render the claims non-abstract.  *See, e.g.*, Br. at 8–10, 14.

As the Federal Circuit has repeatedly explained, a claim is abstract when it uses "result-based functional language" that fails to "sufficiently describe how to achieve these results in a non-abstract way," *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337

---

[1] The Court in the *AT&T* case construed only the system claims to require switching "automatically and without interruption," by construing the term "provides roaming."  *KAIFI LLC v. AT&T Corp.*, No. 2:19-cv-00138-JRG, 2020 WL 1905358, at *4–5 (E.D. Tex. Apr. 17, 2020).  The method claims do not refer to "roaming"; they recite simply "switching [the] connection of the data communication terminal."  728 patent at 16:49–67.  Because switching "automatically and without interruption" does nothing to save the claims from ineligibility, however, for purposes of simplicity T-Mobile does not rely on this distinction in this motion.

(Fed. Cir. 2017), rather than "*concrete means for achieving* particular functions or results," *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 895 (Fed. Cir. 2019) (emphasis added). That is precisely the situation here. Indeed, as T-Mobile explained and KAIFI cannot refute, the claim elements KAIFI seizes on comprise no more than an indisputably conventional network component and network information (*i.e.*, a location register and indoor system ID information), plus an unrelated functional result (*i.e.*, switching between indoor and outdoor communications networks). The claims therefore fail Step One because the patent does not identify any structural improvement that causes the alleged benefit of switching "automatically and without interruption."

*Alice Step Two:* T-Mobile demonstrated that each of the components recited in the asserted claims are admittedly conventional, based on the disclosure of the patent itself. *See, e.g.*, Br. at 2–3. In response, KAIFI never argues that any individual piece of equipment or information recited in the claims is unconventional or inventive. Instead, KAIFI pivots to arguing that the "specific" way in which these conventional components use conventional information is inventive enough to render the claims patent eligible. Opp. at 2. But KAIFI again points to only (i) a conventional network node storing conventional network information, and (ii) an *unrelated* functional result (switching "automatically and without interruption") for which no technological implementation details are claimed. This is not "significantly more" than the abstract idea itself, as required to escape ineligibility. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014).

## II. ARGUMENT

KAIFI's approach in its opposition is to cite a host of cases in which claims totally unlike those of the 728 patent were held to be patent-eligible, while outright ignoring the many cases cited by T-Mobile where courts have held network "switching" claims strikingly similar to those at issue here to be ineligible under Section 101. *See, e.g.*, Br. at 15–16.

As the Federal Circuit recently affirmed, claims like those of the 728 patent that "describe a desired result—routing the communication—without explaining how that result is achieved" are abstract. *Voip-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 952 (N.D. Cal. 2019), *aff'd*, 828 F. App'x 717 (Fed. Cir. 2020). That is precisely the case here, where the claims describe a result in broad, functional terms—*e.g.*, a router "provides roaming," which the Court previously construed to mean "provides switching . . . automatically and without interruption"—without providing the details of how that result is achieved. Because the asserted claims add nothing to the abstract concept beyond conventional components that "behave exactly as expected according to their ordinary use," the claims lack any inventive concept and are unpatentable. *Id.* at 969.

### A.   *Alice* Step One: The Claims Are Directed to an Abstract Idea.

KAIFI begins its Step One analysis with a half-hearted assertion that the core concept to which the claims are directed—switching between indoor and outdoor networks based on a terminal's location—is not abstract because "[e]ntering and withdrawing from a network is a technical field populated with technical solutions." Opp. at 10. That is plainly wrong. It is blackletter law that limiting claims to a particular technical field does not render them non-abstract. *Bilski v. Kappos*, 561 U.S. 593, 610 (2010). Moreover, whether or not the "field" was "populated with technical solutions," the 728 patent offers none.

Unable to seriously argue that the concept as described in T-Mobile's motion is not abstract, KAIFI quickly pivots to a meritless attempt to cast T-Mobile's motion as similar to cases in which courts erred by "overgeneralizing" the invention, wrongly accusing T-Mobile of disregarding features that KAIFI contends provide a non-abstract technological solution. *See, e.g.*, Opp. at 9–10 (citing *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1293 (Fed. Cir. 2020)). KAIFI's efforts to distract from the merits of T-Mobile's motion fails, however, because T-Mobile did not overgeneralize the invention; T-Mobile's description was taken directly from the claims and the

specification. *See, e.g.*, Br. at 3–4, 7–8. More importantly, T-Mobile did not ignore any claim elements at all—not the ones on which KAIFI now relies, nor any others.

