**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

KAIFI LLC

Plaintiff,

v.

T-MOBILE US, INC. and
T-MOBILE USA, INC.,

Defendants.

Case No. 2:20-cv-281-JRG

**JURY TRIAL DEMANDED**

**PLAINTIFF KAIFI LLC'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 5

IV. GOOD CAUSE EXISTS TO PERMIT KAIFI TO AMEND ITS INFRINGEMENT CONTENTIONS .......... 6

A. KAIFI's Proposed Supplements are Timely .......... 6

1. KAIFI's Proposed First Supplement was Timely .......... 6

2. KAIFI's Proposed Second Supplement was Timely .......... 8

B. KAIFI Is Entitled to Supplement Its Infringement Contentions to Address Questions and Add Non-Public Detail On the Operation of the Accused Instrumentalities .......... 11

C. There is No Prejudice to T-Mobile in Allowing the Proposed Supplements .......... 12

1. T-Mobile is Not Prejudiced by the First Proposed Supplement .......... 13

2. T-Mobile is Not Prejudiced by the Second Proposed Supplement .......... 13

D. The Case is Early and a Continuance is Not Necessary .......... 13

V. CONCLUSION .......... 13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| Exhibit A | Redline of Appendix 1 to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims and Infringement Contentions (Jan. 12, 2021) |
| Exhibit B | Redline of Appendix 1 to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims and Infringement Contentions (Feb. 19, 2021) |
| Exhibit C | KAIFI's Disclosure of Asserted Claims and Infringement Contentions and Appendix 1 thereto (Oct. 30, 2020). |
| Exhibit D | Letter from T-Mobile (N. Curtis) to KAIFI (E. Liang) (Nov. 13, 2020) |
| Exhibit E | Letter from T-Mobile (N. Curtis) to KAIFI (E. Liang) (Nov. 30, 2020) |
| Exhibit F | Letter from T-Mobile (N. Curtis) to KAIFI (C. Bunt) (Dec 18, 2020) |
| Exhibit G | Letter from KAIFI (C. Bunt) to T-Mobile (N. Curtis) (Dec. 7. 2020) |
| Exhibit H | Email correspondence from KAIFI (C. Bunt) to T-Mobile (N Curtis) (Dec. 31, 2020) |
| Exhibit I | Email correspondence between KAIFI (J. Sheasby) and T-Mobile (N. Curtis) (Jan 13, 2021- Feb 23, 2021) |
| Exhibit J | Email Correspondence between KAIFI (J. Sheasby and C. Bunt) and T-Mobile (P. Kremer and M. Smith) (Mar. 1, 2021 and Feb. 22, 2021) |
| Exhibit K | [redacted] |
| Exhibit L | [redacted] |
| Exhibit M | [redacted] |
| Exhibit N | [redacted] |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexsam Inc. v. IDT Corp.*,
No. 2:07-cv-240, 2011 WL 108725 (E.D. Tex. Jan 12, 2011) ............ 5, 8

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
359 F. Supp. 2d 558 (E.D. Tex. 2005) ............ 6, 11

*Harris Corp. v. Huawei Device USA*,
No. 2:18-cv-439, 2019 WL 4247067 (E.D. Tex. Sept. 9, 2019) ............ 5, 11, 13

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015) ............ 5

**Rules**

P.R. 3-1 ............ 1, 5, 6, 11

P.R. 3-6 ............ 1, 5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Pursuant to P.R. 3-6(b), Plaintiff KAIFI LLC ("KAIFI") hereby moves for leave to amend its P.R. 3-1 Infringement Disclosures with the accompanying supplemental Disclosure of Asserted Claims and Infringement Contentions ("Proposed First Supplement" and "Proposed Second Supplement").[1] Exhibit A to the Nguyen Declaration shows a redline of the differences between the original Infringement Contentions and the Proposed First Supplement. Exhibit B to the Nguyen Declaration shows a redline of the differences between the Proposed First Supplement and the Proposed Second Supplement.

## I. INTRODUCTION

KAIFI seeks leave to amend its Infringement Contentions to (1) address questions that were raised by T-Mobile in correspondence (the "Proposed First Supplement"); and (2) provide further descriptions of the operation of the system based on review of T-Mobile's confidential technical document production (the "Proposed Second Supplement"). In meet and confers, T-Mobile declined to provide any explanation for why it is prejudiced by the supplementations, and ignored KAIFI's proposal that T-Mobile may amend its Invalidity Contentions if it believes there has been any material change in KAIFI's infringement position.

In correspondence after KAIFI served its Infringement Contentions on October 30, 2020, T-Mobile sought additional information on (1) KAIFI's identification of the location register and location information; and (2) KAIFI's infringement theory with respect to Over-the-Top ("OTT") services. On December 7 and 31, 2020 KAIFI provided detailed explanations in response to T-Mobile's requests and offered to amend its infringement contentions to include the same explanations. On January 12, 2021, KAIFI supplemented its contentions to reflect the

[1] KAIFI served two proposed supplemental infringement contentions to T-Mobile. The Proposed First Supplement was made before T-Mobile's technical document production. The Proposed Second Supplement was made after KAIFI reviewed T-Mobile's technical document production. KAIFI's Proposed Second Supplement incorporates the Proposed First Supplement.

answers provided in its December communications (the "Proposed First Supplement"). T-Mobile then waited over a month to announce that it would oppose the supplementation (immediately after T-Mobile filed a motion to strike the Infringement Contentions, strongly suggesting that its delay in responding was tactical).

T-Mobile made a confidential technical production on January 15, 2021. On February 19, 2021, KAIFI supplemented its contentions a second time to present additional evidence of infringement based on this technical production and asked T-Mobile if it opposed the supplementation.

KAIFI has good cause for the Proposed Supplements. Each of the four factors identified by this Court – timeliness, importance, prejudice, and availability of a continuance – weigh heavily in KAIFI's favor:

(1) The Proposed Supplemental Contentions address questions asked by T-Mobile and non-public information that was produced after the service of KAIFI's original contentions;

(2) The Proposed Supplements are important because they address assertions by T Mobile that it alleges that it could not understand what was being accused of infringement;

(3) The Proposed Supplements do not present any prejudice to T-Mobile, as evidenced by the fact that T-Mobile could not identify any prejudice during meet and confers, and the supplements were served before the parties exchanged proposed claim constructions;

(4) Any prejudice can be cured by granting T-Mobile the right to serve supplemental invalidity contentions.

## II.    FACTUAL BACKGROUND

KAIFI is the holder of U.S. Patent No. 6,922,728 (the "'728 patent") which enables seamless switching of voice and data communications between Wi-Fi and cellular networks. Complaint ¶ 31.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

On October 30, 2020, KAIFI served Infringement Contentions to T-Mobile. Nguyen Decl. at Ex. C. The contentions make clear that the Accused Instrumentalities are not limited to switching of calls between Wi-Fi and cellular networks, but including switching of all communications including both data and voice:

> The Accused Instrumentalities include configurations for implementing T-Mobile's voice/data communications network connecting and roaming system and service, including but not limited to T-Mobile's Wi-Fi Calling and IP multimedia services, for example T-Mobile's Wi Fi Calling; T-Home Internet (including its LTE and 5G networks); T-Mobile Wi-Fi Services (including Wi-Fi hotspots); T-Vision; Binge On; Music Freedom; and any and all "over the top" media streaming services and IP Multimedia Subsystem services. *Id*. at p. 2-3.

In November 2020, T-Mobile sent correspondence regarding the Infringement Contentions asking specific questions about the location register and what T-Mobile refers to as its over the top "OTT" functionality. Nguyen Decl. at Exs. D, E, and F. Shortly thereafter, lead counsel for KAIFI, who was responsible for the technical aspects of the case, passed away unexpectedly and new counsel had to become familiar with the technology. Nguyen Decl. at ¶ 5.

On December 7, 2021 and December 31, 2021, KAIFI provided detailed responses to T-Mobile's questions and offered to supplement its infringement contentions to reflect this information. Nguyen Decl. at Exs. G and H. KAIFI also made clear that it would require access to source code to provide additional detail that T-Mobile was seeking. *Id.*

On January 12, 2021, after a live meet and confer, KAIFI served the Proposed First Supplement. Nguyen Decl. at Ex. A. KAIFI asked T-Mobile if it would consent to the Proposed First Supplement. Nguyen Decl. at Ex. I, p. 5.

On February 2, 2021, T-Mobile responded alleging that the Proposed First Supplement expanded KAIFI's theories and was not responsive to T-Mobile's questions. Nguyen Decl. at Ex. I, p.3. KAIFI then explained that "At no point in time did we ever[] take the position that the

location register must be a single unitary physical object nor did we take the position that the UE could not hold location information" but offered T-Mobile an opportunity to amend its Invalidity Contentions if it actually believed there had been a change. *Id*. KAIFI also asked T-Mobile to identify any prejudice associated with the supplement. *Id*.

On February 18, 2021, T-Mobile filed a motion to strike KAIFI's Infringement Contentions, claiming that its OTT functionality operates in a way that is different in relevant part from its Wi-Fi calling functionality. (Dkt. No. 90).

On February 19, 2021, T-Mobile finally stated it would oppose a motion to amend the Infringement Contentions to reflect the Proposed First Supplement, and continued to refuse to provide any explanation for why there was any prejudice. Nguyen Decl. at Ex. I, p. 1. In response, KAIFI explained that the Proposed First Supplement is justified because it was made in response to questions and request for additional detail from T-Mobile. *Id*.

On January 15, 2021, T-Mobile produced 1,008 documents (18,689) pages of technical documents. Nguyen Decl. at ¶ 14. T-Mobile, however, has refused to this date to produce any source code.

On February 19, 2021, KAIFI served the Proposed Second Supplement. Nguyen Decl. at Ex. B.[2] The supplement provided additional explanation as to how the Accused Instrumentalities operate based on the non-public confidential information in the production. *See Id*. at p. 9-13 and 124-192. KAIFI asked T-Mobile to consent to this second amendment. Nguyen Decl. at Ex. J, p. 6.

---

[2] The Proposed Second Supplement represents KAIFI's best efforts at this time given T-Mobile's deficient technical document production, failure to meaningfully respond to interrogatories, and refusal to produce source code. KAIFI requires access to additional technical documents that provide greater detail and/or source code.

On March 1, 2021, after repeated requests from KAIFI to state its position, T-Mobile again attempted to delay the filing of this motion, announcing that the Second Proposed Supplement "add[ed] even more additional theories" but that it needed to "meet and confer" before it could take a position. Nguyen Decl. at Ex. J, p. 4. When a live meet and confer occurred, T-Mobile's representative who sent this communication claimed that he had not even read the Second Proposed Supplement. *Id*. T-Mobile's representative committed, however, to providing a definitive answer by the end of the day so that this motion could be filed, only to email KAIFI at 4:00PM CT with the opaque statement that "they would be prepared to meet and confer at time convenient for the necessary parties." *Id.* at p. 3. KAIFI then sent T-Mobile a draft of this motion and asked them to respond by 10:00PM CT. *Id.* at p. 2.

## III. LEGAL STANDARD

The purpose of infringement contentions under P.R. 3-1 is to put the infringer on reasonable notice of plaintiff's infringement theories. *Harris Corp. v. Huawei Device USA,* No. 2:18-cv-439, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 9, 2019). The local rules do not envision that the parties are required to litigate the case on its contentions. *Id*. "It is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id*.

Under P.R.3-6(b), leave to amend or supplement may be granted "upon a showing of good cause." The court has identified four factors for good cause: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *quoting Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-240, 2011 WL 108725, at *1 (E.D. Tex. Jan 12, 2011).

## IV. GOOD CAUSE EXISTS TO PERMIT KAIFI TO AMEND ITS INFRINGEMENT CONTENTIONS

### A. KAIFI's Proposed Supplements are Timely

KAIFI has complied with its obligations under P.R. 3-1. KAIFI timely served its Infringement Contentions on October 30, 2020. The contentions were based on publicly available information and provided T-Mobile with notice of KAIFI's infringement positions. KAIFI diligently prepared its original Infringement Contentions "to the best of its current ability" without the benefit of T-Mobile's technical document production. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005)("[T]here are times when plaintiffs' preparation is restricted by the defendants' sole possession of the information plaintiff needs" and plaintiffs are only required to provide contentions under P.R. 3-1(c) "to the best of its current ability."). The fact that T-Mobile waited to move to strike KAIFI's original Infringement Contentions until almost four months after their service, and after it had provided its Invalidity Contentions, strongly suggests that KAIFI's original contentions were sufficient. The motion to strike is nothing more than a surreptitious motion for partial summary judgment that its OTT functionality does not infringe.

#### 1. KAIFI's Proposed First Supplement was Timely

On December 7 and December 31, 2020, KAIFI provided a detailed response to T-Mobile's questions regarding KAIFI's Infringement Contentions. Nguyen Decl. at Exs. G and H. On January 12, 2021, KAIFI served its Proposed First Supplement reflecting this same information. Nguyen Decl. at A. The Proposed First Supplement was drafted to address T-Mobile's questions regarding KAIFI's identification of the location register and storage of location information. In its Proposed First Supplement KAIFI explained that the "location

register can be distributed across components in the system" and identified examples of T-Mobile system components that store location information. *Id.* at p. 16.

This characterization of the location register in the Proposed First Supplement reflects the position consistently taken by KAIFI in its December 7 and 31, 2020 letters to T-Mobile. On December 7, 2020, KAIFI responded to T-Mobile's questions about storage of location information to a location register that "T-Mobile maintains an HSS, AAA Server, or GMLC, or a substantially equivalent structure. The nine pieces of [location] information you identify will be stored in one or more of these structures or their substantial equivalent." Nguyen Decl. at Ex G, p.1. On December 31, KAIFI again stated "The location register is the location at which location information is stored. The information can be stored in the HHS, AAA, and/or the GMLC or its equivalent depending on how T-Mobile implements its design in source code." Nguyen Decl. at Ex. H, p.2.

KAIFI also explained that its infringement contentions did not depend on the distinction T-Mobile was drawing between OTT services (such as Netflix) and Wi-Fi calling. T-Mobile argues that OTT is different in a material manner because when T-Mobile devices are using the Wi-Fi network, the data packets for OTT allegedly do not pass-through T-Mobile's core network. Nguyen Decl. at Ex. D and F. However, KAIFI explained that the same data packets are used for T-Mobile's own applications and third-party applications (OTT services). Nguyen Decl. at Ex. G. Therefore, "[i]n all cases the identical data packet, based on T-Mobile's network infrastructure, is routed through the LTE network or Wi-Fi network with seamless switching." *Id.*at p. 2. KAIFI also explained that there is no requirement in the claims that Wi-Fi network data packets pass through the core network:

> [B]ased on public information the PDN GW is the router required by the claims and performs the functions required by the claims for a router. The fact that the PDN GW or its equivalent may interact with other elements depending on the application, such as the polices implemented on T-Mobile UEs does not change this fact. PDN GW or its equivalent is still a router in instances in which packets do not pass through the EPC when carried on a Wi Fi network. Nguyen Decl. at Ex. H, p. 1.

KAIFI's Proposed First Supplement made clear its position on infringement:

> For example, a policy on the user device may work in concert with the router to transition packets sent or received from the outdoor network to an indoor network or vice versa. In T-Mobile's system, there is no requirement that a packet pass through the PDN-GW for the PDN-GW to be the claimed router. Nguyen Decl. at Ex. A, p. 21.

KAIFI also repeatedly made clear that if T-Mobile had specific technical information showing that its OTT functionality operated differently in relevant part it should immediately provide this information. Nguyen Decl. at Ex. G and H. T-Mobile ignored the request.

### 2. <u>KAIFI's Proposed Second Supplement was Timely</u>

KAIFI's Proposed Second Supplement was based on T-Mobile's technical document production. On January 15, 2021, T-Mobile made an incomplete and deficient production of technical documents consisting of 1,008 documents (18,689 pages). Nguyen Decl. at ¶ 14.

On February 19, 2021, KAIFI once again supplemented to provide additional confidential information regarding the operation of the Accused Instrumentalities based on its review of T-Mobile's confidential technical documents which were not available to KAIFI at the time of the court's deadline for the serving infringement contentions. *See Alexsam Inc. v. IDT Corp.*, 2011 WL 108725 at *1 (Plaintiff may amend infringement contentions to include documents produced over a year prior to proposed amendments). The Proposed Second Supplement is important because there is not public information on the operation of T-Mobile PDN GW. [redacted]

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

None of this information was publicly available. Supplementing infringement contentions to describe non-public information about the operation of accused instrumentalities

10

is good cause. *See Harris*, 2019 WL 4247067 at *1 and *3 (granting plaintiff leave to amend its infringement contentions to reflect information discovered two months prior).

### B. KAIFI Is Entitled to Supplement Its Infringement Contentions to Address Questions and Add Non-Public Detail On the Operation of the Accused Instrumentalities

T Mobile received the infringement contentions at the end of October 2020. It asked questions where it thought there was ambiguity and KAIFI provided additional detail voluntarily. All of this occurred extremely early in the case and months before the start of claim construction. Denying the First Proposed Supplement would encourage parties not to meet and confer and voluntarily address questions.

Moreover, as to the Second Proposed Supplement, there exists only limited public information regarding the operation of T-Mobile's Wi-Fi switching systems. KAIFI should not be penalized for its inability to access the information necessary to make its case prior to review of source code. *See Am. Video Graphics*, 359 F. Supp. 2d at 560–61 (Holding that Plaintiffs need only to provide contentions "to the best of [their] current ability" because "[s]oftware cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes."). This Court's Discovery Order reaches the same conclusion: "If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party." (Dkt. No. 72 at p. 2-3).

T-Mobile has refused to provide any source code related to its switching systems, demanding instead that KAIFI subpoena its third-party suppliers such as [REDACTED] The absence of a voluntary source code production means that KAIFI will have to go through a laborious process

of seeking out each vendor, asking them for technical information on the products they provide to T-Mobile, and then making a justification for the production of source code on a serial basis. An example will suffice:

- [REDACTED].
- [REDACTED]
- [REDACTED]
- [REDACTED]

The decision to make the production of technical information difficult and time-consuming means that this is case in which additional supplementation is going to be important.

**C. There is No Prejudice to T-Mobile in Allowing the Proposed Supplements**

T-Mobile declined to identify any prejudice associated with the supplementation. The Proposed Supplements were served early in the case and KAIFI offered to allow T-Mobile to amend its invalidity contentions if it believes this step is necessary. Any potential prejudice,

which KAIFI asserts there is none, can be easily cured. The supplements were served before the parties exchanged claim construction proposals, the *Markman* hearing has not occurred, discovery has just started, and the deadline for disclosing experts has not passed. *See Harris*, 2019 WL 4247067 at *3 (No prejudice to defendant where *Markman* had not occurred, fact discovery had not yet been completed, and the deadline for expert disclosures had not passed).

#### 1. <u>T-Mobile is Not Prejudiced by the First Proposed Supplement</u>

On December 7, 2020 T-Mobile was aware of the information that KAIFI would include in its Proposed First Supplement. T-Mobile then waited nearly a month after the supplement (February 2, 2021) to claim that the explanations altered the infringement theories in the case. Nguyen Decl. at I. KAIFI asked T-Mobile to identify what prejudice it would face and even offered to grant T-Mobile leave to amend its Invalidity Contentions in response to the First Supplement. *Id*. at p. 2. T-Mobile refused to identify any prejudice.

#### 2. <u>T-Mobile is Not Prejudiced by the Second Proposed Supplement</u>

T-Mobile has not identified any prejudice associated with the Second Proposed Supplement, which provides additional description of the operation of the Accused Instrumentalities based on confidential information recently produced by T-Mobile.

### D. The Case is Early and a Continuance is Not Necessary

Fact discovery does not close until July 9, 2021 (Dkt. No. 73), the expert disclosure deadline is July 19, 2021 (Dkt. No. 73), and *Markman* is set for August 11, 2021 (Jan. 20, 2021 Status Conf.). Accordingly, any prejudice can be cured by granting T-Mobile the right to amend its Invalidity Contentions.

## V. <u>CONCLUSION</u>

For the forgoing reasons, Plaintiff KAIFI respectfully requests that the Court grant it leave to amend its infringement contentions with the Proposed Second Supplement.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Date: March 1, 2021

Respectfully submitted,

/s/Michael J. Song (with permission by Robert C. Bunt)

Michael J. Song
Cal. Bar No. 243675 (admitted in E.D. Texas)
Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: enoch.liang@ltlattorneys.com
Email: michael.song@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on March 1, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Robert Christopher Bunt*

Robert Christopher Bunt

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), lead and local counsel for Plaintiff, Mike Song and Chris Bunt, met and conferred telephonically with lead counsel for Defendants, Josh Krevitt and Tom Gorham, on January 7, 2021. Counsel for KAIFI, Jason Sheasby, and counsel for T-Mobile, Paul Kremer, also discussed this motion on March 1, 2021. No agreement could be reached.

*/s/ Robert Christopher Bunt*

Robert Christopher Bunt

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 80).

*/s/ Robert Christopher Bunt*

Robert Christopher Bunt