**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC<br><br>    Plaintiff,<br><br> v.<br><br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>    Defendants. | Case No. 2:20-cv-281-JRG<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF DAT NGUYEN IN SUPPORT OF KAIFI'S MOTION FOR LEAVE
TO AMEND INFRINGEMENT CONTENTIONS**

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

I, Dat Nguyen, hereby declare the following:

1. I am a member in good standing of the Bar of the State of California and an associate at the law firm LTL Attorneys, LLP, counsel for Plaintiff KAIFI LLC ("KAIFI"). I submit this declaration in support of KAIFI's Motion for Leave to Amend Infringement Contentions (the "Motion") in the above captioned litigation (the "Litigation"). I have personal knowledge of the facts set forth herein, and if called as witness, I could and would testify competently hereto.

2. Attached as **Exhibit A** is a true and correct copy of redlines highlighting the proposed changes to Appendix 1 to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims and Infringement Contentions, served on January 12, 2021.

3. Attached as **Exhibit B** is a true and correct copy of redlines highlighting the proposed changes to Appendix 1 to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims and Infringement Contentions, served on February 19, 2021.

4. Attached as **Exhibit C** is at true and correct copy of KAIFI's P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and Appendix 1 thereto, served on October 30, 2020.

5. On November 17, 2020 lead counsel for KAIFI, Vincent Pollmeier, who was responsible for the technical aspects of the case, passed away due to sudden cardiac arrest.

6. Attached as **Exhibit D** is a true and correct copy of a letter from Nathan Curtis to Enoch Liang, dated November 13, 2020.

7. Attached as **Exhibit E** is a true and correct copy of a letter from Nathan Curtis to Enoch Liang, dated November 30, 2020.

8. Attached as **Exhibit F** is a true and correct copy of a letter from Nathan Curtis to Chris 7 Bunt, dated December 18, 2020.

9. Attached as **Exhibit G** is a true and correct copy of a letter from Chris Bunt to Nathan Curtis, dated December 7, 2020.

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

     10.     Attached as **Exhibit H** is a true and correct copy of email correspondence from Chris Bunt to Nathan Curtis, dated December 31, 2020.

     11.     On January 7, 2021, I attended a meet and confer between KAIFI's and T-Mobile's lead counsel, Michael J. Song and Josh Krevitt. At the meet and confer the parties discussed T-Mobile's complaints regarding KAIFI's contentions with respect to OTT services, among other issues. KAIFI explained its Infringement Contentions were based on its current understanding of T-Mobile's Wi-Fi Calling and OTT services. T-Mobile explained that its OTT services do not operate like Wi-Fi Calling. T-Mobile did not provide any technical documents or evidence to support its explanation. KAIFI stated it would need access to T-Mobile's technical documents and source code to confirm T-Mobile's characterization of its OTT services. KAIFI agreed to supplement the Infringement Contentions to (1) clarify its infringement positions and address T-Mobile's questions regarding the location register; and (2) address the OTT issue after it had an opportunity to review T-Mobile's technical documents to confirm T-Mobile's characterization of how its OTT services work.

     12.     Attached as **Exhibit I** is a true and correct copy of email correspondence between KAIFI (Jason Sheasby) and T-Mobile (Nathan Curtis) discussing the Proposed First Supplement between January 12, 2021 and February 23, 2021.

     13.     Attached as **Exhibit J** is a true and correct copy of the email correspondence between KAIFI (Jason Sheasby and Chris Bunt) and T-Mobile (Paul Kremer and Melissa Smith) seeking T-Mobile's consent to the Proposed Second Supplement between February 22, 2021 and March 1, 2021.

     14.     On January 15, 2021, T-Mobile produced 1,008 documents (18,689 pages) of technical documents in black and white. I reviewed T-Mobile's technical document production. From my review of the documents, I concluded that the production contained numerous deficiencies. For example, the production contained only a few documents related to OTT and those documents only provide a high-level summary of T-Mobile's OTT services. To fully understand how T-Mobile's OTT services work as it relates to infringement, KAIFI requires

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

detailed documents regarding how T-Mobile's OTT services handle switching between cellular and Wi-Fi networks and/or source code.

15. Attached as **Exhibit K** is ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████

16. Attached as **Exhibit L** is ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████

17. Attached as **Exhibit M** is ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████████████████████

18. Attached as **Exhibit N** is ███████████████████████████████
███████████████████████████████████████████████████████████████
███

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 1, 2021 in Los Angeles, California.

*s/ Dat Nguyen*_____
Dat Nguyen