# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# Exhibit F

to the Declaration of Dat Nguyen in Support of KAIFI's Motion for Leave to Amend Infringement Contentions

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2001 Ross Avenue
Dallas, TX 75201-2911
Tel 214.698.3100
www.gibsondunn.com

Nathan R. Curtis
Direct: +1 214.698.3423
Fax: +1 214.571.2961
NCurtis@gibsondunn.com

December 18, 2020

VIA ELECTRONIC MAIL

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Suite 418
Tyler, Texas 75702
(903) 531-3535
rcbunt@pbatyler.com

Re:   *KAIFI LLC v. T-Mobile US, Inc. et al.*, Case No. 2:20-cv-281 (E.D. Tex.)

Dear Mr. Bunt:

I write in response to your December 7, 2020 letter regarding KAIFI's infringement contentions.

### A.   KAIFI Has No Basis to Accuse Over-the-Top and Other Non-Wi-Fi Calling Services of Infringement

KAIFI does not have a good faith basis to accuse OTT and other non-Wi-Fi Calling services of infringement.  That is clear from KAIFI's failure to provide any charts for these services or to articulate an infringement theory in any way, and is confirmed by your December 7, 2020 letter.  In fact, as your letter shows, KAIFI has no evidence whatsoever that OTT services operate in an infringing manner, let alone that they operate in the same way as the accused Wi-Fi Calling services.  To the contrary, KAIFI is well aware of the fact that OTT services operate differently from Wi-Fi Calling services, and has been on notice since well before this case was filed.  *See* 11/13/2020 Curtis Ltr. at 4–5.  Despite knowing that the two services operate in fundamentally different ways, however, KAIFI has made no attempt in its infringement contentions to show how OTT and other non-Wi-Fi-Calling services allegedly infringe.  KAIFI's reliance on an allegation for which it has no basis and, in fact, knows is not true, is highly inappropriate.  Consistent with its (and its lawyers') obligations under the rules, KAIFI must withdraw its allegations against OTT and other non-Wi-Fi-Calling services immediately.

KAIFI's attempt to excuse its baseless allegations by contending it needs "access to technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code" (12/7/2020 Bunt Ltr. at 2) before articulating a basis to accuse OTT and other non-Wi-Fi-Calling services runs afoul of the Local Patent Rules.  Under these rules, a party's infringement

**GIBSON DUNN**

Robert Christopher Bunt
December 18, 2020
Page 2

contentions must be served prior to the production of source code and technical documents, and are "deemed to be that party's final contentions," unless permitted to amend under the rules or a court order. *See* P.R. 3-1, 3-6.

KAIFI's effort to excuse its failure to provide a basis for its contentions regarding OTT services is particularly specious given that KAIFI already knows that OTT services neither operate like Wi-Fi Calling nor infringe. Thus, KAIFI does not need additional technical documentation to know that there is no good faith basis to allege that OTT services infringe any claim of the asserted patent. As KAIFI is aware—at least because the issue was briefed on summary judgment in the *AT&T* matter—the Wi-Fi data path for OTT services does not enter a wireless carrier's core network at all; instead, the data is passed to a user's home Wi-Fi access point directly from an Internet service provider. *See KAIFI LLC v. AT&T Inc.*, No. 2:19-cv-00138-JRG, Dkt. 197 at 7–8 (E.D. Tex. June 18, 2020); 11/13/2020 Curtis Ltr. at 4–5. KAIFI thus has no basis to continue alleging that T-Mobile infringes when subscribers use these third-party OTT services. *See* Fed. R. Civ. P. 11(b).

Your responses with respect to the other non-Wi-Fi Calling services—T-Home Internet, T-Mobile Wi-Fi Services, T-Vision, Binge On, and Music Freedom—are similarly unsatisfactory. As explained in our November 13, 2020 letter, these services have *nothing* to do with switching between an LTE network and a Wi-Fi network. *See* 11/13/2020 Curtis Ltr. at 5–6. KAIFI thus has no basis to accuse these services of infringement either.

**B.    KAIFI's Allegations Against Wi-Fi Calling Are Deficient**

Your letter also fails to cure the deficiencies in KAIFI's infringement allegations against Wi-Fi Calling. Your assertion that KAIFI needs to inspect source code and other technical documentation is wrong.[1] KAIFI alleges that T-Mobile's Wi-Fi Calling is based on 3GPP standards (*see, e.g.*, Inf. Cont., App'x 1 at 17–19), yet KAIFI's infringement contentions do not provide adequate notice of how KAIFI contends those standards relate to the asserted claim language. Rather, KAIFI's claim chart with respect to Wi-Fi Calling makes it "impossible . . . to determine the theory of infringement with any certainty." *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00042, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017). KAIFI must, at a minimum, supplement its infringement allegations against Wi-Fi Calling with respect to the following elements:

---

[1] Courts in this District reject efforts—such as KAIFI's—to provide limited detail in infringement contentions while waiting for access to source code and other technical documents. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 712 (E.D. Tex. 2008). Additionally, T-Mobile does not have possession, custody, or control of the source code for the components in T-Mobile's network accused with respect to Wi-Fi Calling.

**GIBSON DUNN**

Robert Christopher Bunt
December 18, 2020
Page 3

***"a location register that stores location information of the data communication terminal"* (claim 1)**.  T-Mobile is not asking for "additional evidence of infringement."  12/7/2020 Bunt Ltr. at 1.  The claims require as a single limitation "a location register that stores location information of the data communication terminal."  Your letter admits that the contentions allege that one of nine pieces of information "will be stored in one or more of" an HSS, AAA Server, or GMLC.  *Id.*  This does not put T-Mobile on sufficient notice of KAIFI's infringement theories.

***"a router that determines the location of the data communication terminal stored in the location register"* (claim 1)**.  Your statement that the PDN GW "uses location information, for example, the information in the HSS, to determine the location of the user's mobile device" does not inform T-Mobile of what specific information is allegedly used to determine the location of the user's mobile device.  12/7/2020 Bunt Ltr. at 2.  The deficiency prejudices T-Mobile's ability to prepare its case with respect to this element.

***"a second step of determining . . . the received indoor system ID information is identical to indoor system ID information stored in the location register"* (claim 12)**.  Your response on this limitation is circular.  You state that "[t]he place of store of the SSID on the Wi-Fi network is a location register."  12/7/2020 Bunt Ltr. at 2.  This does not answer the question of *which* specific element is alleged to be a location register *and* stores the SSID of the Wi-Fi network.  KAIFI's infringement contentions are based largely on 3GPP standards, but never point to *anything* in the 3GPP standards or otherwise that stores an SSID for Wi-Fi Calling.

***"storing the indoor location"* and *"storing the outdoor location"* (claim 12)**.  Your letter does not provide any response on KAIFI's failures with respect to alleging infringement of these limitations.  KAIFI's infringement contentions do not clearly identify what information elements KAIFI contends are the "indoor location" and "outdoor location," or what alleged "location register" those information elements are stored in.

\*     \*     \*

Please confirm by December 21, 2020, that KAIFI will withdraw its infringement allegations against OTT and other non-Wi-Fi-Calling services and will supplement its contentions against Wi-Fi Calling, or provide a time when both lead and local counsel are available to meet and confer so that T-Mobile can raise this with the Court.

Sincerely,

Nathan R. Curtis