**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| 1. "indoor network" (all asserted claims) | "a network that broadcasts system ID information able to be received within an interior of a structure."<br><br>**Evidence:**<br>See AT&T Case, Dkt. No. 104 at p. 18.[3]<br>See, e.g., '728 Patent, at Abstract, 1:1–43, 1:46–54, 2:27–41, 2:52–3:8, 3:22–46, 3:52–4:22, 4:64–5:65, 6:6–6:28, 8:39–42, 8:66–9:53, 10:57–11:6, 11:55–58, 12:6–45, 13:4–19, 14:37–67, Figures, Claims.<br>See, e.g., NEWTON'S TELECOM DICT. (24th ed. 2008), at 67, 1017; DICT. OF COMPUT. & INTERNET TERMS (10th ed. Downing 2009), at 328; MICROSOFT COMPUT. DICT. (5th ed. 2002), at 362.<br>See, e.g., Declaration of Brian T. Kelley, Ph.D. at ¶¶ 66-84, Exs. 8-25.[4]<br>KAIFI may rely upon the testimony of one or more of its expert witness, including Thomas L. Blackburn, and/or the inventor, Professor Dong-Ho Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by | Plain and ordinary meaning.<br><br>**Evidence:**<br>See, e.g., '728 Patent at 1:58–67; 2:1–8; 2:17–25; 2:34–51; 6:6–15; 8:32–43; 9:40–53; 11:56–56; 12:38–44; 13:4–19; 14:25–67; Figures; Claims.<br>Expert testimony from Peter Rysavy provided to support T-Mobile's proposed construction using intrinsic and/or extrinsic evidence and based on the understanding of a person having ordinary skill in the art. See Declaration of Peter Rysavy (Mar. 15, 2021). |

---

[1] KAIFI reserves the right to rely upon the intrinsic and extrinsic evidence identified by either party, including testimony of experts or the named inventor.

[2] For all the claim terms and phrases herein, T-Mobile reserves the right to rely upon the intrinsic and extrinsic evidence identified by Plaintiff, as well as testimony from Plaintiff's expert or the named inventor, including through deposition. Additionally, any references to figures includes the accompanying text.

[3] Citations to the "AT&T Case" refer to *KAIFI, LLC v. AT&T, Inc., et al.*; Case No. 2:19-cv-00138-JRG (Eastern District of Texas).

[4] Citations to the "Declaration of Brian T. Kelley, Ph.D." refer to AT&T Case, Dkt. No. 62-10 to 62-63.

**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| | those of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim construction proposals or positions or that of Defendants' expert(s) and/or witnesses. | |
| 2. "location register that stores location information of the data communication terminal received through the indoor network or outdoor wireless internet network" (claim 1) | "location register" should be construed as "register that records the location of the data communication terminal." The remainder of this term has a plain and ordinary meaning to a person of ordinary skill in the art, and does not require construction.<br><br>**Evidence:**<br>See AT&T case Dkt. No. 104 at p. 42.<br>See, e.g., '728 Patent, at Abstract, 1:1–67, 2:18–26, 2:41–51, 3:5–4:24, 4:64–5:12, 5:66–6:33, 6:34–53, 7:27–8:6, 8:31–42, 9:13–15, 10:9–16, 10:44–52, 11:48–50, 12:6–12, 12:66–13:3, 13:31–36, 13:51–52, 14:8–67, Figures, Claims.<br>See, e.g., Declaration of Brian T. Kelley, Ph.D. at ¶¶ 183-204, Exs. 15, 18, 37-40, 46.<br>KAIFI may rely upon the testimony of one or more of its expert witness, including Thomas L. Blackburn, and/or the inventor, Professor Dong-Ho Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by those of ordinary skill in the art at the time of the invention, the proper construction of various claim | "location register external to the data communication terminal that stores location information of the data communication terminal received through the indoor network or outdoor wireless internet network"<br><br>**Evidence:**<br>See, e.g., '728 Patent at 3:9–47; 3:52–4:22; 6:23–65; 7:27–8:13; 8:32–43; 9:13–10:52; 11:30–54; 12:6–12; 12:66–13:7; 13:31–54; 14:8–32; Figures; Claims.<br>A. Mehrotra, GSM System Engineering at 25, 54–55 (1997).<br>R. Steele et al., GSM, cdmaOne and 3G Systems at 54–61, 74, 424–25 (2001).<br>Definition of "home location register" in Newton's Telecom Dictionary, 16th ed. (2000).<br>Expert testimony from Peter Rysavy provided to support T-Mobile's proposed construction using intrinsic and/or extrinsic evidence and based on the understanding of a person having ordinary skill in |

**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| | terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim construction proposals or positions or that of Defendants' expert(s) and/or witnesses. | the art. *See* Declaration of Peter Rysavy (Mar. 15, 2021). |
| 3. "registered indoor system ID information" (claims 1-3, 5-7, 9-11) | "indoor system ID information for which the data communication terminal has been granted access"<br><br>**Evidence:**<br>*See* AT&T Case, Dkt. No. 104 at p. 7.<br>*See, e.g.*, '728 Patent, at Abstract, 1:1–67, 2:18–26, 2:41–51, 3:5–4:24, 4:64–5:12, 5:66–6:15, 6:29–8:26, 8:46–12:45, 12:46–13:15, 13:41–14:48, 14:56–67, Figures, Claims.<br>*See, e.g.*, Rigdon, DICT. OF COMPUT. & INTERNET TERMS (2016).<br>*See, e.g.*, Declaration of Brian T. Kelley, Ph.D. at ¶¶ 122-141, Exs. 12,30-33.<br>KAIFI may rely upon the testimony of one or more of its expert witness, including Thomas L. Blackburn, and/or the inventor, Professor Dong-Ho Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by those of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim | No additional construction needed beyond construction of "indoor system ID information."<br><br>**Evidence:**<br>*See, e.g.*, '728 Patent at Abstract; 3:17–46; 3:52–4:24; 8:47–9:20; 9:40–53; 10:1–13; 10:26–31; 11:23–50; 12:56–13:15; 14:8–13; 14:26–32; Figures; Claims.<br>Expert testimony from Peter Rysavy provided to support T-Mobile's proposed construction using intrinsic and/or extrinsic evidence and based on the understanding of a person having ordinary skill in the art. *See* Declaration of Peter Rysavy (Mar. 15, 2021). |

**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| | construction proposals or positions or that of Defendants' expert(s) and/or witnesses. | |
| 4. "location information of the data communication terminal received through the indoor network" (claim 1) | "location information" should be construed as "information on a locational area or indoor system ID information or both." The remainder of this term has a plain and ordinary meaning to a person of ordinary skill in the art, and does not require construction.<br><br>**Evidence:**<br>See AT&T Case, Dkt. No. 104 at p. 36.<br>See, e.g., '728 Patent, at Abstract, 1:1–3:8, 3:9–4:24, 4:59–7:26, 7:27–42, 7:43–9:15, 9:16–20, 9:21–14:67, Figures, Claims.<br>See, e.g., WEBSTER'S NEW WORLD COLLEGE DICT. (5th ed. 2014), at 747, 855.<br>See, e.g., Declaration of Brian T. Kelley, Ph.D. at ¶¶ 205-212.<br>KAIFI may rely upon the testimony of one or more of its expert witness, including Thomas L. Blackburn, and/or the inventor, Professor Dong-Ho Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by those of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim | "indoor system ID information"<br><br>**Evidence:**<br>See, e.g., '728 Patent at Abstract; 3:9–4:24; 7:27–43; 8:47–9:20; 9:17-14:67; 9:40–52; 10:1–13; 10:26–31; 11:23–50; 12:59–13:15; 14:8–13; 14:26–32; Figures; Claims.<br>Expert testimony from Peter Rysavy provided to support T-Mobile's proposed construction using intrinsic and/or extrinsic evidence and based on the understanding of a person having ordinary skill in the art. See Declaration of Peter Rysavy (Mar. 15, 2021). |

**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| | construction proposals or positions or that of Defendants' expert(s) and/or witnesses. | |
| 5. "location information of the data communication terminal received through … the outdoor wireless internet network" (claim 1) | "location information" should be construed as "information on a locational area or indoor system ID information or both." The remainder of this term has a plain and ordinary meaning to a person of ordinary skill in the art, and does not require construction.<br><br>**Evidence:**<br>*See* AT&T Case, Dkt. No. 104 at p. 36.<br>*See, e.g.*, '728 Patent, at Abstract, 1:1–3:8, 3:9–4:24, 4:59–7:26, 7:27–42, 7:43–9:15, 9:16–20, 9:21–14:67, Figures, Claims.<br>*See, e.g.*, WEBSTER'S NEW WORLD COLLEGE DICT. (5th ed. 2014), at 747, 855.<br>*See, e.g.*, Declaration of Brian T. Kelley, Ph.D. at ¶¶ 205-212.<br>KAIFI may rely on the testimony of one or more of its expert witnesses, including Thomas L. Blackburn, and/or the inventor, Prof. Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by those of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim construction | "locational area"<br><br>**Evidence:**<br>*See, e.g.*, '728 Patent at Abstract; 3:9–4:24; 7:27–43; 8:47–9:20; 9:17-14:67; 9:40–52; 10:1–13; 10:26–31; 11:23–50; 12:59–13:15; 14:8–13; 14:26–32; Figures; Claims.<br>Expert testimony from Peter Rysavy provided to support T-Mobile's proposed construction using intrinsic and/or extrinsic evidence and based on the understanding of a person having ordinary skill in the art. *See* Declaration of Peter Rysavy (Mar. 15, 2021). |

**P.R. 4-3 – Joint Claim Construction and Prehearing Statement**
**Appendix 1**

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| | proposals or positions or that of Defendants' expert(s) and/or witnesses | |
| 6. "a fourth step of connecting with the internet network by switching connection of the data communication terminal from the outdoor wireless internet network to the indoor gateway and making wireless communications through the indoor gateway and an indoor wireless connection module" (claim 12) | Does not require construction.<br><br>**Evidence:**<br>See AT&T Case, Dkt. No. 104 at p. 57.<br>See, e.g., '728 Patent, at Abstract, 1:8–3:51, 3:52–4:22, 4:23–8:26, 8:27–12:44, 12:66–14:67, Figures, Claims.<br>See, e.g., Declaration of Brian T. Kelley, Ph.D. at ¶¶ 269-279, Ex. 32.<br>KAIFI may rely on the testimony of one or more of its expert witnesses, including Thomas L. Blackburn, and/or the inventor, Prof. Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim terms as they would be understood by those of ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also rely on its experts and/or Prof. Cho to respond to Defendants' claim construction proposals or positions or that of Defendants' expert(s) and/or witnesses. | The fourth step is required to occur after and not before the third step; otherwise, plain and ordinary meaning applies.<br><br>**Evidence:**<br>See, e.g., '728 Patent at 9:47–52; 10:1–31; 11:7–15; 11:34–63; 12:66–13:25; 13:41–60; 14:8–32; Figures; Claims. |
| 7. "a seventh step of switching the connection of the data communication terminal from the | Does not require construction.<br><br>**Evidence:**<br>See AT&T Case, Dkt. No. 104 at p. 60. | The seventh step is required to occur after and not before the sixth step; otherwise, plain and ordinary meaning applies. |

P.R. 4-3 – Joint Claim Construction and Prehearing Statement
Appendix 1

| Term/Phrase | Plaintiff's Proposed Construction / Evidence[1] | Defendants' Proposed Construction / Evidence[2] |
|---|---|---|
| "indoor gateway to the outdoor wireless internet network and performing the first step again" (claim 12) | *See, e.g.*, '728 Patent, at 1:8–3:51, 3:52–4:22, 4:23–8:26, 8:27–9:20, 9:21–12:44, 12:45–14:36, Figures, Claims.<br><br>*See, e.g.*, Declaration of Brian T. Kelley, Ph.D. at ¶¶ 280-287.<br><br>KAIFI may rely on the testimony of one or more of its expert witnesses, including Thomas L. Blackburn, and/or the inventor, Prof. Cho, to explain the technology, the state of the art at the time the '728 Patent was filed, the meaning of claim termsas they would be understood by thoseof ordinary skill in the art at the time of the invention, the proper construction of various claim terms, and/or the level of ordinary skill in the relevant art. KAIFI may also relyon its experts and/or Prof. Cho to respond to Defendants' claim construction proposals or positions orthat of Defendants' expert(s) and/or witnesses. | **Evidence:**<br><br>*See, e.g.*, '728 Patent at 9:47–52; 10:1–31; 11:7–15; 11:34–63; 12:66–13:25; 13:41–60; 14:8–32; Figures; Claims. |