**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>　　　　　Defendants. | Case No. 2:20-CV-00281-JRG<br><br>Hon. Rodney Gilstrap |

**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 2

        A.      KAIFI's Successive Infringement Contentions ...................................... 2

        B.      KAIFI's Disregard of the Court's Meet and Confer Requirements ........ 5

III.    LEGAL STANDARD ........................................................................................... 6

IV.     THE COURT SHOULD DENY KAIFI'S REQUEST FOR LEAVE TO AMEND
        ITS INFRINGEMENT CONTENTIONS ........................................................... 7

        A.      KAIFI Was Not Diligent in Seeking to Amend Its Contentions ............ 7

                1.      KAIFI's New Infringement Theories with Respect to Wi-Fi
                        Calling Are Untimely and Unrelated to T-Mobile's Document
                        Production ................................................................................... 7

                2.      KAIFI's Citations to Documents Regarding Its Deficient
                        Contentions Against OTT Services Do Not Justify Amendment .............. 9

                3.      KAIFI's Arguments About Source Code Are Irrelevant and Wrong ....... 11

        B.      KAIFI's Amendments are Not Important to the Case ........................... 12

        C.      T-Mobile Will Be Prejudiced by KAIFI's Amendments ..................... 12

        D.      A Continuance Will Not Cure the Prejudice to T-Mobile .................... 13

V.      CONCLUSION ................................................................................................... 14

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---------|----------|
| Exhibit 1 | KAIFI's Disclosure of Asserted Claims & Infringement Contentions and Appendix 1 thereto (October 30, 2020) |
| Exhibit 2 | Letter from N. Curtis to E. Liang (Nov. 13, 2020) |
| Exhibit 3 | Letter from C. Bunt to N. Curtis (Dec. 7, 2020) |
| Exhibit 4 | Letter from N. Curtis to C. Bunt (Dec. 18, 2020) |
| Exhibit 5 | Email between N. Curtis and C. Bunt (Dec. 18 2020 to Jan. 8, 2021) |
| Exhibit 6 | Redline of Appendix 1 of Exhibit 1 to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims & Infringement Contentions (Jan. 12, 2021) |
| Exhibit 7 | Emails between T-Mobile (N. Curtis) and KAIFI (J. Sheasby and D. Nguyen) (Dec. 18, 2020 to Jan. 12, 2021) |
| Exhibit 8 | Redline of Appendix 1 of Exhibit 1 to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims & Infringement Contentions (Feb. 19, 2021) |
| Exhibit 9 | Emails between T-Mobile (P. Kremer) and KAIFI (J. Sheasby, C. Bunt, and K. Atkinson) (Feb. 19 2021 to Mar. 1, 2021) |
| Exhibit 10 | Emails among T-Mobile (P. Kremer), Cisco Systems (M. Beckwith), and KAIFI (J. Sheasby) (Jan. 21, 2021 to Feb. 16, 2021) |
| Exhibit 11 | TMOBILE_KAIFI_00017771–00017788 |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| 728 Patent | U.S. Patent No. 6,922,728 (D.I. 1-2) |
| *AT&T* litigation | *KAIFI LLC v. AT&T Corp.*, No. 2:19-cv-00138-JRG (E.D. Tex.) |
| Inf. Cont. | KAIFI's Disclosure of Asserted Claims & Infringement Contentions (Oct. 30, 2020) |
| Kremer Decl. | Declaration of Paul J. Kremer |
| Mot. | Plaintiff KAIFI's Motion for Leave to Amend Infringement Contentions (Mar. 1, 2021) |
| Mot. to Strike | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Motion to Strike KAIFI's Infringement Contentions With Respect to Over-the-Top Services (Feb. 18, 2021) (D.I. 90) |
| Prop. Supp. Inf. Cont. | Redline of Inf. Cont. to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims & Infringement Contentions (Jan. 12, 2021) (Ex. 6) |
| Prop. 2d Supp. Inf. Cont. | Redline of Inf. Cont. to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims & Infringement Contentions (Feb. 19, 2021) (Ex. 8) |
| Reply to Mot. to Strike | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Reply to Motion to Strike KAIFI's Infringement Contentions With Respect to Over-the-Top Services (Mar. 18. 2021) (D.I. 111) |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) ...................................................................11

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
  No. 6:07-cv-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) .................................13

*EMG Tech., LLC v. Chrysler Grp., LLC*,
  No. 6:12-cv-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ...................7, 12, 13

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-cv-379-LED-JDL, 2012 WL 12911055 (E.D. Tex. Aug. 10, 2012) ..........6

*Glob. Sessions LP v. Travelocity.com LP*,
  No. 6:10-cv-671- LED-JDL, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ....................7, 13

*Implicit, LLC v. Trend Micro, Inc.*,
  No. 6:16-cv-80-JRG, D.I. 162 (E.D. Tex. July 21, 2017) ..........................................6

*KAIFI LLC v. AT&T Inc. et al.*,
  No. 2:19-cv-00138-JRG, D.I. 192 (E.D. Tex. June 18, 2020) .............................8, 12

*Keranos, LLC v. Silicon Storage Tech. Inc.*,
  797 F.3d 1025 (Fed. Cir. 2015) .................................................................................6

*Orion IP, LLC v. Staples, Inc.*,
  407 F. Supp. 2d 815 (E.D. Tex. 2006) ......................................................................7

*Raytheon Co. v. Indigo Sys. Corp.*,
  No. 4:07-cv-109, D.I. 407 (E.D. Tex. Dec. 23, 2008) .......................................6, 12

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
  No. 2:17-cv-00042, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) ..........................6

Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") respectfully request that the Court deny Plaintiff KAIFI LLC's ("KAIFI") motion for leave to amend infringement contentions.

## I.   INTRODUCTION

KAIFI's proposed supplemental infringement contentions introduce new theories of infringement that, had KAIFI thought they were important to its case, it could have and should have included in its original infringement contentions months ago.  Contrary to KAIFI's arguments, these new infringement theories are completely unrelated to T-Mobile's recent document productions.  Rather, these theories are based on public information available to KAIFI long before it filed its complaint against T-Mobile.  Tellingly, KAIFI has not provided any explanation as to why it could not have included these theories in its original infringement contentions.  Indeed, some of the infringement theories KAIFI seeks to add are ones it advanced in the *AT&T* litigation—so KAIFI cannot feign that it only recently learned of those theories.

KAIFI's expanded infringement theories fundamentally change the scope and breadth of the case.  T-Mobile already served invalidity contentions, developed its infringement defenses, and formulated its case strategy based on the infringement theories KAIFI presented months ago.  KAIFI's proposed amendments would require T-Mobile to start back at square one, rethinking its strategies and redoing its invalidity contentions from the ground up, at significant expense.

Because of KAIFI's utter lack of diligence, and the resulting prejudice to T-Mobile, T-Mobile respectfully requests that the Court deny KAIFI's motion for leave to amend.[1]

---

[1]  KAIFI's proposed supplements also add citations to documents in T-Mobile's document production in support of KAIFI's infringement theories in its original infringement contentions. T-Mobile does not object to those citations or KAIFI's reliance on those documents to support its original infringement theories, and T-Mobile would have agreed to that aspect of KAIFI's proposal if KAIFI had agreed to meet and confer on its motion before filing it.

## II.      FACTUAL BACKGROUND

### A.      KAIFI's Successive Infringement Contentions

On October 30, 2020, KAIFI served its Infringement Contentions.  *See* Inf. Cont. (Ex. 1).
KAIFI's Infringement Contentions contained a chart for only one accused service: T-Mobile's
Wi-Fi Calling service.  *See id.*, App'x 1.  With respect to Wi-Fi Calling, the Infringement
Contentions included specific theories as to which components allegedly met the limitations of the
asserted claims.  *See, e.g.*, *id.*, App'x 1 at 16–20 (alleging that one of the Home Subscriber Server
(HSS), Authentication, Authorization, and Accounting (AAA) Server, or Gateway Mobile
Location Center (GMLC) is the claimed "location register").  The Infringement Contentions
purported to accuse other distinct services of infringement (such as over-the-top ("OTT")
services), asserting that they "utilize the same or substantially similar technology" as the charted
Wi-Fi Calling service.  *Id.* at 3.  But nowhere did KAIFI provide any explanation or support for
the alleged similarities in technology between Wi-Fi Calling and these other services.
*See generally id.*

Between November 2020 and January 2021, T-Mobile sent several letters and emails to
KAIFI identifying the deficiencies in KAIFI's Infringement Contentions, including with respect
to KAIFI's allegations against Wi-Fi Calling.[2]  For example, asserted claim 1 requires "a location
register that stores location information of the data communication terminal."  *See* 728 Patent
(D.I. 1-2) at 15:9–40.  Although KAIFI identified three different alleged "location registers" and
several alleged items of "location information," KAIFI's Infringement Contentions did not put
T-Mobile on notice of which alleged "location register" KAIFI contends stores which alleged

---

[2]  *See* T-Mobile 11/13/2020 Ltr. to KAIFI (Ex. 2); N. Curtis 12/7/2020 Ltr. to C. Bunt (Ex. 3);
N. Curtis 12/18/2021 Ltr. to C. Bunt (Ex. 4); N. Curtis 1/8/2021 Email to C. Bunt (Ex. 5) at 1–2.

"location information," as required by the claims.  *See* T-Mobile 11/13/2020 Ltr. to KAIFI (Ex. 2) at 2.  In these same letters, T-Mobile also raised KAIFI's failure to chart or in any way articulate its infringement theories as to OTT services.[3]

On January 12, 2021—before T-Mobile served its core technical production—KAIFI served its Proposed First Supplemental Infringement Contentions ("First Supplement").  *See* Prop. Supp. Inf. Cont. (Ex. 6).  Rather than correcting the deficiencies T-Mobile identified, the First Supplement impermissibly expanded KAIFI's theories of infringement.  *See* T-Mobile 2/2/2021 Email to KAIFI (Ex. 7) at 1.  For example, as noted above, KAIFI's Infringement Contentions identified three alleged "location registers" (the HSS, AAA Server, or GMLC); in its First Supplement, far from clarifying which alleged location information is stored in these components, KAIFI additionally accused the packet data network gateway (PDN-GW) and the data communication terminal as "location registers."  *See* Prop. Supp. Inf. Cont., App'x 1 (Ex. 6) at 16. KAIFI additionally, for the first time, alleged that the location register is not a single element but "can be distributed across components in the system," and that it "can be in part on the user equipment."  *Id.* at 16–17.

KAIFI's new infringement theories were not based on any confidential information unavailable to KAIFI earlier; indeed, T-Mobile's technical production was not yet due and therefore had not yet been produced at the time KAIFI served the First Supplement.[4]  KAIFI's First Supplement also failed to address the deficiencies T-Mobile raised with respect to OTT

---

[3] The deficiencies in KAIFI's infringement allegations against OTT services is the subject of T-Mobile's pending Motion to Strike KAIFI's Infringement Contentions With Respect to Over-the-Top Services.  *See* Mot. to Strike (D.I. 90).

[4] KAIFI served the First Supplement on January 12, 2021.  T-Mobile made its production of technical documents three days later, on January 15, 2021, in accordance with the Docket Control Order.  *See* D.I. 73.

services; KAIFI again did not provide a separate chart for OTT services or explain the technical similarities between Wi-Fi Calling and OTT services, as required.  Mot. to Strike (D.I. 90) at 1.

Late in the evening on Friday, February 19, 2021, KAIFI served its Proposed Second Supplemental Infringement Contentions ("Second Supplement").  *See* KAIFI 2/19/2021 Email to T-Mobile (Ex. 9) at 6–7.  The additions in the Second Supplement were extensive.  *See* Prop. 2d Supp. Inf. Cont. (Ex. 8).  After a close review during the week following service of the Second Supplement, T-Mobile determined that although some of the additions were permissible citations to recently produced evidence in support of KAIFI's existing infringement theories (as articulated in its Infringement Contentions), the Second Supplement also introduced additional new infringement theories unrelated to any information KAIFI had obtained in discovery.  For example, in its Infringement Contentions and First Supplement, KAIFI identified nine alleged pieces of "location information."[5]  In its Second Supplement, KAIFI alleged that over a dozen additional pieces of information constituted the claimed "location information," without explanation as to what any of them are or why KAIFI could not have made the allegations earlier.  *See* Prop. 2d Supp. Inf. Cont., App'x 1 (Ex. 8) at 64, 89.[6]  Furthermore, KAIFI's Second Supplement *still* did not provide a chart for OTT services.  *See generally id.*

At bottom, far from clarifying its original Infringement Contentions as requested by T-Mobile, KAIFI's supplements expand its infringement allegations such that they do not provide

---

[5]  The identified "location information" was: PDN Address, subscribed QoS profile, Access Point Name ("APN"), Global Positioning System ("GPS") information, Cell Identification ("CID"), Time Difference of Arrival ("TDOA"), a Binding Cache Entry ("BCE"), flow binding information, and IP flow information.  Inf. Cont., App'x 1 (Ex. 1) at 19–20; Prop. Supp. Inf. Cont., App'x 1 (Ex. 6) at 19–20.

[6]  In its Second Supplement, KAIFI additionally accused the following "location information": IMSI, NAI, MN-IP, MAC, MSISDN, NR Cell Global ID, E-UTRAN Cell Global ID, Tracking Area ID, Geographical Information, AMF Address, SMSF Address, Current Location Received, and Visited PLMN ID.

T-Mobile with notice of what is actually being accused of infringement.  For example, KAIFI's supplemental contentions regarding the "location register that stores location information" expand its theory to thousands of possible permutations, from which it is impossible to discern KAIFI's actual theory of infringement.

### B.      KAIFI's Disregard of the Court's Meet and Confer Requirements

On March 1, 2021, KAIFI contacted T-Mobile regarding the Second Supplement.  Despite the fact that the parties had had no prior discussions regarding the Second Supplement, KAIFI's counsel stated that "KAIFI is going to file our motion for leave for both first and second supplemental contentions today."  *See* KAIFI 3/1/2021 Email to T-Mobile (Ex. 9) at 4.  KAIFI suggested that T-Mobile's Motion to Strike—which was filed *before* the Second Supplement was served—conveyed that T-Mobile "did not think supplements were warranted," and therefore constituted T-Mobile's position on the Second Supplement.  *Id.*  In response, T-Mobile pointed out the error in KAIFI's email and offered to meet and confer as required under Local Rule CV-7(h).  *Id.* at 4.

KAIFI did not respond with an offer to meet and confer.  Instead, an Irell and Manella partner representing KAIFI made an unscheduled cold call to the Gibson Dunn associate who had emailed on T-Mobile's behalf, demanding that he immediately propose a compromise that would allow KAIFI to file a motion for leave unopposed.  Kremer Decl. ¶ 5.  The associate explained that he would need to consult members of his team and would make efforts to respond to KAIFI's requests by the end of the day.  *Id.*  The same KAIFI counsel then sent multiple misleading emails claiming that T-Mobile's "behavior was inappropriate," allegedly because the associate KAIFI's counsel had cold called "had not even read the Second Proposed Supplement."  *See* Email Correspondences 3/1/2021 (Ex. 9) at 2.  KAIFI made similarly inaccurate statements in its motion. Mot. at 5.  In fact, several other attorneys for T-Mobile had closely reviewed the Second

Supplement, had identified issues for discussion, and desired to meet and confer to address the issues—as T-Mobile confirmed by email. *See* T-Mobile 3/1/2021 Email to KAIFI (Ex. 9) at 1.

Nevertheless, KAIFI's counsel ignored T-Mobile's request for a meet and confer and filed the current motion, substituting the unscheduled cold call in place of a meaningful discussion. *See* Mot. at 15. In its motion, KAIFI made statements such as that "T-Mobile could not identify any prejudice during meet and confers," *id.* at 2, when the parties had not, in fact, ever had a substantive telephonic or in-person meeting in the first place.

## III.   LEGAL STANDARD

Local Patent Rule 3-1(c) requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). These contentions "shall be deemed to be . . . final contentions." P.R. 3-6(a). The purpose of early contentions is for KAIFI "to solidify, to the best it can at this stage, the theory of how the accused products infringe the asserted claims." *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00042, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017). This way, "the parties' efforts may be focused on addressing a stable set of infringement contentions." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, D.I. 407 at 2 (E.D. Tex. Dec. 23, 2008) (internal quotations and citations omitted).

Leave to amend contentions requires a showing of good cause based on four factors: (1) explanation for party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows that thing that would be excluded; and (4) availability of a continuance to cure such prejudice. *Keranos, LLC v. Silicon Storage Tech. Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *see also Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-80-JRG, D.I. 162 at 2–3 (E.D. Tex. July 21, 2017). The burden is on the plaintiff to show good cause. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-379-LED-JDL, 2012 WL 12911055, at *2 (E.D. Tex. Aug. 10, 2012).

## IV.   THE COURT SHOULD DENY KAIFI'S REQUEST FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

Both of KAIFI's proposed supplemental infringement contentions improperly seek to add new infringement theories based upon public information that was available to KAIFI prior to the date KAIFI's Infringement Contentions were due.  Because KAIFI was not diligent, concedes that the amendments are not important, and fails on the remaining factors, KAIFI has not carried its burden to show good cause for leave to amend its contentions.  The Court should deny the motion.

### A.   KAIFI Was Not Diligent in Seeking to Amend Its Contentions

KAIFI's proposed supplements alter KAIFI's original contentions in two ways.  First, they add citations to documents produced by T-Mobile since KAIFI served its Infringement Contentions, and second, they impermissibly introduce new infringement theories.  T-Mobile does not object to KAIFI merely adding references to T-Mobile's document production to provide further evidence in support of KAIFI's infringement theories set forth in its Infringement Contentions—and would have explained as much to KAIFI, if KAIFI had honored its obligations to meet and confer regarding the Second Supplement.  KAIFI's new infringement theories, however, are totally unrelated to T-Mobile's document production and should not be permitted.

#### 1.   KAIFI's New Infringement Theories with Respect to Wi-Fi Calling Are Untimely and Unrelated to T-Mobile's Document Production

KAIFI's new infringement theories with respect to Wi-Fi Calling are untimely because they are based on information that was available to KAIFI prior to its Infringement Contentions deadline.  "Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (internal quotations and citations omitted).  This Court has found a lack of diligence when supplementation is sought to add information based on publicly available information.  *See EMG Tech., LLC v. Chrysler Grp.*,

████████████

*LLC*, No. 6:12-cv-259, 2013 WL 12147662, at *3 (E.D. Tex. July 3, 2013); *see also Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671-LED-JDL, 2012 WL 1903903, at *5 (E.D. Tex. May 25, 2012) (denying leave where newly accused websites were publicly available).  That is precisely the case here.

For example, in both its First and Second Supplements, KAIFI expanded its theory of what meets the "location register" limitation in Wi-Fi Calling by alleging for the first time that the location register "can be distributed across components in the system" and that it "*can be in part on the user equipment*."  *See* Prop. Supp. Inf. Cont. (Ex. 6) at 16–17 (emphasis added); Prop. 2d Supp. Inf. Cont. (Ex. 8) at 51.  Tellingly, however, KAIFI does not cite to *any* evidence in support of this new theory, let alone documents recently produced by T-Mobile.  *See id.* (not citing any evidence in the quoted paragraphs).  At best, KAIFI's new theory is based on public information that KAIFI failed to cite; at worst, the new theory is unfounded speculation and attorney argument.  Either way, there is no reason why KAIFI could not have presented this theory in its initial Infringement Contentions.  Indeed, the fact that this new theory was added in the First Supplement, prior to T-Mobile's technical production, confirms that any support for this theory was available to KAIFI before the deadline to serve infringement contentions.

KAIFI's other amendments expanding its infringement theories are similarly unconnected to any non-public information obtained from T-Mobile's document production.  For example, KAIFI expands its infringement theories by adding several new theories of location information that could have been advanced in its original contentions.  Prop. 2d Supp. Inf. Cont. (Ex. 8) at 51, 64, 67, 68, 90, 93, 98, 99, 114–18, 120.  Indeed, KAIFI advanced many of these allegations in the *AT&T* litigation.  *See KAIFI LLC v. AT&T Inc. et al.*, No. 2:19-cv-00138-JRG, D.I. 192 at 5–7 (E.D. Tex. June 18, 2020).  For example, in the *AT&T* litigation, KAIFI alleged that Cell Global

ID, E-UTRAN Cell Global ID, and Tracking Area Identity met the "location information" limitation. *See id.* at 11–12. These are all identified in public standards documents, yet KAIFI did not include them in its Infringement Contentions against T-Mobile. Instead, KAIFI belatedly seeks to introduce them now, in its Second Supplement. KAIFI has not explained how these theories were unavailable to it before receiving T-Mobile's confidential documents, and the record is clear they were not.

KAIFI's amendments expanding its infringement theories with respect to Wi-Fi Calling are solely due to KAIFI's lack of diligence, demonstrating that KAIFI does not have good cause to amend its contentions with these new and untimely theories.

### 2. KAIFI's Citations to Documents Regarding Its Deficient Contentions Against OTT Services Do Not Justify Amendment

As explained in T-Mobile's pending motion to strike, KAIFI's contentions regarding OTT services do not satisfy the Local Rules and should be stricken. *See* Mot. to Strike (D.I. 90); *see also* Reply to Mot. to Strike (D.I. 111). In its motion to amend, KAIFI seizes on this dispute to argue that its amendments are justified because they provide evidence that OTT services are not materially different from the Wi-Fi Calling service KAIFI charted. Mot. at 8–9. That is untrue.

KAIFI's allegation that OTT services operate in the same way as Wi-Fi Calling is not supported by any document. In an effort to convince the Court otherwise, KAIFI cites to a black and white diagram displaying ███████████████████████████████. *See* Mot. at 9. KAIFI alleges that the diagram shows ██████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
*See id.* That is misleading, as the color version of the diagram reveals.



TMOBILE_KAIFI_00017778 (Ex. 11 at 8)

Notably, T-Mobile produced this color version several days before KAIFI filed its motion, *see* Kremer Decl. ¶ 17, yet KAIFI nevertheless chose to rely on the black and white version from which the Court might incorrectly conclude that

### 3.    KAIFI's Arguments About Source Code Are Irrelevant and Wrong

KAIFI also argues that it should be granted leave to amend because KAIFI requires source code to prove infringement.  Mot. at 11.  But source code has no relevance to the First or Second Supplements for which KAIFI seeks leave, as none of the amendments therein is based on source code.  And KAIFI cites no authority for the proposition that an alleged need for source code justifies untimely expansions of infringement theories based on publicly available information. Indeed, *American Video Graphics, L.P. v. Electronic Arts, Inc.*, which KAIFI cites in support of its argument, did not address a motion to amend at all, but rather dealt with a defendant's motion to compel.  359 F. Supp. 2d 558, 559 (E.D. Tex. 2005).

KAIFI's argument regarding source code appears to be no more than a pretext for KAIFI to make unfounded complaints about T-Mobile's alleged "refusal" to produce source code.  *See, e.g.*, Mot. at 4, 11.  These allegations are not only irrelevant to KAIFI's motion, they are untrue. As T-Mobile has explained to KAIFI multiple times, the source code KAIFI seeks is not in T-Mobile's possession, custody, or control, but rather belongs to T-Mobile's vendors.  *See* N. Curtis 12/18/2020 Ltr. to C. Bunt (Ex. 4) at 2*; see also* N. Curtis 1/8/2021 Email to C. Bunt (Ex. 5) at 1–2.  T-Mobile has not "refused to provide any source code related to its switching systems," Mot. at 11, it simply has no source code to produce and no ability to commandeer it from its vendors.  The proper course is for KAIFI to pursue its subpoenas to the vendors, which are proceeding with no delay except that injected by KAIFI itself.[7]   KAIFI has simply manufactured a source code dispute to distract from its lack of diligence.

---

[7]   T-Mobile *never* "refused to permit CISCO to produce T-Mobile confidential information," as KAIFI claims.  Mot. at 12.  As the very email KAIFI cites shows, at the time of the alleged refusal, no documents had been identified to T-Mobile as requiring T-Mobile's permission, yet T-Mobile assured KAIFI that any request for T-Mobile's consent would be promptly considered.  *See* P. Kremer 2/2/2021 Email to J. Sheasby (Ex. 10) at 9.

### B.      KAIFI's Amendments are Not Important to the Case

In its motion, KAIFI fails to address the importance of its amendments to the case.  KAIFI thus concedes that its amendments are not important.  KAIFI's behavior further demonstrates the lack of importance for these amendments.  Specifically, as explained above, KAIFI's new infringement theories are not based on information produced to KAIFI since this case was filed.  For example, with respect to the new theory that "[t]he location register can be distributed across components in the system," KAIFI does not cite anything at all.  And in the *AT&T* litigation, KAIFI presented a similar theory that the "location register" can be distributed across several different components.  *See KAIFI LLC v. AT&T Inc. et al.*, No. 2:19-cv-00138-JRG, D.I. 192 at 5–10 (E.D. Tex. June 18, 2020).  There is no reason KAIFI could not have presented this theory earlier in this case.  The fact that KAIFI chose not to demonstrates its unimportance to KAIFI.  Thus, this factors weighs in favor of the Court denying the motion for leave.

### C.      T-Mobile Will Be Prejudiced by KAIFI's Amendments

T-Mobile will be prejudiced if KAIFI is granted leave to amend, because T-Mobile relied on KAIFI's Infringement Contentions in preparing its invalidity contentions and would now have to assess the new infringement theories and reformulate its defense strategy.  *See Raytheon*, D.I. 407 at 4; *see also EMG Tech.*, 2013 WL 12147662, at *4 (finding prejudice when defendants are required "to expend additional resources to reassess its invalidity case in view of the amendments").

Contrary to KAIFI's contention, allowing T-Mobile to amend its invalidity contentions— although necessary if KAIFI were granted leave to amend—would not cure the prejudice to T-Mobile.  Mot. at 12.  To the contrary, amending its invalidity contentions would require T-Mobile to expend significant additional resources, which is prejudicial in itself.  As just one example, if KAIFI is permitted to expand its contentions regarding the "location register" to

include the "user equipment" itself (*i.e.*, the phone)—a concept totally contrary to the disclosure of the patent and the claims themselves—then T-Mobile would have to redo its prior art searches from scratch and present a host of new references and combinations responsive to KAIFI's new infringement theories.  *See* Prop. Supp. Inf. Cont. (Ex. 6) at 16–17; Prop. 2d Supp. Inf. Cont. (Ex. 8) at 51.

Moreover, the parties have already filed the Joint Claim Construction Statement and served their expert disclosures pursuant to P.R. 4-3; the parties' claim construction briefs are due in a matter of weeks; and the *Markman* hearing is just two and a half months away.  This Court has denied motions for leave to amend based on similar timelines.  *See Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *5 (E.D. Tex. Jan. 12, 2009) (denying leave when the *Markman* hearing was two months away because prejudice to the defendant in having to identify terms for claim construction, conduct a prior art search, and properly formulate its defense); *see also Glob. Session LP v. Travelocity.com LP*, 2012 WL 1903903, at *6 (denying leave when the claim construction hearing was one month away because defendant "would have little time to conduct new prior art searches or reassess its invalidity theories").  Because T-Mobile will suffer similar prejudice, this factor weighs in favor of the Court denying the motion for leave.

### D.     A Continuance Will Not Cure the Prejudice to T-Mobile

T-Mobile has already expended significant resources on its defensive strategies in reliance on KAIFI's Infringement Contentions.  This Court has found that "a continuance would not cure the expenditure of additional resources [a defendant] will incur in reassessing its invalidity case."  *See EMG Tech.*, 2013 WL 12147662, at *5.  Thus, the additional resources T-Mobile would have to expend to amend its invalidity contentions could not be cured by a continuance.  Moreover, even if a continuance could cure the prejudice to T-Mobile, this Court has denied leave when the plaintiff's own failure to demonstrate diligence was the cause, such as a lack of diligence in

reviewing public information, as KAIFI has exhibited here.  *Id.* (stating that "the Court is not inclined to consider a continuance in view of Plaintiff's failure to demonstrate due diligence"). Thus, this factor weighs in favor of the Court denying the motion for leave.

## V.    CONCLUSION

For the reasons stated above, T-Mobile respectfully requests that the Court deny KAIFI's motion for leave to amend infringement contentions.

DATE:  March 19, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Josh A. Krevitt*

Josh A. Krevitt
New York Bar No. 2568228
Benjamin Hershkowitz
New York State Bar No. 2600559
Katherine Q. Dominguez
New York Bar No. 4741237
Paul J. Kremer
New York Bar No. 4900338
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com
pkremer@gibsondunn.com

Nathan R. Curtis
Texas State Bar No. 24078390
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Dallas, Texas 75201-2923
Telephone: (214) 698-3423
Fax: (214) 571-2961
ncurtis@gibsondunn.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gillamsmithlaw.com

*Attorneys for Defendants T-Mobile US, Inc.*
*and T-Mobile USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on March 19, 2021.

<div align="center" style="margin-left:40%">

*/s/ Josh A. Krevitt*
Josh A. Krevitt

</div>

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under Local Rule CV-5(a)(7)(B), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

<div align="center">

_/s/ Josh A. Krevitt_____
Josh A. Krevitt

</div>