IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T MOBILE US, INC. and<br>T MOBILE USA, INC.,<br><br>    Defendants. | Case No. 2:20-cv-281-JRG<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF PAUL J. KREMER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

I, Paul J. Kremer, declare as follows:

1. I am an associate at the law firm of Gibson Dunn & Crutcher LLP, counsel of record for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") in the above-captioned action. I am a member in good standing of the bar of the State of New York and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I submit this Declaration in support of T-Mobile's Opposition to Plaintiff's Motion for Leave to Amend Infringement Contentions.

2. On February 19, 2021, KAIFI served proposed Second Supplemental Infringement Contentions (the "Second Supplement") on T-Mobile via email to counsel. *See* Ex. 8.

3. On March 1, 2021, KAIFI's counsel, R. Christopher Bunt, emailed T-Mobile asking for its position on the proposed Second Supplement. *See* Ex. 9.

4. At 2:53 pm EST on March 1, 2021, I responded on behalf of T-Mobile, objecting to the Second Supplement and stating that "[w]e are available to meet and confer on KAIFI's second successive request." *See* Ex. 9.

5. Twelve minutes later, at 3:05 pm EST, KAIFI counsel Jason Sheasby called me, stating that he believed a motion to amend KAIFI's contentions was "timely" and demanding that I state whether "there is any compromise that the parties might reach." I stated that I was not in a position to respond to Mr. Sheasby's question, that I did not know whether there might be room for a compromise, and that I would need to confer with the members of the defense team who were reviewing KAIFI's Second Supplement in order to respond more fully. Mr. Sheasby stated that he considered our call to be the Court-mandated meet and confer on the issue, and that because I sent the email expressing T-Mobile's initial opposition to the motion, it was incumbent on me to speak for T-Mobile and immediately provide T-Mobile's "final position" on whether a compromise might be reached. I responded that if KAIFI's counsel wanted to have a "productive" meet and confer on this issue, I would have to "get the right people on the line" and that I would make efforts to get back to Mr. Sheasby by the end of the day. Mr. Sheasby stated "This is 'bush league'" and terminated the call.

6. My March 1 call with Mr. Sheasby lasted approximately 97 seconds. We did not discuss the substance of the Second Supplement at all.

7. At 5:01 pm EST on March 1, I emailed Mr. Sheasby, stating that T-Mobile "would be prepared to meet and confer regarding your proposed supplementation at a time convenient for the necessary participants." *See* Ex. 9. Following that email, KAIFI did not request a meet and confer before filing the instant Motion for Leave to Amend Infringement Contentions later that day.

8. Attached as **Exhibit 1** is a true and correct copy of KAIFI's Infringement Contentions, served on October 30, 2020.

9. Attached as **Exhibit 2** is a true and correct copy of letter correspondence from Nathan Curtis to Enoch Liang dated November 13, 2020.

10. Attached as **Exhibit 3** is a true and correct copy of letter correspondence from Robert Christopher Bunt to Nathan Curtis dated December 7, 2020.

11. Attached as **Exhibit 4** is a true and correct copy of letter correspondence from Nathan Curtis to Robert Christopher Bunt, dated December 18, 2020.

12. Attached as **Exhibit 5** is a true and correct copy of email correspondence between Nathan Curtis and Robert Christopher Bunt from December 18, 2020 to January 8, 2021.

13. Attached as **Exhibit 6** is a true and correct copy of redlines highlighting the proposed changes to Appendix 1 of Exhibit 1 to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims and Infringement Contentions, served on January 12, 2021.

14. Attached as **Exhibit 7** is a true and correct copy of email correspondence between T-Mobile (Nathan Curtis) and KAIFI (Jason Sheasby and Dat Nguyen) from January 12, 2021 to February 2, 2021.

15. Attached as **Exhibit 8** is a true and correct copy of redlines highlighting the proposed changes to Appendix 1 of Exhibit 1 to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims and Infringement Contentions, served on February 19, 2021.

16. Attached as **Exhibit 9** is a true and correct copy of email correspondence between T-Mobile (Paul Kremer) and KAIFI (Jason Sheasby, Robert Christopher Bunt, and Kelsey Atkinson) from February 19, 2021 to March 1, 2021.

17. On February 25, 2021, T-Mobile produced 24 documents (893 pages) of technical documents in color.

18. Attached as **Exhibit 10** is a true and correct copy of email correspondence between T-Mobile (Paul Kremer), Cisco Systems (Marta Beckwith), and KAIFI (Jason Sheasby) from January 21, 2021 to February 16, 2021.

19. Attached as **Exhibit 11** is a true and correct copy of a document bearing Bates numbers TMOBILE_KAIFI_00017771–00017788 produced by T-Mobile to KAIFI on February 25, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19, 2021 in High Bridge, New Jersey.

Paul J. Kremer