# EXHIBIT 3

# P<small>ARKER</small>, B<small>UNT</small> & A<small>INSWORTH</small>, P.C.

100 East Ferguson, Suite 418
Tyler, Texas 75702
903.531.3535 Phone

**R<small>OBERT</small> M. P<small>ARKER</small>, R<small>ET</small>.**
Retired Judge
U.S. Court of Appeals for the
 Fifth Circuit
Former Judge
U.S. District Court for the
 Eastern District of Texas

**R<small>OBERT</small> C. B<small>UNT</small>**
rcbunt@pbatyler.com

**C<small>HARLES</small> A<small>INSWORTH</small>**
charley@pbatyler.com

December 7, 2020

Nathan R. Curtis – Via Email ncurtis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, Texas 75201-2923

      **RE:** *KAIFI LLC v. T-Mobile US, Inc. et al.*, **Case No. 2:20-cv-281 (E.D. Tex.)**

Dear Mr. Curtis:

We write in response to your November 13, 2020 letter regarding KAIFI's infringement contentions.

As an initial matter, we do not agree with T-Mobile's attempt to gloss on what is disclosed in the infringement contentions. You are attempting to narrow them in a way that expressly contradicts the language in the contentions. As to your specific questions, see below:

"a location register that stores location information of the data communication terminal" (claim 1).

The contentions describe that T-Mobile maintains an HSS, AAA Server, or GMLC, or a substantially equivalent structure. The nine pieces of information you identify will be stored in one or more of these structures or their substantial equivalent. What you are asking for is additional evidence of infringement. We can provide this additional information, but we need access to the technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code.

"a router that determines the location of the data communication terminal stored in the location register" (claim 1).

December 7, 2020
Page - 2

_____


The PDGN is one of the routers identified in the contentions. This router uses location information, for example, the information in the HSS, to determine the location of the user's mobile device. The claims do not specify how this determination occurs, only that it occurs. What you are asking for is additional evidence of infringement. We can provide this additional information, but we need access to the technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code.

"a second step of determining . . . the received indoor system ID information is identical to indoor system ID information stored in the location register" (claim 12). The contentions provide the following non-limiting example:

> The data communication terminals receive indoor system ID information, such as a Wi-Fi network SSID.[177] The terminals connect with an indoor network, such as a home or office Wireless LAN or Wi-Fi network, if the indoor system ID information matches stored indoor system ID information.[178] For example, "[a]pps can set a combination of network matching params: SSID Pattern . . . AND/OR BSSID Pattern . . . to trigger connection to a network that matches the set params."[179]

The place of store of the SSID on the Wi-Fi network is a location register. There is a comparison between this SSID and SSID on the user terminal. The claims do not specify how this comparison occurs. What you are asking for is additional evidence of infringement. We can provide this additional information, but we need access to the technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code.

**OTT Wi-Fi Infringement**

KAIFI does not agree that OTT Wi-Fi switching is different from any other type of Wi-Fi switching T-Mobile operates in relevant part. We understand that T-Mobile is claiming that OTT Wi-Fi switching does not use a PDN GW. T-Mobile has not provided any evidence to support this. To the extent a physically different structure is involved in the OTT Wi-Fi switching, as distinct from what T-Mobile describes as WiFi calling, this physically distinct structure still performs the identical functions and has the identical structure of the PDN GW in relevant part, it simply has a different name. T-Mobile is creating an artificial distinction that is not relevant to the claims. The T-Mobile networks traffics in data packets. The same data packets are used for T-Mobile's own applications and third-party applications (what you describe as OTT). In all cases the identical data packet, based on T-Mobile's network infrastructure, is routed through the LTE network or a Wi-Fi network with seamless switching. It is apparent that T-Mobile has additional information on this subject that it is choosing not to share with us. To the extent there is a difference between our chart and OTT switching, we need access to technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code to determine if any difference that may exist is material and requires the need for a separate chart.

2

December 7, 2020
Page - 3

_____

**T-Home Internet, T-Mobile Wi-Fi Services, T-Vision, Binge On, and Music Freedom.**

All of these applications provide data packets to the user. These data packets seamlessly switch between a WiFi network and the LTE network. This switching is performed in the identical manner in relevant part to what is described in the charts. To the extent there is a difference between our chart and these other T-Mobile applications, we need access to technical documentation on T-Mobile's WiFi switching infrastructure and the relevant source code to determine if any difference that may exist is material and requires the need for a separate chart.

We are happy to meet and confer with you on the subject of this letter. At this meet and confer please be prepared to discuss when T-Mobile will be producing the relevant technical documentation and source code. In addition, please confirm that T-Mobile will be collecting the source code and technical documentation that is located at the facilities of those entities who provide the components for T-Mobile WiFi switching infrastructure. KAIFI commits to providing more detailed responses to each of your questions with citations to source code within 30 days of receiving the relevant source code.

                                                  Very sincerely yours,

                                                  Robert Christopher Bunt

RCB:da

cc:  All Counsel of Record