# EXHIBIT 5

| | |
|---|---|
| **From:** | Curtis, Nathan R. |
| **Sent:** | Friday, January 8, 2021 5:44 PM |
| **To:** | Chris Bunt |
| **Cc:** | Enoch Liang; Michael Song; Charley Ainsworth; Jason Sheasby; melissa@gillamsmithlaw.com; Tom Gorham; *** TMUS-Kaifi_C; Deana Attaway; Dat Nguyen; Matthew Hawkinson; Steve Chang |
| **Subject:** | RE: KAIFI v. T-Mobile - Correspondence |

Chris,

I write to follow-up on the issues discussed on our meet and confer yesterday.

**AT&T Litigation Documents.**  As we explained on the call, documents from the *AT&T* litigation are indeed relevant to this litigation, where the same patent is asserted.  See *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) ("Plaintiffs' prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case.").  We are reaching out to AT&T regarding confidentiality issues, but as noted on our call, that issue should not prevent KAIFI from producing documents that do not concern AT&T's confidential information.  Please let us know which documents from the *AT&T* litigation KAIFI or its lawyers have in their possession and will produce.

**OTT Services.**  As we explained on the call, your suggestion that T-Mobile "is withholding information" necessary for KAIFI to formulate its OTT infringement theories is baseless.  T-Mobile's technical production is not yet due under the Docket Control Order.  To the contrary, it was KAIFI's obligation to have a good faith basis to accuse OTT services before filing suit, as well as to set forth its infringement contentions regarding OTT services before receiving any production from T-Mobile.  Yet it remains clear that KAIFI does not have a good faith basis to argue that OTT services infringe the asserted patent.  The fact that a mobile phone can receive OTT services over both LTE and Wi-Fi does not mean OTT services function the same way as Wi-Fi Calling.  KAIFI knows well that OTT services and Wi-Fi Calling are fundamentally different, such that OTT services do not infringe the claims.  As just one example, the claims require a step of "supplying the data communication terminal with the data through the indoor gateway and the indoor wireless connection module."  Because OTT services do not touch T-Mobile's network at all when a device is connected over Wi-Fi, it is not possible for T-Mobile to perform this "supplying" step (among others).  The parties have met and conferred and are at an impasse, so T-Mobile intends to raise this issue with the Court.  As discussed on the call, let us know if KAIFI reconsiders its position.

**Documents Relating to OTT Services.**  As noted, T-Mobile has not failed to disclose any technical information due to KAIFI, and KAIFI must stop these false accusations suggesting that T-Mobile has violated its obligations in this litigation.  Under the current Docket Control Order, T-Mobile's initial technical production will be made on January 15, 2021.  The production will contain information regarding the operation of OTT services to the extent that information is located during the search for documents related to Wi-Fi Calling.

**Individuals at Ericsson and Cisco.**  The information KAIFI requests regarding individuals at Ericsson and Cisco with whom T-Mobile interacts with regard to "Wi-fi switching technology" is properly sought through an interrogatory or through questioning in deposition.  To the extent KAIFI has any authority that T-Mobile is required to provide such information as part of its initial disclosures, please provide that authority.  T-Mobile is not aware of any decisions from this District interpreting the Federal and Local Rules to require a defendant to affirmatively search for and identify names of individuals at third party vendors that may have relevant knowledge.

**T-Mobile's Relationships with Ericsson and Cisco.**  As explained on the call, T-Mobile is not aware of any obligation to disclose whether or not it has signed a common interest agreement with Ericsson or Cisco.  Again, if KAIFI has authority to support this request, please provide it.  Consistent with its obligations under the Federal Rules, T-Mobile is searching

for relevant, non-privileged documents in its possession, custody, and control.  T-Mobile is also diligently investigating its contracts with vendors such as Ericsson and Cisco.

***Source Code and Object Code.***  With respect to source code, T-Mobile's investigation to date has not revealed any source code in its possession for the relevant instrumentalities.  Moreover, as explained, KAIFI sued T-Mobile in a jurisdiction that requires infringement contentions to be served prior to the production of source code and technical documents.  Such infringement contentions are "deemed to be that party's final contentions," unless permitted to amend under the rules or a court order.  *See* P.R. 3-1, 3-6.  In other words, KAIFI was required to have a good faith basis to file this case against T-Mobile before receiving discovery of T-Mobile's or third-party technical information.  With respect to object code, while T-Mobile does not agree that object code is relevant or discoverable in this case, T-Mobile is investigating whether it has possession, custody, or control over object code for the accused components.  T-Mobile will provide an update when it knows more.

***Allegations Against Wi-Fi Calling.***  We disagree with the assertion in your email and prior letter that KAIFI's infringement allegations against Wi-Fi Calling are clear.  While we confined the discussion on the meet and confer to deficiencies in allegations against OTT services, as noted on the call, T-Mobile maintains that KAIFI's Infringement Contentions with respect to Wi-Fi Calling are deficient and do not provide T-Mobile sufficient notice of KAIFI's infringement theories, as detailed in my letters of November 13, 2020, and December 18, 2020.

Best,
Nathan


**Nathan R. Curtis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3423 • Fax +1 214.571.2961
NCurtis@gibsondunn.com • www.gibsondunn.com

---

**From:** Chris Bunt <rcbunt@pbatyler.com>
**Sent:** Wednesday, January 6, 2021 10:05 AM
**To:** Curtis, Nathan R. <NCurtis@gibsondunn.com>
**Cc:** Enoch Liang <Enoch.Liang@ltlattorneys.com>; Michael Song <michael.song@ltlattorneys.com>; Charley Ainsworth <charley@pbatyler.com>; Jason Sheasby <JSheasby@irell.com>; melissa@gillamsmithlaw.com; *** TMUS-Kaifi_C <TMUS-Kaifi_C@gibsondunn.com>; Deana Attaway <dattaway@pbatyler.com>; Dat Nguyen <dat.nguyen@ltlattorneys.com>; Matthew Hawkinson <mhawkinson@hycounsel.com>; Steve Chang <steve.chang@ltlattorneys.com>
**Subject:** Re: KAIFI v. T-Mobile - Correspondence

[External Email]
Thanks.

CB

Sent from my iPhone


> On Jan 6, 2021, at 9:38 AM, Curtis, Nathan R. <NCurtis@gibsondunn.com> wrote:

Chris,

5 ET on Thursday works for us.  Please use the same dial-in circulated before.

**Nathan R. Curtis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3423 • Fax +1 214.571.2961
NCurtis@gibsondunn.com • www.gibsondunn.com

---

**From:** Chris Bunt <rcbunt@pbatyler.com>
**Sent:** Tuesday, January 5, 2021 10:16 PM
**To:** Curtis, Nathan R. <NCurtis@gibsondunn.com>
**Cc:** Enoch Liang <Enoch.Liang@ltlattorneys.com>; Michael Song <michael.song@ltlattorneys.com>; Charley Ainsworth <charley@pbatyler.com>; Jason Sheasby <JSheasby@irell.com>; melissa@gillamsmithlaw.com; *** TMUS-Kaifi_C <TMUS-Kaifi_C@gibsondunn.com>; Deana Attaway <dattaway@pbatyler.com>; Dat Nguyen <dat.nguyen@ltlattorneys.com>; Matthew Hawkinson <mhawkinson@hycounsel.com>; Steve Chang <steve.chang@ltlattorneys.com>
**Subject:** Re: KAIFI v. T-Mobile - Correspondence

[External Email]
Nathan,

Mike and I have both had issues come up earlier in the day. Can we meet later in the evening, say around 5 pm ET?  Or later if that works for you?

CB

Sent from my iPhone

> On Jan 5, 2021, at 10:01 PM, Curtis, Nathan R. <NCurtis@gibsondunn.com> wrote:
>
> Chris,
>
> We are available to meet and confer on Thursday at 11 am ET.  Please use the following dial-in:
>
> 1-866-747-5969
> Passcode: 214.698.3423
>
> Best,
> Nathan
>
> **Nathan R. Curtis**

3

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3423 • Fax +1 214.571.2961
NCurtis@gibsondunn.com • www.gibsondunn.com

---

**From:** Chris Bunt <rcbunt@pbatyler.com>
**Sent:** Thursday, December 31, 2020 10:52 AM
**To:** Curtis, Nathan R. <NCurtis@gibsondunn.com>; Enoch Liang <Enoch.Liang@ltlattorneys.com>; Michael Song <michael.song@ltlattorneys.com>; Charley Ainsworth <charley@pbatyler.com>; Jason Sheasby <jsheasby@irell.com>
**Cc:** melissa@gillamsmithlaw.com; *** TMUS-Kaifi_C <TMUS-Kaifi_C@gibsondunn.com>; Deana Attaway <dattaway@pbatyler.com>
**Subject:** RE: KAIFI v. T-Mobile - Correspondence

[External Email]
Nathan,

We write in response to your December 22, 2020 letter.

KAIFI intends to supplement its initial disclosures next week with additional information regarding persons or entities with knowledge of relevant facts.

KAIFI will also supplement its disclosures next week to produce the AT&T license agreement.  I have provided notice to AT&T of the upcoming disclosure.  As for filings and documents from the *KAIFI v. AT&T* litigation, we are happy to discuss that with you but we don't see the relevance of such information since it involved a different defendant and, more importantly, most of those materials were marked confidential and would require the consent of AT&T to produce.  Indeed, it was your firm that designated the materials as confidential since it represented AT&T in the prior action.  To the extent that the filings were not marked confidential, you can access them publicly.  We're happy to discuss further if you like.

We note once again that T Mobile apparently believes that it has information regarding how its system operates with what it describes as "OTT" applications but is refusing to provide us with this information. As to what T Mobile identifies as its "OTT" applications, based on public information the PDN GW is the router required by the claims and performs the functions required by the claims for a router. The fact that the PDN GW or its equivalent may interact with other elements depending on the application, such as the polices implemented on T-Mobile UEs does not change this fact. PDN GW or its equivalent is still a router in instances in which packets do not pass through the EPC when carried on a Wi Fi network. We note that Figure 2.16 is only one of the figures in the infringement contentions and is not intended to be limiting in its description. We are willing to amend the infringement contentions to provide the additional information above. But at this point it seems that T Mobile is withholding information from us, not that KAIFI is withholding information from T Mobile. Does T Mobile claim that it does not use a PDN GW when receiving packets from OTT applications? Does T Mobile claim that the PDN GW does not cease providing packets for "OTT"

4

applications over the RAN when the UE transitions from LTE to WiFi? Does T Mobile claim that the PDN GW does not once gain providing packets over the RAN for OTT application when the UE transitions from WiFi to LTE? Is it T Mobile's contention that a device is not a router as claimed in the patent unless it passes packets that are carried across WiFi through the EPC?

As to WiFi switching on T Mobile's other proprietary applications beyond WiFi calling, you respond that these services have nothing to do with switching between an LTE network and a Wi-Fi network." Is T Mobile representing that these applications do not use seamless WiFi switching? Please provide a more detailed explanation of this point.

As to the specific claim elements addressed in your letter, KAIFI has already agreed to supplement within 30 days of receipt of the source code. Please explain why this is insufficient?

Moreover, please explain exactly why the information you are seeking is preventing T Mobile from advancing this case. For example, recites Claim 12 "storing the indoor location" and "storing the outdoor location." In the infringement contentions in the infringement contentions, KAIFI has identified the PDN address, subscribed QoS profile, APN, GPS information, CID, TDOA, BCE, flow binding information, and IP flow information as "location information." The location register is the location at which this information is stored. The information can be stored in the HHS, AAA, and/or the GMLC or its equivalent depending on the how T Mobile implements its design in source code. Each of the identified pieces of location information independently and on their own satisfy the claims. And the location in which each of these pieces of information is stored is separately a location register. What is unclear about this?

We request a lead-to-lead meet and confer on the following issues:

1. The failure to identify the individuals at Ericsson and Cisco that T-Mobile interacts with regarding its Wi-fi switching technology.
2. Has T-Mobile signed a common interest agreement with Ericsson and Cisco? Does it have rights for T-Mobile to ask these entities for cooperation? Is T-Mobile collecting documents from these entities?
3. Does T-Mobile contracts with these entities require them to assist in this litigation or to indemnify?
4. When will T-Mobile provide us with the technical information in its possession, custody or control that describes how its "OTT" system allegedly operates?
5. The failure to disclose the technical documents in T-Mobile's possession regarding the operation of its WiFi switching system, including what it is alleging is its different "OTT" structure.
7. Whether T Mobile is producing the required source code on the schedule set out in the DCO. If not, why?

We are available for a meet and confer Thursday (1/7) between 11 am and 1 pm ET.  Please circulate a call in number.  I hope you have a happy new year.

5

CB

---

**From:** Curtis, Nathan R. <NCurtis@gibsondunn.com>
**Sent:** Thursday, December 31, 2020 9:43 AM
**To:** Chris Bunt <rcbunt@pbatyler.com>; Enoch Liang <Enoch.Liang@ltlattorneys.com>; Michael Song <michael.song@ltlattorneys.com>; Chris Bunt <rcbunt@pbatyler.com>; Charley Ainsworth <charley@pbatyler.com>; Jason Sheasby <jsheasby@irell.com>
**Cc:** melissa@gillamsmithlaw.com; *** TMUS-Kaifi_C <TMUS-Kaifi_C@gibsondunn.com>
**Subject:** RE: KAIFI v. T-Mobile - Correspondence

Counsel,

We have not received a response to our letter asking for confirmation that KAIFI will withdraw its infringement allegations against OTT and other non-Wi-Fi Calling services, and supplement its infringement contentions with respect to its allegations against Wi-Fi Calling.  Please let us know if you are available to meet and confer with lead and local counsel on Monday (12/4) between 9 am and 11 am ET or Thursday (1/7) between 9 am and 1 pm ET.

Best,
Nathan


**Nathan R. Curtis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3423 • Fax +1 214.571.2961
NCurtis@gibsondunn.com • www.gibsondunn.com

---

**From:** Curtis, Nathan R.
**Sent:** Friday, December 18, 2020 1:33 PM
**To:** Chris Bunt <rcbunt@pbatyler.com>; Enoch Liang <Enoch.Liang@ltlattorneys.com>; Michael Song <michael.song@ltlattorneys.com>; Robert Bunt <rcbunt@pbatyler.com>; Charley Ainsworth <charley@pbatyler.com>; Jason Sheasby <jsheasby@irell.com>
**Cc:** melissa@gillamsmithlaw.com; *** TMUS-Kaifi_C <TMUS-Kaifi_C@gibsondunn.com>
**Subject:** KAIFI v. T-Mobile - Correspondence

Counsel,

Please see the attached correspondence.

Best,
Nathan


**Nathan R. Curtis**

6

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3423 • Fax +1 214.571.2961
NCurtis@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.