# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

KAIFI LLC

          Plaintiff,

v.

T-MOBILE US, INC. and
T-MOBILE USA, INC.,

          Defendants.

Case No. 2:20-cv-281-JRG

**JURY TRIAL DEMANDED**

**PLAINTIFF KAIFI'S REPLY ISO ITS MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS DKT. NO. 92**

██████████████████████████████

## TABLE OF CONTENTS

                                                                                     **Page**

A.    KAIFI's Proposed Supplements Do Not Present A New Theory But Instead Answer T-Mobile's Questions ............................................................................. 1

B.    KAIFI's Second Proposed Supplement Is Based On Non-Public Information. .................. 2

C.    T-Mobile Has Admitted In Writing That It is Withholding Source Code .......................... 3

D.    KAIFI's Amendments Are Important to the Case ............................................................... 4

E.    Any Alleged Prejudice is the Result of T-Mobile's Gamesmanship ................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis-Lynch, Inc.*,
  No. 6:07-cv-559, 2009 WL 81847 (E.D. Tex. Jan, 12, 2009) ....................................................... 5

*EMG Tech., LLC v. Chrysler Grp., LLC*,
  2013 WL 12147662 (E.D. Tex. July 3, 2013) .......................................................................... 2, 4

*Glob. Sessions LP v. Travelocity.com LP*,
  2012 WL 1903903 (E.D. Tex. May 25, 2021) ........................................................................ 2, 4

*Rayethon Co. v. Indigo Sys. Corp.*,
  No. 4-07-cv-109, D.I. 407 (E.D. Tex. Dec. 23. 2008); ................................................................ 4

### A. KAIFI's Proposed Supplements Do Not Present A New Theory But Instead Answer T-Mobile's Questions.

The original infringement contentions were served on October 30, 2020. On December 7, 2020 while dealing with the untimely death of the partner in charge of the technical aspects of this case, KAIFI explained that "[a]t no point in time did we ever[] take the position that the location register must be a single unitary physical object nor did we take the position that the UE could not hold location information." Motion at Ex. I at 2. Lest there be any debate or ambiguity, KAIFI served a First Proposed Supplement on January 12, 2021 to make this clear, and ask T-Mobile to agree to a motion to amend. At no point in time between December 7, 2021 and T-Mobile's opposition did it ever identify any concrete example of prejudice. During this time period the parties met and conferred multiple times and exchanged at least seven emails over the course of more than a month, and not once did T-Mobile raise its voice as to prejudice. Ex. I.

T-Mobile's assertions that KAIFI could have included the explanation about the location register in its original contentions and that KAIFI did not cite to any evidence in support of this alleged new theory are baseless. KAIFI could not have anticipated T-Mobile's questions related to "location register." The original contentions do not assert that the location register must be a single physical location and cannot involve the mobile device. KAIFI did not cite to any evidence to support its clarification because at the time of the Proposed First Supplement (which was before T-Mobile produced a single technical document) there was no publicly available information to cite. Once T-Mobile produced confidential information, KAIFI sought to include it in its Proposed Second Supplement.

The cases T-Mobile cites are distinguishable because the proposed amendments in those cases sought to add citations to information that was previously publicly available. Here, by contrast, KAIFI seeks to answer questions that T-Mobile itself asked (First Supplement) and to

1

add confidential information (Second Supplement). *Glob. Sessions LP v. Travelocity.com LP*, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2021) (leave to amend granted to add "specificity and detail to the contentions" but denied as to third party websites publicly available at the time of PICs); *EMG Tech., LLC v. Chrysler Grp., LLC*, 2013 WL 12147662 (E.D. Tex. July 3, 2013) (publicly available third party websites).[1]

### B.   KAIFI's Second Proposed Supplement Is Based On Non-Public Information.

T-Mobile contends that KAIFI's other amendments involve public information. Opp. at 8. This representation to the Court has no connection to reality. Rather, every passage identified by T-Mobile cites to documents designated by T-Mobile as "Restricted – Attorneys Eyes Only." (*See* Ex. A, T-Mobile documents referred to in Ex. 8 at 51-53, 64, 67, 68, 90, 93, 98, 99, 114-18, and 120). Thus, KAIFI could not have made these amendments before receiving T-Mobile's confidential technical document production.

T-Mobile next alleges that KAIFI should have included the additional details in the Proposed Supplements in KAIFI's original contentions because (1) they were also advanced in the AT&T Litigation and (2) the location information identified in the Proposed Second Supplement are all identified in public standards documents. For T-Mobile's argument to hold any weight, it would require KAIFI to make two improper assumptions regarding the operation of T-Mobile's network before it even had an opportunity to review T-Mobile's technical document production: KAIFI would have to assume that T-Mobile's network operates in the same manner as AT&T's; and T-Mobile's network is fully compliant with all relevant standards.  If T-Mobile intends to

---

[1] T-Mobile's suggestion that KAIFI did not comply with the meet and confer requirements is baseless. There is no dispute that T-Mobile received a draft of this motion before it was filed, and local counsel for KAIFI made clear that the parties were at an impasse. Ex. J at 1 "There is no requirement for lead and local counsel to participate in a meet and confer on such a motion. There is no reason to delay this further. It is obvious you are opposed" *Id*. And, as reflected in T-Mobile's opposition, it clearly opposes the Proposed Supplements.

██████████████████████████████████████████████████

maintain that its system operates in relevant part identical to AT&T's system, it should state this explicitly. KAIFI does not have enough information to make assumptions regarding the similarities or differences between T-Mobile's and AT&T's networks. ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

apparently T-Mobile's lawyers expected KAIFI to not believe the representations it made about the AT&T system in the previous case. Additionally, T-Mobile has not made any representation regarding the extent of its compliance with any standards, but instead claims that it is not compliant with certain standards. ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Thus, it is not reasonable for T-Mobile to expect KAIFI to assume that its network is fully complaint with all relevant standards, when T-Mobile disputes this premise.

### C. T-Mobile Has Admitted In Writing That It is Withholding Source Code

T-Mobile represents to this Court that "KAIFI's argument regarding source code appears to be no more than a pretext . . . As T-Mobile has explained to KAIFI multiple times, the source code KAIFI seeks is not in T-Mobile's possession." Opp. at 11. T-Mobile's position has no credidility. ████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████. T-Mobile stated that they "are producing documents concerning this API", however T-Mobile arbitrarily refused to produce these materials until after this motion practice is complete. *Id.* at 1-2.

3

### D. KAIFI's Amendments Are Important to the Case

T-Mobile's argument that the amendments are not important because KAIFI did not present them earlier is entirely circular. As to the Proposed First Supplement, the amendments are important because they address a clear point of controversy: T-Mobile apparently believes that it does not use a single physical device that serves the functions of a location register and that this provides a non-infringement defense. KAIFI's amendment makes clear that the number of physical boxes that contribute to the location register is irrelevant. Moreover, the Proposed Second Supplement is based on confidential T-Mobile information produced about one month before the amendment, so the suggestion that it could have occurred earlier has no connection to reality.

### E. Any Alleged Prejudice is the Result of T-Mobile's Gamesmanship

T-Mobile's prejudice claim is manufactured. During extensive meet and confers, T-Mobile could not once identify any prejudice. Motion at Ex. I. Moreover, T-Mobile was on notice of KAIFI's position regarding the "location register" as early as December 7, 2020 (over a month before its invalidity contentions were due, and two months before exchanging proposed constructions). Any failure to address this issue in its initial prior art searching is a problem of T-Mobile's own making. As to the Proposed Second Supplement, there is no prejudice because it relates solely to confidential technical information produced within approximately one month of the amendment. To the extent T-Mobile believes this amendment alters its invalidity contentions, it can seek to amend.

The cases T-Mobile cites are not on point, as they relate to amendments based on public information much later in the case. For example, in *Raytheon*, the plaintiff sought leave to amend after the claim construction hearing and after fact discovery had closed. *Rayethon Co. v. Indigo Sys. Corp.*, No. 4-07-cv-109, D.I. 407 at 1 (E.D. Tex. Dec. 23. 2008); *see also EMG Tech.*, 2013 WL 12147662, at *4 (seeking leave to add information from public third-party websites); *Glob.*

4

*Sessions LP*, 2012 WL 81874 at *2-3 (seeking leave to to include publicly available websites and productions 9 months after serving PICs); *Davis-Lynch, Inc.*, No. 6:07-cv-559, 2009 WL 81847 at *1-2 (E.D. Tex. Jan, 12, 2009) (seeking leave to accuse additional products based on technical documents in plaintiff's possession for 8 months).

KAIFI agrees with T-Mobile that a continuance is not warranted here because it would reward T-Mobile for its own lack of diligence and gamesmanship.

Date: March 29, 2021

Respectfully submitted,

/s/Michael J. Song
(with permission by Robert C. Bunt)

Michael J. Song
Cal. Bar No. 243675 (admitted in E.D. Texas)
Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:   (213) 612-3773
Email:  enoch.liang@ltlattorneys.com
Email:  michael.song@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone:  (903) 531-3535
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff KAIFI LLC*

5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on March 29, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 80).

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt