**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

KAIFI LLC,

        Plaintiff,

   v.

T-MOBILE US, INC. and
T-MOBILE USA, INC.,

        Defendants.

Case No. 2:20-CV-00281-JRG

Hon. Rodney Gilstrap

**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S
SUR-REPLY TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT .............................................................................................................. 1

        A.      KAIFI's Proposed Supplements Present New Infringement Theories ................... 1

        B.      KAIFI's New Infringement Theories Are Based upon Public Information .......... 2

        C.      KAIFI's Proposed Supplements Are Not Responsive to T-Mobile's
                Questions.................................................................................................................. 3

        D.      KAIFI's Amendments Are Not Important to the Case ........................................... 4

        E.      T-Mobile Will Be Prejudiced and Has Alleged This to KAIFI ............................. 5

III.    CONCLUSION............................................................................................................ 5

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---------|----------|
| 1 | Excerpts from KAIFI_0000631–KAIFI_0000773 (3GPP TS 23.008 V15.7.0) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| *AT&T* litigation | *KAIFI LLC v. AT&T Corp.*, No. 2:19-cv-00138-JRG (E.D. Tex.) |
| First Supplement | Redline of Infringement Contentions to KAIFI's Proposed First Supplemental Disclosure of Asserted Claims & Infringement Contentions (Jan. 12, 2021) (D.I. 112-7) |
| Infringement Contentions | KAIFI's Disclosure of Asserted Claims & Infringement Contentions (Oct. 30, 2020) |
| KAIFI | Plaintiff KAIFI LLC |
| Opp. | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Opposition Brief to KAIFI's Motion for Leave to Amend Infringement Contentions (Mar. 19, 2021)  (D.I. 112) |
| OTT | over-the-top |
| Reply | Plaintiff KAIFI's Reply In Support of KAIFI's Motion for Leave to Amend Infringement Contentions (Mar. 29, 2021) (D.I. 119) |
| Second Supplement | Redline of Infringement Contentions to KAIFI's Proposed Second Supplemental Disclosure of Asserted Claims & Infringement Contentions (Feb. 19, 2021) (D.I. 112-9) |
| T-Mobile | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. |

# TABLE OF AUTHORITIES

Page(s)

CASES

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
    No. 6:07-cv-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ....................................................5

*EMG Tech., LLC v. Chrysler Grp., LLC*,
    No. 6:12-cv-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ...........................................3, 4

*Glob. Sessions LP v. Travelocity.com LP*,
    No. 6:10-cv-671, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ............................................5

*KAIFI LLC v. AT&T Inc. et al.*,
    No. 2:19-cv-00138-JRG, D.I. 192 (E.D. Tex. June 18, 2020)...................................................5

*Raytheon Co. v. Indigo Sys. Corp.*,
    No. 4:07-cv-109, D.I. 407 (E.D. Tex. Dec. 23, 2008) ............................................................1

## I.      INTRODUCTION

KAIFI's reply distracts from one simple fact:  KAIFI improperly seeks to add new infringement theories based upon information known to KAIFI long before it served its Infringement Contentions.  Due to KAIFI's lack of diligence, the lack of importance of these amendments, and the resulting prejudice to T-Mobile, T-Mobile respectfully requests that the Court deny KAIFI's motion for leave to amend.

## II.     ARGUMENT

### A.      KAIFI's Proposed Supplements Present New Infringement Theories

KAIFI's proposed supplements indisputably add new infringement theories.   While KAIFI's original contentions identify three potential "location registers," its proposed supplements add *two additional* potential "location registers."  *Compare* D.I. 112-2, App'x 1 at 16–20, *with* D.I. 112-7 at 16, *and* D.I. 112-9 at 49.  Moreover, KAIFI's supplements make the allegation— absent from its original contentions—that the location register can be "distributed" across any of these components. D.I. 112-7 at 16–17, D.I. 112-9 at 49.  In addition, KAIFI's Second Supplement added *over a dozen* additional accused examples of what qualifies as the alleged "location information."  *See* D.I. 112-9 at 64, 89; D.I. 112 at 4 n.6.  KAIFI does not deny any of these facts.

Instead, KAIFI turns its disclosure obligations on their head.  It argues that "[t]he original contentions do not assert that the location register must be a single physical location and cannot involve the mobile device."  Reply at 1.  KAIFI apparently believes that it can assert any new infringement theory it wishes, as long as it did not expressly disclaim that theory in its original contentions.  To the contrary, the Local Rules require early, specific disclosure of infringement theories so that the case may proceed on "a stable set of infringement contentions." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, D.I. 407 at 2 (E.D. Tex. Dec. 23, 2008) (internal quotations and citations omitted).

**B.     KAIFI's New Infringement Theories Are Based upon Public Information**

KAIFI's supplements are also indisputably based on public information available to KAIFI when it served its Infringement Contentions.  KAIFI does not (and cannot) dispute that its First Supplement was necessarily based on public information, because it was served *before* T-Mobile's technical production.  Thus, the new theories identified in its First Supplement—including the newly accused "location registers" and the new theory that the location register can be "distributed across components in the system"—cannot be based on confidential information.  *See* D.I. 112-7 at 16–17.  KAIFI's Second Supplement, in which it further added newly accused examples of "location information," is also indisputably based on public information available to KAIFI when it served its Infringement Contentions.  KAIFI does not dispute that its new examples of "location information" are identified in public 3GPP standards—including the very standards KAIFI cites in its Infringement Contentions.  Many of these same components were also accused by KAIFI in the *AT&T* litigation.  *See* Opp. at 8–9.

KAIFI's only excuse is that it would have been "improper" to assume that T-Mobile was "fully" compliant with the relevant 3GPP standards.  Reply at 2–3.  But no such assumption was required (or warranted).  KAIFI's Infringement Contentions identified several accused examples of "location information" found in public 3GPP standards, including PDN Address, subscribed QoS profile, and Access Point Name (APN).  D.I. 112-2, App'x 1 at 19 (citing 3GPP TS 23.008, Tables 5.2A-1 and 5.2A-2 (Ex. 1 at 46, 50, 53, 120–22 (in yellow))).  KAIFI now seeks to add new examples of "location information" (*e.g.*, NR Cell Global ID, E-UTRAN Cell Global ID, and Tracking Area Identity) identified in the *very same public standard*.  *See* Ex. 1 at 31–32, 50, 120–21 (in blue).  KAIFI made the deliberate choice to accuse some of these examples, but not others.

Indeed, KAIFI's argument regarding T-Mobile's non-compliance with the optional ANDSF portion of the 3GPP standard (Reply at 3) is doubly irrelevant.  The ANDSF standard

2

(3GPP TS 24.312) has *nothing to do* with KAIFI's new accused "location information," disclosed in the separate 3GPP TS 23.008.  Moreover, T-Mobile informed KAIFI that it did not implement the ANDSF standard *after* KAIFI had served its Second Supplement.  Thus, this information was indisputably irrelevant to KAIFI's new infringement theories, advanced before it learned anything about T-Mobile's non-compliance with ANDSF.

KAIFI did not need to "assume" T-Mobile's "full" compliance with 3GPP standards to disclose its infringement theories; it simply had to rely on the very same 3GPP standard it cited thirty-two times in its Infringement Contentions for this exact same claim element.  *See generally* D.I. 112-2.  As T-Mobile has repeatedly represented to KAIFI, T-Mobile does not oppose amendment of KAIFI's contentions to add citations to T-Mobile's confidential documents to KAIFI's already disclosed theories.  But what T-Mobile opposes, and what the law forbids, is for KAIFI to deliberately ignore publicly available information and then belatedly add new infringement theories under the guise of adding citations to confidential documents.[1]  *EMG Tech., LLC v. Chrysler Grp., LLC*, No. 6:12-cv-259, 2013 WL 12147662, at *3 (E.D. Tex. July 3, 2013).

### C.    KAIFI's Proposed Supplements Are Not Responsive to T-Mobile's Questions

KAIFI's attempt to justify its new theories as simply responding to T-Mobile's questions fails for a simple reason—T-Mobile's questions are still unanswered.  For example, regarding the various potential "location registers" and examples of "location information" in KAIFI's original

---

[1]  KAIFI also repeats the false and irrelevant accusation that T-Mobile has withheld source code. Reply at 3.  T-Mobile has consistently and truthfully represented to KAIFI that the source code KAIFI seeks is not in its possession.  *See, e.g.*, Opp. at 11.  As explained in T-Mobile's opposition to KAIFI's motion to compel, when KAIFI sought discovery regarding APIs provided to third parties (not source code of the network components accused by KAIFI), T-Mobile agreed to produce the information to avoid a dispute, even though the single API that T-Mobile identified, which relates to data rates for streaming videos, has nothing to do with KAIFI's claims.  *See* D.I. 117 at 4; *see also* D.I. 117-6 at 2.  Moreover, this API is irrelevant to KAIFI's motion—none of KAIFI's new infringement theories relate whatsoever to the API.

contentions, T-Mobile noted that KAIFI did not disclose "what *each* alleged 'location register' is and what 'location information' *each* stores."  D.I. 112-3 at 2.  KAIFI's proposed supplements put T-Mobile even further in the dark.  As discussed above, instead of nine potential examples of "location information" across three potential "location registers," KAIFI now attempts to accuse over *twenty* separate items as allegedly qualifying as "location information" across *five* accused "location registers."  Instead of clarifying its contentions, KAIFI's proposed supplements simply exacerbate the confusion.

Moreover, T-Mobile explained that KAIFI's Infringement Contentions were deficient regarding OTT services because they operate in a materially different way than the sole charted accused product, Wi-Fi Calling.  D.I. 112-3 at 3–5.  For example, T-Mobile noted that, because OTT services do not touch T-Mobile's network when the device is connected to Wi-Fi, "KAIFI's Infringement Contentions do not explain how the PDN GW [the accused "router" for Wi-Fi Calling] serves as the claimed "router" for [OTT] services."  *Id.* at 4.  T-Mobile remains in the dark regarding KAIFI's infringement theory for OTT services, because its proposed supplements still do not provide a chart for OTT services.  Setting aside the implausibility of KAIFI's contention that it "could not have anticipated T-Mobile's questions related to 'location register'" (Reply at 1), the proposed supplements do nothing to address the deficiencies identified by T-Mobile.

### D.    KAIFI's Amendments Are Not Important to the Case

KAIFI effectively conceded its amendments' lack of importance by failing to address this prong at all in its opening brief.  It now argues that the amendments are important because they make clear that location register can be distributed across several components.  Reply at 4.  But KAIFI's amendments were not "clarifications."  Additionally, KAIFI still ignores any alleged importance of its newly identified examples of the accused "location registers" and "location information."  KAIFI knew exactly how to articulate these new theories as it took the same

positions in the *AT&T* litigation.  *See KAIFI LLC v. AT&T Inc. et al.*, No. 2:19-cv-00138-JRG, D.I. 192 at 5–10 (E.D. Tex. June 18, 2020).  KAIFI can still proceed with the infringement theories properly disclosed in its original contentions, but not theories it deliberately chose to exclude.

**E.      T-Mobile Will Be Prejudiced and Has Alleged This to KAIFI**

Contrary to KAIFI's misstatements (Reply at 1, 4), T-Mobile has repeatedly, and as early as November 2020, informed KAIFI that its new theories are prejudicial because T-Mobile has prepared its invalidity contentions and claim construction arguments in reliance on KAIFI's Infringement Contentions.  *See* D.I. 112-3 at 1; D.I. 112-5 at 3.  KAIFI disingenuously accuses T-Mobile of "gamesmanship" and argues that any prejudice is T-Mobile's "own making."  Reply at 4.  It is not "gamesmanship" to expect that KAIFI will abide by the Local Rules' disclosure requirements and the deadlines set by this Court.  T-Mobile was justified in relying on KAIFI's operative Infringement Contentions when preparing its invalidity contentions.  The prejudice to T-Mobile would result directly from KAIFI's deliberate delay in asserting publicly available information months after its Infringement Contentions were due.

Finally, T-Mobile's cases are directly on point:  they involve a plaintiff seeking to amend based on public information when the parties are nearing the *Markman* hearing.  *See Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *5 (E.D. Tex. Jan. 12, 2009) (allowing amendments two months from *Markman* "would still be prejudicial—especially in light of the looming deadlines in this case"); *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2012) (finding prejudice "because the claim construction hearing is one month away" and defendants "would have little time to conduct new prior art searches or reassess its invalidity theories").  T-Mobile would suffer the same prejudice.

**III.    CONCLUSION**

T-Mobile respectfully requests that the Court deny KAIFI's motion for leave to amend.

DATE:  April 6, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Josh A. Krevitt*  _____

    Josh A. Krevitt
    New York Bar No. 2568228
    Benjamin Hershkowitz
    New York State Bar No. 2600559
    Katherine Q. Dominguez
    New York Bar No. 4741237
    Paul J. Kremer
    New York Bar No. 4900338
    **GIBSON, DUNN & CRUTCHER LLP**
    200 Park Avenue
    New York, New York 10166-0193
    Telephone: (212) 351-4000
    Facsimile: (212) 351-4035
    bhershkowitz@gibsondunn.com
    kdominguez@gibsondunn.com
    pkremer@gibsondunn.com

    Robert Vincent
    Texas State Bar No. 24056474
    Nathan R. Curtis
    Texas State Bar No. 24078390
    Audrey Yang
    Texas State Bar No. 24118593
    **GIBSON, DUNN & CRUTCHER LLP**
    2001 Ross Avenue
    Dallas, Texas 75201-2923
    Telephone: (214) 698-3423
    Fax: (214) 571-2961
    rvincent@gibsondunn.com
    ncurtis@gibsondunn.com
    ayang@gibsondunn.com

    Melissa R. Smith
    Texas State Bar No. 24001351
    **GILLAM & SMITH, LLP**
    303 S. Washington Ave.
    Marshall, TX 75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    Melissa@gillamsmithlaw.com

*Attorneys for Defendants T-Mobile US, Inc.*
*and T-Mobile USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on April 6, 2021.

*/s/ Josh A. Krevitt*
Josh A. Krevitt
