IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC., and<br>T-MOBILE USA, INC.,<br><br>    Defendants. | **CASE NO. 2:20-CV-281-JRG**<br><br>**JURY TRIAL DEMANDED** |
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON SERVICES CORP., VERIZON ENTERPRISE SOLUTIONS, LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON BUSINESS NETWORK SERVICES, LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES, LLC, VERIZON MEDIA INC., and VERIZON ONLINE, LLC,<br><br>    Defendants. | **CASE NO. 2:20-CV-280-JRG**<br><br>**JURY TRIAL DEMANDED** |

**T-MOBILE AND VERIZON'S MOTION FOR THE ISSUANCE OF
LETTERS OF REQUEST  TO EXAMINE PERSONS AND INSPECT DOCUMENTS
<u>PURSUANT TO THE HAGUE CONVENTION</u>**

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") and Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate

1

Services Group, Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC (collectively, "Verizon," and collectively with T-Mobile, "Defendants") respectfully request that this Court issue Letters of Request in the form attached hereto as Exhibits A–G, addressed to the Central Authority of the Republic of Korea, to inspect documents and examine persons as relevant to the above-captioned action.

This motion is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in force between the United States and the Republic of Korea.  Counsel for Defendants have conferred with counsel for Plaintiff KAIFI LLC ("KAIFI").  KAIFI stated that it takes no position on Defendants' motion.

## I.   BACKGROUND

In each of the above-captioned actions, KAIFI alleges that Defendants infringe U.S. Patent No. 6,922,728 (Dkt. No. 1-2) (the "728 patent").  Dkt. No. 1 ¶ 37.  This motion concerns trial evidence relating to the 728 patent.  Specifically, Defendants bring this motion with respect to: (1) the Korea Advanced Institute of Science & Technology ("KAIST"); (2) the individual Hyun-Ho Choi; (3) the individual Jee-Young Song; and (4) the individual Jaehyeong Park.  Defendants have ascertained each of the above-indicated entities and individuals possess certain information relevant to the above-captioned litigations and to be used at trial.  In the interest of convenience and judicial economy, and because the evidence sought by both T-Mobile and Verizon is identical and concerns the same patent being asserted by the same plaintiff, Defendants jointly bring this motion for issuance of joint letters of request.

## II.   ARGUMENT

Under the Hague Evidence Convention, a signatory to the Convention may request that the competent authority of another signatory obtain evidence from its residents for use in foreign

2

judicial proceedings. 23 U.S.T. 2555, T.I.A.S. No. 7444, art. 1; *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 533 (1987). The United States and the Republic of Korea are signatories to the Hague Evidence Convention. Hague Evidence Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last accessed January 25, 2021). This Court is authorized to issue Letters of Request and to transmit Letters of Request directly to the National Court Administration under Rule 28 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2).

Letters of Request requesting certain documents and enabling the parties to depose certain employees of KAIST are attached to this motion as Exhibits A & B. Similarly, Letters of Request requesting certain documents and enabling the parties to depose Hyun-Ho Choi, Jee-Young Song, and Jaehyeong Park, respectively, are attached to this motion as Exhibits C–G. Each Letter of Request conforms to the requirements provided in the Hague Evidence Convention and requests evidence to be used at trial.

**KAIST.** Defendants' request for execution of the Letters of Request directed to KAIST, attached hereto as Exhibits A and B, should be granted because KAIST is the original assignee named on the face of the 728 patent, is the location where the 728 patent was purportedly developed, and is the employer of Dong-Ho Cho (who is named as an inventor on the face of the 728 patent). Dkt. No. 1 ¶¶ 25, 28. KAIST is likely to possess information relevant to Defendants' defenses to KAIFI's allegations of infringement of the 728 patent and other aspects of this action, including but not limited to Defendants' invalidity defenses, KAIFI's claim for damages, and documents relating to the alleged invention(s) of the 728 patent. For example, KAIST possesses knowledge relating to the alleged invention and patenting of the 728 patent (including prior art), ownership of the 728 patent, and the validity and enforceability of the 728 patent.

*Hyun-Ho Choi.* Defendants' request for execution of the Letters of Request directed to the individual Hyun-Ho Choi, attached hereto as Exhibits C and D, should be granted because, at or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and named inventor Dong-Ho Cho were researching and/or working together at KAIST in the same department (Electrical Engineering) and were named as joint authors on multiple publications relating to wireless communications. As a co-researcher in wireless communications with Dong-Ho Cho at or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi is likely to have information relating to this litigation. Hyun-Ho Choi is likely to possess information relevant to Defendants' defenses to KAIFI's allegations of infringement of the 728 patent and other aspects of this action, including but not limited to Defendants' invalidity and unenforceability defenses. For example, Hyun-Ho Choi likely possesses knowledge relating to the alleged invention of the 728 patent, including but not limited to his contribution to the purported subject matter of the 728 patent, his role in the conception, development, testing, or reduction to practice of the alleged invention(s) of the 728 patent, and engineering and laboratory notebooks or the like relating to the purported subject matter of the 728 patent.

*Jee-Young Song.* Defendants' request for execution of the Letters of Request directed to the individual Jee-Young Song, attached hereto as Exhibits E and F, should be granted because, at or around the time of the alleged invention of the 728 patent, Jee-Young Song and named inventor Dong-Ho Cho were researching and/or working together at KAIST in the same department (Electrical Engineering) and were named as joint authors on multiple publications relating to wireless communications. As a co-researcher in wireless communications with Dong-Ho Cho at or around the time of the alleged invention of the 728 patent, Jee-Young Song is likely to have information relating to this litigation. Jee-Young Song is likely to possess information relevant to

Defendants' defenses to KAIFI's allegations of infringement of the 728 patent and other aspects of this action, including but not limited to Defendants' invalidity and unenforceability defenses. For example, Jee-Young Song likely possesses knowledge relating to the alleged invention of the 728 patent, including but not limited to her contribution to the purported subject matter of the 728 patent, her role in the conception, development, testing, or reduction to practice of the alleged invention(s) of the 728 patent, and engineering and laboratory notebooks or the like relating to the purported subject matter of the 728 patent.

***Jaehyeong Park.*** Finally, Defendants' request for execution of the Letter of Request directed to the individual Jaehyeong Park, attached hereto as Exhibit G, should be granted because as a Manager and patent licensing agent for Intellectual Discovery Co., Ltd., Jaehyeong Park is likely to have information relating to this litigation. Subsequent to the assignment of the 728 patent to Intellectual Discovery Co., Ltd., Jaehyeong Park was employed as a Manager with Intellectual Discovery Co., Ltd., and was involved in attempts to license or otherwise monetize the 728 patent. Jaehyeong Park is likely to possess information relevant to Defendants' defenses to KAIFI's allegations of infringement of the 728 patent and other aspects of this action, including but not limited to Defendants' damages defenses. For example, Jaehyeong Park likely possesses knowledge relating to Intellectual Discovery Co., Ltd.'s attempts to license the 728 patent, analyses of the value of the alleged invention(s) of the asserted patent, and revenue and licensing projections and models prepared for the 728 patent.

The above-listed entities and individuals are located in South Korea, and accordingly are beyond the subpoena power of this Court under Rule 45 of the Federal Rules of Civil Procedure. Defendants will not be able to obtain discovery from these entities and individuals by any other process. Thus, Defendants must resort to service in accordance with the terms of the Hague

Evidence Convention to obtain the discovery Defendants need to further establish their defenses and positions in this action.  Accordingly, Defendants respectfully requests that the Court grant the instant motion and issue the Letters of Request attached hereto as Exhibits A–G so that Defendants may obtain discovery that is highly relevant to Defendants' defenses, including their invalidity and damages positions.

### III.  CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant this motion and execute the Letters of Request attached as Exhibits A–G.  Defendants further request that, after the Court has signed each Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and return each original signed and sealed executed Letter, and two certified copies of each signed and sealed executed Letter, to Nathan R. Curtis, Gibson, Dunn & Crutcher LLP, 2001 Ross Avenue, Suite 2100, Dallas, TX 75201, for delivery to the proper authority in the Republic of Korea.

DATED:  May 19, 2021

/s/ *Josh A. Krevitt*

Josh A. Krevitt
New York Bar No. 2568228
Benjamin Hershkowitz
New York Bar No. 2600559
Katherine Q. Dominguez
New York Bar No. 4741237
Paul J. Kremer
New York Bar No. 4900338
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com
pkremer@gibsondunn.com

Robert Vincent
Texas State Bar No. 24056474
Nathan R. Curtis
Texas State Bar No. 24078390
Audrey Yang
Texas State Bar No. 24118593
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Dallas, Texas 75201-2923
Telephone: (214) 698-3423
Facsimile: (214) 571-2961
ncurtis@gibsondunn.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*

7

/s/ Kevin P. Anderson

Deron R. Dacus
Texas State Bar No. 2568228
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (212) 581-2543
ddacus@dacusfirm.com

Kevin P. Anderson
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7851
Facsimile: (202) 478-2620
kpanderson@duanemorris.com

*Attorneys for Defendants Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate Services Group, Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on May 19, 2021.

*/s/ Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

On April 8, 2021, counsel for T-Mobile contacted counsel for KAIFI regarding this motion. Counsel for KAIFI indicated that it takes no position regarding this motion.

*/s/ Melissa R. Smith*