# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC., and T-MOBILE USA, INC.,<br><br>       Defendants. | CASE NO. 2:20-CV-281-JRG<br><br>JURY TRIAL DEMANDED |
| KAIFI LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON SERVICES CORP., VERIZON ENTERPRISE SOLUTIONS, LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON BUSINESS NETWORK SERVICES, LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES, LLC, VERIZON MEDIA INC., and VERIZON ONLINE, LLC,<br><br>       Defendants. | CASE NO. 2:20-CV-280-JRG<br><br>JURY TRIAL DEMANDED |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
<u>THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

GREETINGS:

| 1. Sender | The Honorable Rodney Gilstrap<br>United States District Court for the Eastern District of Texas |
|---|---|

|  | Sam B. Hall, Jr. Federal Building and United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670<br>USA |
| --- | --- |
| 2. Central Authority of the Requested State | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seocho-gu<br>Seoul 06590<br>Republic of Korea |
| 3. Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | As soon as reasonably practicable.<br><br>Reason for urgency: The court's designated deadline for submitting documentary and testimonial evidence in this case is July 9, 2021.  Defendants respectfully request prompt execution of this Request given the deadline above. |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. | Requesting Judicial Authority (Article 3, a) | The Honorable Rodney Gilstrap<br>United States District Court for the Eastern District of Texas<br>Sam B. Hall, Jr. Federal Building and United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670<br>USA |
| --- | --- | --- | --- |
|  | b. | To the competent Authority of (Article 3, a) | Republic of Korea |
|  | c. | Name of the case and any identifying number | *KAIFI LLC v. T-Mobile US, Inc., et al.*, Case No. 2:20-cv-00281-JRG, United States District Court for the Eastern District of Texas. |

| | | | |
|---|---|---|---|
| | | | *KAIFI LLC v. Verizon Communications, Inc., et al.*, Case No. 2:20-cv-00280-JRG, United States District Court for the Eastern District of Texas. |
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | | |
| | a. | Plaintiff | KAIFI LLC ("KAIFI") |
| | | Representatives | Enoch H. Liang<br>Michael J. Song<br>Vincent M. Pollmeier<br>LTL ATTORNEYS LLP<br>300 S. Grand Ave., 14th Fl.<br>Los Angeles, California 90071<br>Telephone: (213) 612-8900<br>Facsimile: (213) 612-3773<br>Email: enoch.liang@ltlattorneys.com<br>Email: michael.song@ltlattorneys.com<br>Email: vincent.pollmeier@ltlattorneys.com<br><br>Robert Christopher Bunt<br>PARKER, BUNT & AINSWORTH PC<br>100 E. Ferguson St., Suite 418<br>Tyler, Texas 75702<br>Email: rcbunt@pbatyler.com |
| | b. | Defendants | T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile"); and Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate Services Group, Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC (collectively, "Verizon," and collectively with T-Mobile, "Defendants"). |
| | | Representatives | Josh A. Krevitt<br>Benjamin Hershkowitz<br>Katherine Q. Dominguez<br>Paul J. Kremer<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>Email: jkrevitt@gibsondunn.com |

|   |   |   | Email: bhershkowitz@gibsondunn.com<br>Email: kdominguez@gibsondunn.com<br>Email: pkremer@gibsondunn.com<br><br>Nathan R. Curtis<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2923<br>Tel: (214) 698-3423<br>Fax: (214) 571-2961<br>Email: ncurtis@gibsondunn.com<br><br>Melissa R. Smith<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone:  (903) 934-8450<br>Facsimile:  (903) 934-9257<br>Email: melissa@gillamsmithlaw.com |
|---|---|---|---|
| 7. | a. | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | This is a civil action alleging patent infringement under the patent laws of the United States.<br><br>The above-captioned cases concern the same Plaintiff and the same asserted patent, and thus the information sought in these requests is equally relevant to issues common to both litigations.  For convenience and conservation of judicial resources, counsel for T-Mobile and Verizon have therefore coordinated to file this single, consolidated set of requests under the Hague Convention applicable to both cases. |
|   | b. | Summary of complaint | The complaint alleges that T-Mobile infringes U.S. Patent No. 6,922,728 (the "728 patent") by making, using, selling, offering to sell, and/or importing certain wireless/cellular instrumentalities.  KAIFI alleges it is entitled to damages constituting, in part, a reasonable royalty on a license for the 728 patent.  KAIFI also alleges it is entitled to an injunction preventing T-Mobile's alleged continuing infringement of the 728 patent.  KAIST is the original assignee named on the face of the 728 patent.  The 728 patent was then |

| | | | |
|---|---|---|---|
| | | | allegedly assigned to Intellectual Discovery Co., Ltd., and then to KAIFI.<br><br>The complaint alleges that Verizon infringes U.S. Patent No. 6,922,728 (the "728 patent") by making, using, selling, offering to sell, and/or importing certain wireless/cellular instrumentalities.  KAIFI alleges it is entitled to damages constituting, in part, a reasonable royalty on a license for the 728 patent.  KAIFI also alleges it is entitled to an injunction preventing Verizon's alleged continuing infringement of the 728 patent.  KAIST is the original assignee named on the face of the 728 patent.  The 728 patent was then allegedly assigned to Intellectual Discovery Co., Ltd., and then to KAIFI. |
| | c. | Summary of defenses | In defense against KAIFI's claims of patent infringement, T-Mobile asserts, inter alia, that it does not infringe any of the claims of the 728 patent.  T-Mobile also asserts that KAIFI cannot enforce the 728 patent because it does not own all right, title, and interest in that patent; and that the 728 patent is unenforceable because it does not properly list all inventors.  T-Mobile further asserts that the claims of the 728 patent are invalid under at least 35 U.S.C. §§ 102, 103, and 112; are ineligible for patent protection under 35 U.S.C. § 101; and are unenforceable under equitable doctrines that include, but are not limited to, estoppel, unclean hands, waiver, and implied waiver.<br><br>In defense against KAIFI's claims of patent infringement, Verizon asserts, inter alia, that it does not infringe any of the claims of the 728 patent.  Verizon also asserts that KAIFI cannot enforce the 728 patent because it does not own all right, title, and interest in that patent; and that the 728 patent is unenforceable because it does not properly list all inventors.  Verizon further asserts that the claims of the 728 patent are invalid under at least 35 U.S.C. §§ 102, 103, and 112; are ineligible for patent protection under 35 |

| | | | U.S.C. § 101; and are unenforceable under equitable doctrines that include, but are not limited to, estoppel, unclean hands, waiver, and implied waiver.  Finally, Verizon asserts that the KAIFI's claims for damages are statutorily limited under at least 35 U.S.C. §§ 286 and 287; that KAIFI is barred from recovering costs under 35 U.S.C. § 288; and that claims for relief are limited under the doctrines of full compensation, exhaustion, and/or first sale.<br><br>Hyun-Ho Choi has knowledge and information relevant to Defendants' defenses, including Defendants' contentions that the 728 patent is invalid under United States patent law. |
|---|---|---|---|
| | d. | Other necessary information or documents | Hyun-Ho Choi's current address is:<br><br>Hankyong National University<br>Room 404, Engineering Building 3<br>327, Jungang-ro, Anseong-si, Gyeonggi-do, Republic of Korea |
| 8. | a. | Evidence to be obtained or other judicial act to be performed (Article 3, d) | Documents requested in Attachment A.<br><br>At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho (the inventor named on the face of the 728 patent) were working together at KAIST in the same department (Electrical Engineering) in the field of wireless communication.  Thus, Hyun-Ho Choi possesses information relevant to Defendants' defenses to the complaint's allegations of infringement of the 728 patent and other aspects of the underlying case, including but not limited to Defendants' invalidity defenses, unenforceability defenses, and documents relating to the alleged invention(s) of the 728 patent.  For example, Hyun-Ho Choi possesses knowledge relating to the alleged invention of the 728 patent (including prior art), and inventorship and ownership of the 728 patent.  The evidence sought is directly relevant to the issues in dispute. |

6

|  |  |  | Defendants have no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
|  | b. | Purpose of the evidence or judicial act sought | The evidence sought is directly relevant to the issues in dispute.  In particular, Defendants seek documents regarding the document requests listed in Attachment A.  The relevance of each request is explained below:<br><br>1. KAIST is the original assignee named on the face of U.S. Patent No. 6,922,728 (the "728 patent") (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and the location where the 728 patent was purportedly developed (and employer of Dong-Ho Cho) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center").  The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method."  *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31.  At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications.  Thus, Hyun-Ho Choi would have possession or control of documents showing the time periods during which he was a student, researcher, or other employee at KAIST. This information is relevant at least to Defendants' invalidity and unenforceability defenses.<br>2. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and |

the location where the 728 patent was purportedly developed (and employer of Dong-Ho Cho) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center").  The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method."  *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31.  At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications.  Thus, Hyun-Ho Choi would have possession or control of documents relating to his duties and responsibilities during his time at KAIST as a student, researcher, or other employee.  This information is relevant at least to Defendants' invalidity and unenforceability defenses.

3. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25), the location where the 728 patent was purportedly developed, and the employer of Dong-Ho Cho (the "Named Inventor") (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center").  The 728 patent is purportedly "directed to an Internet

network connecting and roaming system and method." *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31.  At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications.  Thus, Hyun-Ho Choi would have possession or control of documents relating to his own research.  This information is relevant at least to Defendants' invalidity and unenforceability defenses.

4. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and the location where the 728 patent was purportedly developed (and employer of the Named Inventor) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center").  The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method." *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31.  At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications.  Thus, Hyun-Ho Choi would have possession or control of documents relating to his work, research, interaction, and relationship with Dong-Ho Cho.  This information is

relevant at least to Defendants' invalidity and unenforceability defenses.

5. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and the location where the 728 patent was purportedly developed (and employer of the Named Inventor) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center"). The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method." *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31. At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications. Thus, Hyun-Ho Choi would have possession or control of presentations, articles, and conference papers that he authored or co-authored allegedly relating to the technology claimed in the alleged invention(s) of the 728 patent. This information is relevant at least to Defendants' invalidity and unenforceability defenses.

6. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and the location where the 728 patent was purportedly developed (and employer of the Named Inventor) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and

|  |  |  | "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center"). The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method." *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31. At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications. Thus, Hyun-Ho Choi would have possession or control of research documents referring to his collaboration with Dong-Ho Cho allegedly relating to the technology claimed in the alleged invention(s) of the 728 patent. This information is relevant at least to Defendants' invalidity and unenforceability defenses. |
|  |  |  | 7. KAIST is the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and the location where the 728 patent was purportedly developed (and employer of the Named Inventor) (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center"). The 728 patent is purportedly "directed to an Internet network connecting and roaming system and method." *See* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 31. At or around the time of the alleged invention of the 728 patent, Hyun-Ho Choi and Dong-Ho Cho were working together at |

|     |                                                                                                                                      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| --- | ------------------------------------------------------------------------------------------------------------------------------------ | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |                                                                                                                                      | KAIST in the field of wireless communication in the same department (Electrical Engineering), including joint authorship of multiple publications in the field of wireless communications.  Thus, Hyun-Ho Choi would have possession or control of engineering and laboratory notebooks (or equivalents thereof, such as log books, record books, memoranda, technical reports, diaries, calendars, or test results) relating to the technology claimed in the alleged invention(s) of the 728 patent.  This information is relevant at least to Defendants' invalidity and unenforceability defenses. |
| 9.  | Identity and address of any person to be examined (Article 3, e)                                                                     | None.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | Not applicable.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| 11. | Documents or other property to be inspected (Article 3, g)                                                                           | *See* Attachment A (Document Requests)                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h)                     | Not applicable.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| 13. | Special methods or procedure to be followed (e.g., oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Letter of Request includes the request that Hyun-Ho Choi be directed to produce the documents identified in Attachment A (Document Requests).                                                                                                                                                                                                                                                                                                                                                    |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; such person(s) that you deem proper; and the attorney named below:<br><br>Seong-Soo Park<br>Kim & Chang<br>75, Saemunan-ro (Crescendo Building), Jongno-gu, Seoul, 03182, Korea<br>Tel: +82-2-3703-1870<br>seongsoo.park@kimchang.com |
| 15. | Request for attendance or participation of judicial personnel of the requesting                                                      | No judicial personnel of the requesting authority will attend or participate.                                                                                                                                                                                                                                                                                                                                                                                                                         |

12

|     | authority at the execution of the Letter of Request (Article 8) |                                                                                                                                                                                                                                          |
|-----|-----------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Defendants believe that Hyun-Ho Choi does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Defendants will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. Please contact Defendants' counsel at the addresses set out under paragraph 6.b above, to make any necessary financial arrangements. |

DATE OF REQUEST                    _____ 2021




_____
The Honorable Rodney Gilstrap
United States District Judge
United States District Court for the Eastern District
of Texas, Marshall Division
Sam B. Hall Jr. Federal Building and United States
Courthouse
100 East Houston Street
Marshall, Texas 75670
United States of America
(signature and seal)

13

# ATTACHMENT A

## INSTRUCTIONS

1.      In responding to the document requests set forth below, please furnish documents in your

possession or control.

2.      Any information provided by you will be treated according to the Protective Order in this

case.  If requested, the Protective Order will be provided to you separately.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

The employment and/or enrollment records (or equivalents thereof) showing that you

were a student, researcher, or other employee at KAIST between 1998 and 2001.

**REQUEST NO. 2:**

The job description documents (or equivalents thereof) showing your duties and

responsibilities during your time at KAIST as a student, researcher, or other employee between

1998 and 2001.

**REQUEST NO. 3:**

The research summaries or agendas (or equivalents thereof, such as grant applications)

showing the research you performed between 1998 and 2001.

**REQUEST NO. 4:**

The research summaries or agendas (or equivalents thereof, such as grant applications)

showing research you jointly undertook with Dong-Ho Cho between 1998 and 2001.

**REQUEST NO. 5:**

The presentations, articles, and conference papers that you authored or co-authored

relating to technology for roaming or handover between either a Bluetooth or a Wi-Fi network

and a cellular network, or between "indoor" and "outdoor" networks as those terms are used in

U.S. Patent No. 6,922,728, whether published or not, prior to 2002.

**REQUEST NO. 6:**

Your research documents or other work documents referring to collaboration with Dong-Ho Cho relating to technology for roaming or handover between either a Bluetooth or a Wi-Fi network and a cellular network, or between "indoor" and "outdoor" networks as those terms are used in U.S. Patent No. 6,922,728, prior to 2002.

**REQUEST NO. 7:**

Your engineering and laboratory notebooks (or equivalents thereof, such as log books, record books, memoranda, technical reports, diaries, calendars, or test results) concerning technology for roaming or handover between either a Bluetooth or a Wi-Fi network and a cellular network, or between "indoor" and "outdoor" networks as those terms are used in U.S. Patent No. 6,922,728, prior to 2002.