# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>T-MOBILE US, INC. and T-MOBILE USA, INC.,<br><br>       Defendants. | CASE NO. 2:20-CV-281-JRG<br><br>JURY TRIAL DEMANDED |
| KAIFI LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON SERVICES CORP., VERIZON ENTERPRISE SOLUTIONS, LLC, VERIZON BUSINESS GLOBAL LLC, VERIZON BUSINESS NETWORK SERVICES, LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES, LLC, VERIZON MEDIA INC., and VERIZON ONLINE, LLC,<br><br>       Defendants. | CASE NO. 2:20-CV-280-JRG<br><br>JURY TRIAL DEMANDED |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON
<u>THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

GREETINGS:

| | |
|---|---|
| 1. Sender | The Honorable Rodney Gilstrap<br>United States District Court for the Eastern District of Texas<br>Sam B. Hall, Jr. Federal Building and United States Courthouse |

1

|  | 100 East Houston Street<br>Marshall, Texas 75670<br>USA |
|---|---|
| 2. Central Authority of the Requested State | National Court Administration<br>Attn: Director of International Affairs<br>Seocho-daero 219<br>Seocho-gu<br>Seoul 06590<br>Republic of Korea |
| 3. Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | As soon as reasonably practicable.<br><br>Reason for urgency: The court's designated deadline for submitting documentary and testimonial evidence in this case is July 9, 2021.  Defendants respectfully request prompt execution of this Request given the deadline above. |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. | Requesting Judicial Authority (Article 3, a) | The Honorable Rodney Gilstrap<br>United States District Court for the Eastern District of Texas<br>Sam B. Hall, Jr. Federal Building and United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670<br>USA |
|---|---|---|---|
|  | b. | To the competent Authority of (Article 3, a) | Republic of Korea |
|  | c. | Name of the case and any identifying number | *KAIFI LLC v. T-Mobile US, Inc., et al.*, Case No. 2:20-cv-00281-JRG, United States District Court for the Eastern District of Texas. |

2

|   |   |   |   |
|---|---|---|---|
|   |   |   | *KAIFI LLC v. Verizon Communications, Inc., et al.*, Case No. 2:20-cv-00280-JRG, United States District Court for the Eastern District of Texas. |
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | | |
|   | a. | Plaintiff | KAIFI LLC ("KAIFI") |
|   | Representatives | | Enoch H. Liang<br>Michael J. Song<br>Vincent M. Pollmeier<br>LTL ATTORNEYS LLP<br>300 S. Grand Ave., 14th Fl.<br>Los Angeles, California 90071<br>Telephone: (213) 612-8900<br>Facsimile: (213) 612-3773<br>Email: enoch.liang@ltlattorneys.com<br>Email: michael.song@ltlattorneys.com<br>Email: vincent.pollmeier@ltlattorneys.com<br><br>Robert Christopher Bunt<br>PARKER, BUNT & AINSWORTH PC<br>100 E. Ferguson St., Suite 418<br>Tyler, Texas 75702<br>Email: rcbunt@pbatyler.com |
|   | b. | Defendants | T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile"); and Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions, LLC, Verizon Business Global LLC, Verizon Business Network Services, LLC, Verizon Corporate Services Group, Inc., Verizon Data Services, LLC, Verizon Media Inc., and Verizon Online, LLC (collectively, "Verizon," and collectively with T-Mobile, "Defendants"). |
|   | Representatives | | Josh A. Krevitt<br>Benjamin Hershkowitz<br>Katherine Q. Dominguez<br>Paul J. Kremer<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>Email: jkrevitt@gibsondunn.com |

3

|   |   |   | Email: bhershkowitz@gibsondunn.com<br>Email: kdominguez@gibsondunn.com<br>Email: pkremer@gibsondunn.com<br><br>Nathan R. Curtis<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2923<br>Tel: (214) 698-3423<br>Fax: (214) 571-2961<br>Email: ncurtis@gibsondunn.com<br><br>Melissa R. Smith<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com |
|---|---|---|---|
| 7. | a. | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | This is a civil action alleging patent infringement under the patent laws of the United States.<br><br>The above-captioned cases concern the same Plaintiff and the same asserted patent, and thus the information sought in these requests is equally relevant to issues common to both litigations. For convenience and conservation of judicial resources, counsel for T Mobile and Verizon have therefore coordinated to file this single, consolidated set of requests under the Hague Convention applicable to both cases. |
|   | b. | Summary of complaint | The complaint alleges that T-Mobile infringes U.S. Patent No. 6,922,728 (the "728 patent") by making, using, selling, offering to sell, and/or importing certain wireless/cellular instrumentalities. KAIFI alleges it is entitled to damages constituting, in part, a reasonable royalty on a license for the 728 patent. KAIFI also alleges it is entitled to an injunction preventing T-Mobile's alleged continuing infringement of the 728 patent. KAIST is the original assignee named on the face of the 728 patent. The 728 patent was then |

4

| | | | |
|---|---|---|---|
| | | | allegedly assigned to Intellectual Discovery Co., Ltd., and then to KAIFI.<br><br>The complaint alleges that Verizon infringes U.S. Patent No. 6,922,728 (the "728 patent") by making, using, selling, offering to sell, and/or importing certain wireless/cellular instrumentalities.  KAIFI alleges it is entitled to damages constituting, in part, a reasonable royalty on a license for the 728 patent.  KAIFI also alleges it is entitled to an injunction preventing Verizon's alleged continuing infringement of the 728 patent.  KAIST is the original assignee named on the face of the 728 patent.  The 728 patent was then allegedly assigned to Intellectual Discovery Co., Ltd., and then to KAIFI. |
| | c. | Summary of defenses | In defense against KAIFI's claims of patent infringement, T-Mobile asserts, inter alia, that it does not infringe any of the claims of the 728 patent.  T-Mobile also asserts that KAIFI cannot enforce the 728 patent because it does not own all right, title, and interest in that patent; and that the 728 patent is unenforceable because it does not properly list all inventors.  T-Mobile further asserts that the claims of the 728 patent are invalid under at least 35 U.S.C. §§ 102, 103, and 112; are ineligible for patent protection under 35 U.S.C. § 101; and are unenforceable under equitable doctrines that include, but are not limited to, estoppel, unclean hands, waiver, and implied waiver.<br><br>In defense against KAIFI's claims of patent infringement, Verizon asserts, inter alia, that it does not infringe any of the claims of the 728 patent.  Verizon also asserts that KAIFI cannot enforce the 728 patent because it does not own all right, title, and interest in that patent; and that the 728 patent is unenforceable because it does not properly list all inventors.  Verizon further asserts that the claims of the 728 patent are invalid under at least 35 U.S.C. §§ 102, 103, and 112; are ineligible for patent protection under 35 |

5

|   |   |   |   |
|---|---|---|---|
|   |   |   | U.S.C. § 101; and are unenforceable under equitable doctrines that include, but are not limited to, estoppel, unclean hands, waiver, and implied waiver.  Finally, Verizon asserts that the KAIFI's claims for damages are statutorily limited under at least 35 U.S.C. §§ 286 and 287; that KAIFI is barred from recovering costs under 35 U.S.C. § 288; and that claims for relief are limited under the doctrines of full compensation, exhaustion, and/or first sale.<br><br>Jaehyeong Park has knowledge relevant to Defendants' defenses, including Defendants' contentions that the 728 patent is unenforceable under United States patent law. |
|   | d. | Other necessary information or documents | Jaehyeong Park is currently employed as a Manager of Intellectual Discovery Co.  Intellectual Discovery Co.'s current address is:<br><br>Intellectual Discovery Co., Ltd.<br>15th Fl., Sebang Bldg., 433, Seolleung-ro<br>Gangnam-Gu<br>Seoul  06212<br>Republic of Korea |
| 8. | a. | Evidence to be obtained or other judicial act to be performed (Article 3, d) | Since at least November 2009, Jaehyeong Park has been employed as a Manager of Intellectual Discovery Co.  Jaehyeong Park was involved in communications, on behalf of Intellectual Discovery Co., with individuals at Defendants concerning monetization of U.S. Patent No. 6,922,728.  Thus, Jaehyeong Park possesses information relevant to Defendants' defenses to the complaint's allegations of infringement of the 728 patent and other aspects of the underlying case, including but not limited to Defendants' unenforceability and damages defenses.  For example, Jaehyeong Park possess knowledge and information relating to the valuation of the 728 patent; licensing of the 728 patent; ownership of the 728 patent; and analyses conducted regarding alleged infringement of the 728 patent by Defendants.  The evidence |

6

| | | | |
|---|---|---|---|
| | | | sought is directly relevant to the issues in dispute. |
| | | | Defendants have no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| | b. | Purpose of the evidence or judicial act sought | The evidence sought is directly relevant to the issues in dispute. In particular, Defendants seek witness testimony regarding the examination topics listed in Attachment A. The relevance of each question is explained below: <br><br> 1. Intellectual Discovery Co., Ltd. ("Intellectual Discovery Co.") was a recorded assignee of U.S. Patent No. 6,922,728 (the "728 patent") according to United States Patent and Trademark Office ("USPTO"). Jaehyeong Park is or was a Manager of Intellectual Discovery Co. Thus, Jaehyeong Park would possess information concerning the length of his employment with, and his duties and responsibilities as Manager of, Intellectual Discovery Co. <br> 2. Intellectual Discovery Co. was a recorded assignee of the 728 patent according to United States Patent and Trademark Office ("USPTO") records. Jaehyeong Park, on behalf of Intellectual Discovery Co., engaged in pre-suit correspondence with one or more individuals working for Defendants, including in an apparent effort by Jaehyeong Park, on behalf of Intellectual Discovery Co., to monetize the 728 patent. As an employee of Intellectual Discovery Co., Jaehyeong Park would possess knowledge of communications with Defendants relating to Wi-Fi calling (the accused instrumentality, *see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 36), the alleged field of technology (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶¶ 33–35), valuation of the 728 patent, patent sales or licensing, and his authorization to enter |

|  |  |  | into a transaction with Defendants, all of which are relevant at least to Defendants' damages defenses.<br>3. KAIST was the original assignee named on the face of the 728 patent (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 25) and held the assignment for approximately 13 years before the 728 patent was reassigned to Intellectual Discovery Co. (according to USPTO records). KAIST was also the employer of named inventor Dong-Ho Cho (*see* KAIFI LLC's Complaint, Dkt. No. 1, ¶ 28, stating that Dong-Ho Cho "is currently a professor of electrical engineering at KAIST" and "has been the Dean of the College of Information Science & Technology at KAIST [and] served as the director of KAIST's Wireless Power Transfer Technology Research Center"). Intellectual Discovery Co. held the assignment for nearly four years, according to USPTO records. Then, Intellectual Discovery Co. purportedly assigned the 728 patent to KAIFI LLC (USPTO records). Jaehyeong Park, as the Manager of Intellectual Discovery Co., would possess knowledge regarding these assignments of the 728 patent. This information is relevant at least to Defendants' unenforceability defenses.<br>4. Intellectual Discovery Co. was a recorded assignee of the 728 patent according to United States Patent and Trademark Office ("USPTO") records. Jaehyeong Park, on behalf of Intellectual Discovery Co., engaged in pre-suit correspondence with one or more individuals working for Defendants, including in an apparent effort by Jaehyeong Park, on behalf of Intellectual Discovery Co., to monetize the 728 patent. As an employee of Intellectual Discovery Co., Jaehyeong Park would possess knowledge of expected revenues from the licensing, and/or enforcement of the 728 patent |

|   |   |   |
|---|---|---|
|   |   | and/or Korean Patent No. 10-0386092. This information is relevant at least to Defendants' damages defenses.<br>5. Intellectual Discovery Co. was a recorded assignee of the 728 patent according to United States Patent and Trademark Office ("USPTO") records.  Jaehyeong Park, on behalf of Intellectual Discovery Co., engaged in pre-suit correspondence with one or more individuals working for Defendants, including in an apparent effort by Jaehyeong Park, on behalf of Intellectual Discovery Co., to monetize the 728 patent.  As an employee of Intellectual Discovery Co., Jaehyeong Park would possess knowledge of analysis reports concerning Defendants' Wi-Fi calling system and the value of being able to switch automatically and without interruption between a Wi-Fi network and a cellular network, as described in the 728 patent.  This information is relevant at least to Defendants' damages defenses. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Jaehyeong Park is currently employed as a Manager of Intellectual Discovery Co. Intellectual Discovery Co.'s current address is:<br><br>Intellectual Discovery Co., Ltd.<br>15th Fl., Sebang Bldg., 433, Seolleung-ro<br>Gangnam-Gu<br>Seoul  06212<br>Republic of Korea |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Attachment A (Witness Examination Questionnaire) |
| 11. | Documents or other property to be inspected (Article 3, g) | None. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | The witness should be examined under oath. |
| 13. | Special methods or procedure to be followed (e.g., oral or in writing, | This Letter of Request includes the following requests: |

9

| | verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | • That an authorized shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim (in Korean) and prepare a transcript of the evidence;<br>• That a direct examination / re-direct examination by Defendants' Korean counsel be allowed under Korean Civil Procedure;<br>• That simultaneous interpretation (e.g., whispering translation) by an interpreter for either party or counsel be permitted at the party's expense;<br>• That Defendants' Korean counsel be permitted to ask the witness additional questions that are related to the subject matter set forth in Attachment A;<br>• That KAIFI's counsel be permitted to ask the witness additional questions that are related to the subject matter set forth in Attachment A; and<br>• That audio recording of the witness testimony be provided in electronic form to This Court and representatives of the parties as indicated above.<br><br>In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Korean principles of procedural law, it is to be disregarded. |
|---|---|---|
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; such person(s) that you deem proper; and the attorney named below:<br><br>Seong-Soo Park<br>Kim & Chang<br>75, Saemunan-ro (Crescendo Building), Jongno-gu, Seoul, 03182, Korea<br>Tel: +82-2-3703-1870 |

| | | |
|---|---|---|
| | | seongsoo.park@kimchang.com |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Defendants believe that Jaehyeong Park does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Defendants will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. Please contact Defendants' counsel at the addresses set out under paragraph 6.b above, to make any necessary financial arrangements. |

DATE OF REQUEST  _____ 2021

_____
The Honorable Rodney Gilstrap
United States District Judge
United States District Court for the Eastern District of Texas, Marshall Division
Sam B. Hall Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670
United States of America
(signature and seal)

11

# ATTACHMENT A

## INSTRUCTIONS

1. In responding to the examination questions below, please respond with all information that is available to you.

2. Any information provided by you will be treated according to the Protective Order in this case. If requested, the Protective Order will be provided to you separately.

## WITNESS EXAMINATION QUESTIONNAIRE: Jaehyeong Park

1. How long have you been employed by Intellectual Discovery Co., Ltd. (or how long were you employed if no longer)?

2. What were your job duties and responsibilities as Manager (or your current job duties and responsibilities if you have moved to a different position)?

3. Please describe your past employment with Intellectual Discovery Co., Ltd., including your job duties and responsibilities in each former role.

4. Please describe communications (including emails and written notes) between you and any individual working for Defendants in or around November 2015 regarding U.S. Patent No. 6,922,728 and/or Korean Patent No. 10-0386092, relating to Wi-Fi calling, roaming or handover technology, patent valuation, or patent sales or licensing.

5. Please explain why you approached Defendants in or around November 2015 and what your business goals were at the time. Did you have a target for how much compensation Intellectual Discovery Co., Ltd. could get from Defendants in connection with U.S. Patent No. 6,922,728 and/or Korean Patent No. 10-0386092?

6. Please identify the individuals you communicated with about your interactions with Defendants and describe those communications.

7.  Were you given authority to consummate a transaction with Defendants?  If so, what was the minimum compensation you were authorized to accept, and what rights would Intellectual Discovery Co., Ltd. have conveyed in exchange for that compensation?

8.  Please describe the acquisition of U.S. Patent No. 6,922,728 from KAIST and the assignment of U.S. Patent No. 6,922,728 to KAIFI LLC.  How much did Intellectual Discovery Co., Ltd. initially offer KAIST for rights to this patent?  How much did KAIFI initially offer for rights to this patent when it acquired it from Intellectual Discovery Co., Ltd.?

9.  Please describe revenues, compensation, consideration, costs, expenses, and profits (including gross and net profits) generated, received, and/or to be received in connection with U.S. Patent No. 6,922,728, Korean Patent No. 10-0386092, or both, and/or in connection with this lawsuit.

10. Please describe the methodology used to calculate or otherwise determine revenues, compensation, costs, expenses, profits, and/or the value of being able to switch automatically and without interruption between a Wi-Fi network and a cellular network.

11. Please describe your enforcement and/or preparation for enforcement of U.S. Patent No. 6,922,728, including analyses of infringement (*e.g.*, the infringement analysis report or its equivalent generated in connection with acquisition of U.S. Patent No. 6,922,728 from KAIST, and your communications (including emails and written notes) with any individual working for Defendants regarding U.S. Patent No. 6,922,728 in at least November 2015), non-infringement, validity, invalidity, enforceability, or unenforceability of U.S. Patent No. 6,922,728.

12. Who prepared the description of Defendants' Wi-Fi calling system that you transmitted to Defendants in or around November 2015? Who else did you send this description to?

13. Identify each company licensed to use U.S. Patent No. 6,922,728 or Korean Patent No. 10-0386092, the date on which each such company was first licensed, and state the total compensation paid or expected to be paid for each such license.

14. How many companies did Intellectual Discovery Co., Ltd. approach about U.S. Patent No. 6,922,728 or Korean Patent No. 10-0386092?

15. Please describe presentations or notes for presentations offered by or on behalf of you relating to technology for roaming or handover between a Wi-Fi network and a cellular network from November 2009 to present.

16. Please describe the analyses prepared by you or at your direction of the operation of, and market for, Defendants' services providing for Wi-Fi calling, and analyses of the cost or value of being able to seamlessly switch between a Wi-Fi and a cellular network.

17. Please explain the relationship with or agreements or draft agreements (including employee policies and procedures, employment agreements, work-for-hire agreements, assignment agreements, licensing agreements, IP-ownership agreements, royalty agreements, or other agreements) between Intellectual Discovery Co., Ltd. and the Dong-Ho Cho, KAIST, KAIFI LLC, or any other current or former owner of U.S. Patent No. 6,922,728 or Korean Patent No. 10-0386092, from December 1996 to present.

18. Please explain Intellectual Discovery Co., Ltd.'s policies and practices concerning patent licensing or commercialization, dating back to November 2009, including:

    a. written licensing policies or best practices;

  b. economic and technical factors considered by Intellectual Discovery Co., Ltd. (and its employees and agents) in drafting and entering into license, royalties or settlement agreements;

  c. standard or preferred terms for license agreements;

  d. the process by which Intellectual Discovery Co., Ltd. determines the nature, scope and terms of license agreements in which it is a licensor; and

  e. circumstances in which Intellectual Discovery Co., Ltd. deviated from such policies.