# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC<br><br>  Plaintiff,<br><br>  v.<br><br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>  T-Mobile. | Case No. 2:20-cv-281-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Rodney Gilstrap |

**PLAINTIFF KAIFI LLC'S OPPOSED MOTION FOR PROTECTIVE ORDER RE
PRIVILEGED COMMUNICATIONS IN *AT&T* LITIGATION**

I.   **INTRODUCTION**

Plaintiff KAIFI LLC seeks a protective order confirming that it is not required to log privileged communications and work product involving its litigation counsel during the pendency of the separate and resolved *KAIFI LLC v. AT&T* litigation in a privilege log for *this* litigation.

This Court issued an order in the AT&T litigation holding that "the parties are not required to identify on a privilege log any documents or information withheld as privileged, including but not limited to attorney-client communications or attorney work product, that were created on or after the filing of the Complaint (Dkt. No. 1), which was made on April 26, 2019." *KAIFI LLC v. AT&T Inc., et al.*, Case No. 2:19-CV-00138, ECF No. 34 at 11 (Nov. 8, 2019). Despite this prior Order, T-Mobile has taken the position that KAIFI must log attorney-client communications and work product associated with KAIFI's prosecution of the AT&T case. According to T-Mobile, the Court's order on this issue in the AT&T case does not apply to T-Mobile.

T-Mobile's insistence that KAIFI provide a privilege log for the thousands of attorney-client communications and work product documents created during the pendency of the AT&T case is unreasonable. It would be unduly burdensome to require KAIFI to individually log these documents. Moreover, T-Mobile has not provided (and cannot provide) any legitimate reason why forcing KAIFI to create such a log would help T-Mobile prepare its defense to the claims in this case. Accordingly, KAIFI respectfully requests that this Court enter a protective order confirming that KAIFI is *not* required to log documents and communications involving its litigation counsel during the pendency of the AT&T litigation.

II.   **FACTUAL BACKGROUND**

On April 26, 2019, KAIFI filed a complaint against AT&T in this Court for patent infringement. *See KAIFI LLC v. AT&T Inc., et al.*, Case No. 2:19-CV-00138, ECF No. 1. On

November 8, 2019, this Court entered a Discovery Order in that action, which addressed the issue of privilege logs. *Id.*, ECF No. 34 (Nov. 8, 2019). The AT&T Discovery Order expressly stated that the parties would *not* be required to log privileged communications or work product created after the case was filed and during the pendency of the litigation. *Id.* at 11. KAIFI and AT&T ultimately reached a settlement, and the AT&T case was dismissed on August 8, 2020.

KAIFI initiated this suit against T-Mobile on August 28, 2020. On December 15, 2020, this Court entered a Discovery Order that mirrored the order from the AT&T case, and which expressly stated that the parties would *not* be required to log privileged communications or work product created during the pendency of this litigation. ECF No. 72 at 10. On April 21, 2021, the parties exchanged non-ESI privilege logs. During a subsequent meet and confer, T-Mobile inquired as to why KAIFI did not include any communications or work product for the time period during the pendency of the AT&T case. KAIFI explained that communications and work product involving litigation counsel were not included because (1) this Court's Discovery Order in the AT&T case addressed this issue and determined that KAIFI was not required to log them, (2) privileged communications and work product pertaining to the AT&T litigation are (at most) marginally relevant to the T-Mobile case, and (3) it would be unduly burdensome for KAIFI to log such documents and serve no legitimate purpose in helping T-Mobile prepare its case.

While T-Mobile has since agreed that KAIFI need not log communications or work product that relate "solely to the AT&T litigation," T-Mobile has taken the position that "a document would constitute 'work product' related solely to the AT&T litigation *only* if it were a draft of a document subsequently filed or served in the AT&T litigation." Ex. 1 at 2 (emphasis added). T-Mobile's position is unreasonable, as it would require KAIFI to go through each privileged document to assess whether it was ultimately filed or served, or whether it was created for internal use only

(*e.g.,* memoranda, case planning, deposition outlines, etc.). This exercise would serve no purpose, as the definition of work product is not limited to drafts of documents that are ultimately filed or served on an opposing party. T-Mobile has also insisted that KAIFI log any communications or work product that include "any entity besides KAIFI or its litigation counsel." *Id.* Once again, T-Mobile's proposal is unreasonable because it requires logging numerous, standard documents involving experts, consultants, or vendors that do not negate the privilege.

Because the parties were unable to reach agreement, KAIFI files this Motion requesting that the Court confirm that it need not log communications and work product involving litigation counsel during the pendency of the AT&T case (*i.e.,* from April 26, 2019, to August 8, 2020).

### III.     LEGAL STANDARD

The Federal Rules of Civil Procedure limit discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Documents not relevant to any claim or defense lie beyond the scope of permissible discovery. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005); *MetroPCS v. Thomas*, 327 F.R.D. 600, 609–11 (N.D. Tex. 2018). Courts must "limit the frequency or extent of discovery" if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b).

Rule 26(c) authorizes a court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). A protective order requires a showing of good cause and a specific need for protection. Fed. R. Civ. P. 26(c); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). "Under [the Rule

26(c)] balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). In appropriate circumstances, a court may issue an appropriate protective order "forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). The court has broad discretion in determining whether to grant such a motion. *See Pauls v. Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 WL 6397564, at *3 (N.D. Tex. Oct. 28, 2016) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)).

## IV.  ARGUMENT

### A.  Good Cause Exists to Issue a Protective Order.

While privilege logs typically identify each document, courts have "discretion to permit less detailed disclosure in appropriate cases." *Manufacturers Collection Co., LLC v. Precision Airmotive, LLC*, No. 3:12-CV-853-L, 2014 WL 2558888, at *3 (N.D. Tex. June 6, 2014). "[I]n appropriate circumstances, the court may permit the holder of withheld documents to provide summaries of the documents by category or otherwise to limit the extent of his disclosure." *Id.* "This would certainly be the case if (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing" the privilege claim. *Id.*

For example, in *S.E.C. v. Thrasher,* where defense "counsel [had already] represent[ed] that all of the documents in question reflect communications between defense attorneys and that all of these documents have been kept in confidence," the court held that "[t]he only additional information that may be pertinent to the Commission's evaluation of the privilege claims" would be: "(1) an identification of the time period encompassed by the withheld documents; (2) a listing

4

of the individuals who were authors or addressees or were copied on the documents; [and] (3) a representation by counsel as to whether all of the documents either (a) were prepared to assist in anticipated or pending litigation or (b) contain information reflecting communications between (i) counsel or counsel's representatives and (ii) the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client." *Thrasher,* 1996 WL 125661, at *1.

Here, KAIFI has already informed T-Mobile that it is aware of at least 4,000 emails that constitute privileged communications between KAIFI and its litigation counsel during the pendency of the AT&T case. Requiring KAIFI to review and log each of these documents would result in undue burden. *See Manufacturers Collection Co.*, 2014 WL 255888, at *3 ("defendant represents without dispute that the files in question are extremely voluminous and plausibly asserts that a document-by-document listing would be a long and fairly expensive project for counsel to undertake") (quoting *Thrasher,* 1996 WL 125661, at *1).

Moreover, the Court's Discovery Orders in both the prior AT&T case and this case implicitly acknowledge the burden associated with logging every communication with litigation counsel after a complaint is filed. By limiting privilege logs to pre-filing communications, the Court's Discovery Orders save the parties the tedious and time-consuming burden of logging clearly privileged communications with litigation counsel. It would not make any sense to require KAIFI to log AT&T litigation communications and documents in *this* case—where they have only tangential relevance (at most)—when the Court did not require such logging in the AT&T case where the documents were directly relevant.[1] KAIFI is simply asking that, for the same reasons it

---

[1] T-Mobile's request is akin to KAIFI serving a subpoena on AT&T seeking all documents related to the prior AT&T litigation, and then insisting that AT&T serve a privilege log for all communications and work product with litigation counsel. T-Mobile's counsel (which was also AT&T's counsel) would undoubtedly object on the same grounds KAIFI objects here.

5

was not required to log the at-issue documents during the AT&T litigation, the Court should similarly not require KAIFI to log those identical documents here.

While the burden to KAIFI is clear, T-Mobile has not articulated why a document-by-document log is necessary or how such a log will help it "test" the privilege. *See* Ex. 1 at 1. In fact, T-Mobile has not argued that the at-issue documents are even relevant to this litigation and cannot credibly do so. The AT&T litigation involved claims against an entirely different party. T-Mobile was not a party to that litigation, and documents exchanged therein are not relevant to the question of whether T-Mobile is liable to KAIFI for patent infringement here. As there is no real benefit to T-Mobile to require that KAIFI individually log each and every one of these documents, KAIFI should not be required to do so. *See Thrasher*, 1996 WL 125661, at *2 ("the Commission makes no effort to explain what benefit it will gain from a detailed document-by-document log" and "offers no suggestions as to why it might need the requested details in order to determine whether the work-product rule or the attorney-client privilege is likely to be applicable to some or all of the withheld documents" but, rather, "all that it argues is that it is entitled to such a log").

### B. T-Mobile's Proposed "Compromise" is Unworkable

T-Mobile's proposed compromise—*i.e.*, that KAIFI need not log documents that "related solely to the AT&T case" and that were not "shared by or with any entity besides KAIFI or its litigation counsel"—does not resolve the burden or proportionality issues.

*First*, T-Mobile's definition of whether a document relates solely to the AT&T case is arbitrary. For example, T-Mobile claims that "a document would constitute 'work product' related solely to the AT&T litigation only if it were a draft of a document subsequently filed or served in the AT&T litigation." Ex. 1 at 2. On its face, this definition excludes numerous categories of clearly privileged documents. Parties to litigation frequently exchange privileged documents and

6

correspondence with their litigation counsel that do not fit the definition of a "draft of a document subsequently filed or served." For example, a substantial part of legal representation includes preparing analyses, written correspondence and advice, legal memoranda, research, deposition and discovery plans/outlines—none of which are "filed or served" and would thus fall outside of T-Mobile's proposal. Moreover, the process of determining whether a particular piece of work product fits T-Mobile's arbitrarily narrow definition would require KAIFI to perform a detailed and individualized analysis of thousands of documents and would thus result in the same undue burden required to log each of those documents individually.

*Second*, T-Mobile's proposal that KAIFI log any documents or communications that were "shared by or with any entity besides KAIFI or its litigation counsel" is also unreasonable. Parties and their litigation counsel often communicate with third parties without waiving the attorney-client privilege. For example, litigation counsel frequently retains various third parties such as expert witnesses, trial consultants, discovery and e-discovery vendors, trial graphics teams, and other vendors to assist in counsel's representation of their client. Requiring KAIFI to log every communication with each and every third party retained in connection with the AT&T litigation would be extremely time consuming. Additionally, T-Mobile has not provided any explanation as to why including these documents on a privilege log would benefit discovery in *this* litigation. Accordingly, as the hardship to KAIFI here greatly exceeds any probative value to T-Mobile, KAIFI should not be required to log these documents. *See Cazorla*, 838 F.3d at 555.

## V.     CONCLUSION

For the foregoing reasons, KAIFI respectfully requests that the Court issue a protective order clarifying that KAIFI is not required to log privileged communications with outside litigation counsel during the pendency of the AT&T litigation.

7

Dated: June 9, 2021.  Respectfully submitted,

*/s/ Robert Christopher Bunt*

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Michael J. Song
Cal. Bar No. 243675 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: enoch.liang@ltlattorneys.com
Email: michael.song@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

Jason Sheasby
Cal. Bar No. 205455 (admitted PHV)
IRELL & MANELLA, LLP
1800 Avenue of the Stars, Suite 900 Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jsheasby@irell.com

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Nixon Peabody LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
213-629-6166
213-629-6011 Facsimile
achoung@nixonpeabody.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on June 9, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned, Michael Song and Rebecca Carson meet and conferred Paul Kremer and Tom Gorham on May 14, 2021 regarding the above referenced motion.  T-Mobile is opposed to the relief KAIFI is requesting and the parties are at an impasse.

*/s/Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT