# EXHIBIT 1

| | |
|---|---|
| **From:** | Kremer, Paul J. <PKremer@gibsondunn.com> |
| **Sent:** | Wednesday, May 19, 2021 12:11 PM |
| **To:** | Michael Song; Carson, Rebecca; Sheasby, Jason; Robert Bunt; LTL-Kaifi-T-Mobile |
| **Cc:** | *** TMUS-Kaifi_C; Melissa Smith; tom@gillamsmithlaw.com; Travis Underwood |
| **Subject:** | KAIFI v. T-Mobile - May 14 Meet-and-Confer |

Dear Mike, Chris, and Rebecca:

Thank you for your time on Friday's lead-and-local meet-and-confer.  We write to summarize the conference, seek clarification on certain KAIFI positions, and follow up on our commitment to get back to you on certain items.

**KAIFI's Privilege Log and Related Issues**
**Items 38-41**
On the call, KAIFI reiterated its position that Items 38-41 are protected work product that need not be produced.  For the reasons explained in our prior correspondence and as summarized on the call, Items 38-41 are not protected as work product and must be produced immediately.  The parties agreed that they are at an impasse on that legal issue, so T-Mobile will be moving to compel production of Items 38-41.

**Unlogged Items**
On the call, KAIFI stated that it has logged all of the allegedly privileged documents that it has collected to date, with two exceptions:  (1) allegedly privileged documents related to the AT&T litigation that post-date the filing of the AT&T complaint; and (2) the 10 email threads that KAIFI produced with redactions in both the AT&T case and here.  KAIFI must also clarify its position on (3) documents pre-dating the AT&T complaint.

**(1)  Documents Post-Dating the Filing of the AT&T Complaint**
KAIFI asked for T-Mobile's position as to whether such documents must be logged, given that such documents were exempted from the logging requirement in the AT&T case (to which T-Mobile was not a party).  Under the Discovery Order that controls this case, KAIFI must log all allegedly privileged communications and work product that pre-date the filing of KAIFI's complaint against T-Mobile, without regard to whether the communication was before or after the filing of the AT&T complaint.  As a compromise, T-Mobile proposes the following:   KAIFI will provide a log entry for each document dated between April 26, 2019 and August 28, 2020 that (a) relates to T-Mobile or (b) does not relate to the AT&T litigation or (c) was shared by or with any other entity besides KAIFI or its litigation counsel, such as Intellectual Discovery and its counsel.  In exchange for providing a log for only the items that fall into one or more of these categories, T-Mobile will agree to waive the requirement that KAIFI log post-AT&T-filing communications and work product related solely to the AT&T litigation and not shared with other entities.  To be clear, a document would constitute "work product" related solely to the AT&T litigation only if it were a draft of a document subsequently filed or served in the AT&T litigation; an internal "patent analysis" applicable to Wi-Fi Calling more generally would still need to be logged.

If KAIFI is amenable to these terms, we would ask that KAIFI deliver a privilege log for all required items that KAIFI has already collected by May 26, 2021, and a privilege log for any additional required items found through email searches by June 11, 2021.  Please let us know your position by Friday, May 21.

**(2)  Redacted Documents**
As we stated on the call, KAIFI's log for its redactions and associated documents is long overdue.  The deadline for non-ESI privilege logs was April 21, 2021; the redacted documents were produced several months ago, as part of KAIFI's non-ESI production; and T-Mobile's discovery efforts have been prejudiced by the lack of a corresponding log for these items.  We understand that KAIFI's current position is that any log for these items is not due until June 11, 2021.  To

1

avoid burdening the Court with additional motion practice, T-Mobile is willing to accept June 11, 2021 as the deadline for logging these items.  But if KAIFI is not planning to log or produce each item at issue here, we would appreciate immediate notice of that.

Please confirm by Friday, May 21 that KAIFI intends to produce or log all of the redacted material in these 10 email threads, all attachments to emails in these threads, and all documents referenced in these threads, by June 11, 2021.

**(3) Documents Pre-Dating the Filing of the AT&T Complaint**
Regardless of any Discovery Order or the proposal above, KAIFI must log all relevant, purportedly privileged documents that pre-date the filing of the AT&T complaint, including any document created prior to the AT&T complaint but received by KAIFI after the filing.  To be clear, in the case of any documents having one or more attachments, each attachment that was created prior to the filing of the AT&T complaint must be logged separately or produced, without regard to the date on which it was attached to a later email.

Please confirm that Items 38-41 on KAIFI's May 10, 2021 Revised Privilege Log are the only allegedly privileged documents currently in KAIFI's possession that pre-date the filing of the AT&T complaint.

**Related Issues**
KAIFI has previously indicated that some of the non-privileged attachments to the redacted threads may have already been produced.  As we stated on the call, T-Mobile is seeking the actual versions of documents attached to the redacted threads, which may differ from the final versions that KAIFI has produced elsewhere.  KAIFI indicated that it will ensure that all non-privileged attachments have been or will be produced in their native format with attachments.  Please produce those natives and attachments, and indicate where any previously produced attachments are located in the production, by May 26, 2021.

**Priority Date**
T-Mobile maintains that KAIFI's amendment of the 728 Patent's priority date is improper.  In order to assert a new priority date, pursuant to P.R. 3-6, KAIFI is obligated to file for leave to amend its Infringement Contentions.  KAIFI has stated that it will not be filing a motion.  T-Mobile does not believe that amending T-Mobile's Invalidity Contentions is sufficient to cure the prejudice from this late amendment.  The parties are therefore at an impasse.  T-Mobile will be filing a motion to strike KAIFI's newly asserted priority date.

**30(b)(6) Topics**
Despite receiving T-Mobile's objections and responses to KAIFI's Rule 30(b)(6) notice more than three weeks beforehand, KAIFI was unprepared to discuss the scope of any of the topics for which T-Mobile requested a meet and confer.  T-Mobile explained some of its specific objections on the meet and confer and committed to following up with further information on its objections.  Below is a summary of the topics on which T-Mobile seeks clarification and/or withdrawal of the topic.  By raising these specific objections here, T-Mobile does not waive any of the other objections raised in T-Mobile's responses and objections to KAIFI's Rule 30(b)(6) notice.
- Topic 14 – As explained on the meet and confer, a topic on T-Mobile's "LTE network" is overly broad.  KAIFI proposed limiting the topic to T-Mobile's LTE network as it relates to the Accused Instrumentalities.  Please confirm whether KAIFI commits to narrowing this topic in this way.
- Topic 29 – This topic is overly broad, covering essentially *any* communication ever received by T-Mobile about Wi-Fi Calling or other Accused Instrumentalities.  As drafted, it would be impossible to prepare a witness on the full scope of the topic.  Please clarify the kinds of communications in which KAIFI is interested, with sufficient particularity to allow T-Mobile to prepare a witness on the topic.
- Topic 37 – An "[i]dentification of customers" is extremely overbroad and could potentially include millions of T-Mobile subscribers.  Please clarify the kinds of customer information in which KAIFI is interested.
- Topic 41 – This topic seeks T-Mobile's legal contentions and is therefore improper for the same reason that interrogatories seeking legal contentions are inappropriate at this stage.  While T-Mobile is willing to prepare a witness regarding any relevant facts in its possession, those facts would be covered under other topics in KAIFI's notice.  T-Mobile therefore requests that KAIFI withdraw this topic.

- Topic 42 – Read broadly, this topic could touch on thousands of T-Mobile patents.  It is not reasonable to prepare a witness on that breadth.  T-Mobile requests that KAIFI identify with particularity any specific patents or patent applications on which it would like testimony so T-Mobile can reasonably prepare a witness.
- Topic 43 – As explained in T-Mobile's objections and responses, the facts underlying T-Mobile's non-infringement arguments are encompassed within other topics (including, but not limited to, topics 3-5, 9-13, and 15-19).  T-Mobile has and will designate witnesses to testify with respect to facts known to T-Mobile on these topics.  However, T-Mobile will not present a witness to testify regarding specific non-infringement arguments.  To the extent this topic seeks testimony from a T-Mobile witness on T-Mobile's contentions regarding non-infringement, it is improper.  T-Mobile therefore requests that KAIFI withdraw this topic.
- Topics 44-52 – Although these topics purport to seek facts supporting T-Mobile's affirmative defenses, for many of these topics, it is unclear what facts would be available to T-Mobile.  To the extent these topics purport to cover T-Mobile's legal contentions, they are improper, as explained above with respect to Topic 41.  T-Mobile therefore requests that KAIFI withdraw these topics.

In addition to the topics above, T-Mobile reiterated its objections that Topics 1, 7, 8, 32, 33, 39, and 40 are overbroad and vague.  While T-Mobile is willing to designate witnesses on these topics and make a good faith effort to prepare a witness, KAIFI cannot expect T-Mobile to prepare a witness on every potential aspect of these overbroad topics.  On the call, T-Mobile invited KAIFI to narrow these topics to specific documents so that T-Mobile can ensure that its witnesses are well prepared on any relevant matters of importance to KAIFI.  KAIFI was not prepared to identify any such documents but said that it would take T-Mobile's request under consideration.  On Topics 61-62, T-Mobile reiterated, as stated in its objections and responses, that T-Mobile will designate one or more witnesses on specific topics (subject to T-Mobile's objections), and therefore there is nothing more to designate with respect to these topics.

**Deposition Dates**
T-Mobile is actively seeking deposition dates for the witnesses KAIFI has identified by name and for the Rule 30(b)(6) deposition regarding ESI topics.  As noted on the call, T-Mobile will provide an update for KAIFI on the remainder of deposition dates by the end of this week.

**Supplemental Interrogatory Responses**
T-Mobile will supplement its interrogatory responses with the Bates numbers of documents related to the Nokia AAA.

**AVPs**
T-Mobile continue to investigate the least burdensome mechanism to obtain information regarding AVPs and will give KAIFI a proposal regarding this issue next week.

**Device Validation**
T-Mobile is currently responding to the request regarding device validation team records.

Best regards,

**Paul J. Kremer**
(he / him / his)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2647 • Fax +1 212.351.6247
PKremer@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.