KAIFI focuses on the claim requirements of (i) switching "automatically and without interruption," and (ii) storing "indoor system ID information" as "location information" in a "location register." But these features were specifically addressed in T-Mobile's brief. *E.g.*, *id.* at 9–10, 14, 19. And, they do not change the abstract nature of the claims.

As T-Mobile showed, these elements fail to render the claims eligible for patenting because the first feature (switching "automatically and without interruption") is merely a desired result without any technological implementation details to achieve it, and the second is just a combination of conventional networking elements untied to any improvement in computer or network functionality. That is not enough—as the cases KAIFI itself cites show, holding claims non-abstract at Step One requires finding they "focus on a *specific means* or method that *improves the relevant technology*." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (emphases added). In other words, the law requires not just a technical advantage in the abstract (*i.e.*, a result), nor simply a putatively new permutation of conventional components that does not improve the underlying technology. Instead, what is required is a "specific" change to conventional computing or network technology that improves "the functionality of a computer or network platform itself." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306–07 (Fed. Cir. 2020). As discussed below, the asserted claims fail Step One because they claim, at most, an abstract result (switching "automatically and without interruption") without claiming any specific implementation details that produce the result.

    **1.**    **Switching "automatically and without interruption" is an abstract result.**

As T-Mobile showed in its motion, switching the path of a communication between two distinct networks "automatically and without interruption" is abstract. Br. at 9–10. It amounts to

no more than a requirement that switching must occur faster or more efficiently than it otherwise would absent the claimed method—for example, more efficiently than a human operator simply selecting the indoor network when it is available—and governing case law establishes that mere automation cannot render the claims non-abstract. *Id.*; *see also, e.g.*, *Voip-Pal*, 411 F. Supp. 3d at 958 ("[W]ith the exception of generic computer-implemented steps, there is nothing in the claims themselves that foreclose them from being performed by a human"); *Pragmatus Telecom, LLC v. Genesys Telecomms. Labs., Inc.*, 114 F. Supp. 3d 192, 200 (D. Del. 2015).

Moreover, switching "automatically and without interruption" is precisely the type of "desirable result or function," devoid of any "specific improvement" to achieve the result, that is the hallmark of abstract claims. *See TecSec*, 978 F.3d at 1293. Not a word in the 728 patent explains how the claims achieve switching "automatically and without interruption," nor discloses an improvement to computers that enables the result. Instead, the claims recite conventional steps of broadcasting, storing, and accessing location information, and then simply state that upon determining the terminal's location, the system "provides roaming" (*i.e.*, "provides switching . . . automatically and without interruption"). 728 patent at 15:35–40. Nothing indicates what enables this "provid[ing]." Because the 728 claims are "bereft of the critical 'how it does it' aspect" to explain how switching "automatically and without interruption" is achieved, they do not provide an "improvement in computer functionality" that is non-abstract. *Voip-Pal*, 411 F. Supp. 3d at 955; *see also Two-Way Media*, 874 F.3d at 1337 (recitation of a desired result is abstract where the patent does not "sufficiently describe how to achieve these results in a non-abstract way").

> 2. **Storing "indoor system ID information" in a "location register" does not change the abstract nature of the claims.**

Tacitly acknowledging that switching "automatically and without interruption" is a results-oriented limitation that can do nothing to render the claims non-abstract, KAIFI insists that the

result is brought about by specific structural improvements recited in the claims. KAIFI argues that the claims "provide a concrete improvement" by "updating the location information in the location registration with indoor system ID information . . . and directing the traffic accordingly." Opp. at 6; *see also* Opp. at 1–2, 12–14. But the patent directly contradicts KAIFI's assertion that this was a structural change over the prior art, and in any event it is wholly unconnected to the alleged technological advantage of switching "automatically and without interruption."

The first problem with KAIFI's identified "structure" is that the 728 patent never says what KAIFI needs it to say in order to prevail here. The patent never states, or even suggests, that storing "indoor system ID information" in a "location register" was a challenge in the prior art or a critical advance brought about by the patent. To the contrary, the patent explains that "indoor system ID information" constitutes the location of the user terminal when indoors, and the ordinary role of the "location register" was to "record[] a current location of a data communication subscriber." 728 patent at 3:50–51, 9:12–15. The limitation therefore recites a conventional network node operating in its expected manner. KAIFI's assertion that this limitation constitutes a "technical solution to a computer-specific problem" is thus contradicted by the patent itself. KAIFI's insistence that its claims somehow improve network technology by storing location information in a location register—exactly the expected and routine role of a conventional location register—finds no support in fact or law. Opp. at 19–20.

The second problem with KAIFI's argument is that even if storing this "location information" in the "location register" were unconventional (and the patent shows it was not), the patent does not connect this limitation in any way to the alleged technological advance of switching "automatically and without interruption"—as would be required to constitute a specific improvement to network technology. KAIFI asserts that storing the location information is what

enables switching "automatically and without interruption," but offers no explanation of how that could be the case nor any evidence of that connection in the patent. *See* Opp. at 1–2, 5–6.

The patent itself belies KAIFI's attorney argument. Contrary to KAIFI's assertion, the claims make clear that storing "location information" in the "location register" merely enables "determin[ing] the location of the data communication terminal." 728 patent at 15:35–40. It has no effect on *how* the subsequent *switching* is achieved, and KAIFI does not point to any disclosure in the 728 patent that explains how the storage of location information enables switching "automatically and without interruption"—because there is none. Accordingly, KAIFI fails to show that the claims "are directed to a specific asserted improvement to the functionality of the communication system itself." *Uniloc*, 957 F.3d at 1309.

The total disconnect between the technological advance KAIFI asserts and the claim limitations it points to as the alleged implementation details makes this case unlike any of those KAIFI cites, in which courts found specific improvements to computing technology.[2] In contrast, the many cases that T-Mobile cited and KAIFI ignores confirm that the claims are abstract.[3]

For example, in a detailed opinion that was summarily affirmed by the Federal Circuit, the *Voip-Pal* court held that the claims were directed to an abstract concept because—just like the 728

---

[2] In each of the cases KAIFI cites, the patent tied the alleged technological improvement explicitly and clearly to implementation details recited in the claims. *E.g.*, *Packet Intelligence LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1309–10 (Fed. Cir. 2020) (specification explained how the recited claim elements produced the technological improvement); *EcoServices, LLC v. Certified Aviation Servs., LLC*, 830 F. App'x 634, 642 (Fed. Cir. 2020) (claims did not "recite the mere desired result of automated jet engine washing, but rather, recite[d] a specific solution for accomplishing that goal"); *Uniloc* 957 F.3d at 1307–09 (structure that provided benefit of decreased latency was recited in the claims); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) (claims recited specific technique outside of expected operation that solved a technological problem); *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (patent "describe[d] how its particular arrangement of elements is a technical improvement"); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016) (same).

[3] KAIFI does not address more than ten of the cases cited in T-Mobile's brief.

claims—they were "worded in such broad, functional terms, so as to describe a desired result . . . without explaining *how* that result is achieved." *Voip-Pal*, 411 F. Supp. 3d at 952 (emphasis in original). There, the claims were directed to "routing IP-based communications . . . between private IP-based networks and external networks" that "use[d] a caller's attributes to evaluate a callee identifier . . . to cause a call to automatically be routed over a system network or another network." *Id.* at 931–32. Their focus was thus strikingly similar to the 728 patent claims, which similarly claim routing data over one network or another (indoor or outdoor) depending on stored information about the terminal (its location indoors or outdoors). Similar to KAIFI, the patentee in *Voip-Pal* argued that the claims were not abstract because of the use of "identifiers" to "automate" connecting to one or another network. *Id.* at 932. The court correctly recognized that this merely amounted to "collecting preexisting information" in a network, however, and concluded that the claims did not provide an "improvement in computer functionality." *Id.* at 953, 959–62; *see also Silver State Intellectual Techs. v. Facebook Inc.*, 314 F. Supp. 3d 1041, 1047 (N.D. Cal. 2018) ("storing and selectively sharing location-based information" is an abstract idea). KAIFI's reliance on conventional network information stored in a conventional network node—paired with an unrelated and abstract functional result—is no different, and likewise fails.

Indeed, KAIFI's attempt to show that the claims are not abstract through bald assertions that the 728 claims "are directed to specific improvements in equipment" is the same tactic routinely attempted by patentees and rejected by courts. Opp. at 19. For example, in *Customedia*, the patentee asserted that its patents "provide[d] for improvements to the operation and functioning of computer systems" by reserving certain memory in a cable set-top box for advertising data. *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020). The court rejected this characterization, finding that the patent's disclosures—just like the 728 patent—

8

provided only "generic speed and efficiency improvements inherent in applying the use of a computer to any task" and were "silent as to any specific structural or inventive improvements in computer functionality." *Id.* The *Customedia* court observed that "[n]ot infrequently, patentees . . . latch on to this language from *Alice* and claim that their claims do 'improve the functioning of the computer itself.'" *Id.* at 1362. That is exactly what KAIFI has done, without basis.

**B.     *Alice* Step Two: The Asserted Claims Do Not Include an Inventive Concept.**

The second step of the *Alice* inquiry focuses on whether any claim limitation discloses an "inventive concept," Br. at 6, 10–11, which must be something beyond "conventional computer and network components operating according to their ordinary functions." *Two-Way Media*, 874 F.3d at 1341. "Since the proving of a negative is historically disfavored, once Defendants make a *prima facie* showing that an inventive concept is absent, it falls upon [the patentee] to show that there is, in fact, an inventive concept actually present." *Voxathon LLC v. Alpine Elecs. of Am., Inc.*, No. 2:15-cv-562-JRG, 2016 WL 260350, at *4 (E.D. Tex. Jan. 21, 2016).

T-Mobile showed with citations to the 728 patent that each component recited in the claims is conventional. *See* Br. 12–22. In response, KAIFI handwaves about the need for additional "evidence," Opp. at 21, but never even argues that any individual component recited in the claims is unconventional. Indeed, KAIFI cites hundreds of pages of the Kelley expert report concerning validity, but does not point to a single paragraph opining that any individual component recited in the claims is unconventional.[4] That is because the 728 patent *itself* shows that the structures recited in the claims are conventional. Where, as here, KAIFI does not "affirmatively argue that any

---

[4] The points for which KAIFI does cite the Kelley expert report are irrelevant, including commercial success and other obviousness or anticipation questions that are immaterial to the 101 inquiry. *See* Opp. at 21–23. Even reciting a new combination does not mean the claims are eligible. *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1315 (Fed. Cir. 2016).

9

individual component is inventive" and "the fact that [the] claim elements are conventional can be discerned from the patent," "no outside evidence is needed." *Voip-Pal*, 411 F. Supp. 3d at 968.[5]

Unable to credibly dispute that the individual components recited in the claims are conventional, KAIFI resorts to arguing that the elements of the asserted claims as an "ordered combination" provide the necessary inventive concept. Opp. at 20–23. But KAIFI offers no explanation of how adding claim elements that merely recite the use of conventional equipment to store conventional information is inventive at all, let alone enough to constitute "significantly more" than a "generic computer implementation," as required. *Alice*, 573 U.S. at 218, 221.

KAIFI's argument that the claims survive Step Two because the "particular arrangement of elements" in the asserted claims constitutes a solution to a "computer specific problem," Opp. at 23–24, fails for the same reasons discussed above with respect to Step One: KAIFI does not identify how the ordered combination allegedly produces the alleged technical advantages. Instead, KAIFI identifies only results-oriented *functions* such as "better communication quality," "an optimal network path," and switching "without communications interruption." *See* Opp. at 24. These results-oriented functions, unconnected to any specific and concrete implementation details recited in the claims, cannot be relied on to hold the claims patent-eligible. *Customedia*, 951 F.3d at 1365; *Voip-Pal*, 411 F. Supp. 3d at 955. Accordingly, the claims are not eligible for patent protection, and T-Mobile respectfully requests that the Court grant the motion.

---

[5] This Court has decided Section 101 motions at the pleadings stage where parties have disagreed on whether claim elements are conventional and/or provide an inventive concept. *See, e.g.*, *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00661-JRG, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018) (Gilstrap, J.); *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00651-JRG, 2018 WL 4927279 (E.D. Tex. Sept. 18, 2018) (Gilstrap, J.). KAIFI's citation to *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016) for the proposition that "common sense" cannot provide evidence is inapt. *Arendi* addressed an obviousness inquiry of no relevance, and the 728 patent provides the necessary evidence here.

DATE:   January 8, 2021

Respectfully submitted,

By: */s/ Josh A. Krevitt*
   Josh A. Krevitt
   New York Bar No. 2568228
   Benjamin Hershkowitz
   New York Bar No. 2600559
   Katherine Q. Dominguez
   New York Bar No. 4741237
   Paul J. Kremer
   New York Bar No. 4900338
   **GIBSON, DUNN & CRUTCHER LLP**
   200 Park Avenue
   New York, New York 10166-0193
   Telephone:  (212) 351-4000
   Facsimile:   (212) 351-4035
   jkrevitt@gibsondunn.com
   bhershkowitz@gibsondunn.com
   kdominguez@gibsondunn.com
   pkremer@gibsondunn.com

   Nathan R. Curtis
   Texas State Bar No. 24078390
   **GIBSON, DUNN & CRUTCHER LLP**
   2001 Ross Avenue
   Dallas, Texas 75201-2923
   Telephone:  (214) 698-3423
   Facsimile:   (214) 571-2961
   ncurtis@gibsondunn.com

   Melissa R. Smith
   Texas State Bar No. 24001351
   **GILLAM & SMITH, LLP**
   303 S. Washington Ave.
   Marshall, TX 75670
   Telephone: (903) 934-8450
   Facsimile:  (903) 934-9257
   melissa@gillamsmithlaw.com

   *Attorneys for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 8th day of January, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith