**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC. and T-MOBILE USA, INC.<br><br>    Defendants. | Case No. 2:20-CV-00281 JRG<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**PLAINTIFF KAIFI LLC'S EXPEDITED MOTION FOR ENTRY OF
ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Relevant Factual Background | 1 |
| III. | Argument | 4 |
| IV. | Conclusion | 5 |

# TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharmaceuticals USA*, Case No. 15-cv-1455-WCP, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) .................................................................................................. 4

*Elbit Sys. Land & C4I Ltd. V. Hughes Network Sys., LLC*, Case No. 15-cv-37-RWS-RSP, 2016 WL 9307563 (E.D. Tex. Sept. 27, 2016) ................................................................................. 5

*KAIFI LLC v. AT&T Corp., et al.*, Case No. 19-cv-138-JRG (E.D. Tex.) .............................. 1, 4, 5

*RealtimeData, LLC v. Packeteer, Inc.*, Case No. 08-cv-144, 2009 WL 10667516 (E.D. Tex. March 16, 2009)................................................................................................................. 4

*Saffran v. Johnson & Johnson*, Case No. 07-cv-451-TJW, 2009 WL 8491495 (E.D. Tex. Feb. 24, 2009) .................................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................. 1

Plaintiff KAIFI LLC ("KAIFI") respectfully moves the Court to enter an order focusing patent claims and prior art requiring KAIFI and Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") to narrow asserted patent claims and prior art references as described herein.

The parties have agreed to an expedited briefing schedule. T-Mobile will file its opposition within 10 days of this motion.

## I. INTRODUCTION

KAIFI seeks the routine entry of an order based on this Court's Model Order Focusing Patent Claims and Prior Art. This Court *sua sponte* issued an order focusing claims and prior art in *KAIFI LLC v. AT&T Corp., et al.*, Case No. 19-cv-138-JRG, Dkt. 65, which involved the same patent and similar prior art grounds. KAIFI seeks a similar order from the Court, as applicable to the current phase of the instant action.

In a single-patent case, the Model Order requires the plaintiff to identify no more than eight claims and the defendant to identify no more than nine prior art references (or combinations) in the weeks before opening expert reports. Yet, T-Mobile's invalidity contentions identify *hundreds* of references, including 20 primary references and approximately 70 secondary references, in addition to an unidentified number of "systems or products."

T-Mobile refuses to stipulate to the Model Order's numerical limits. Instead, it seeks *carte blanche* to assert any number of prior art references and combinations in its invalidity report and sandbag KAIFI. This Court routinely requires parties to focus their claims and prior art references to streamline litigation, reduce costs, and ensure "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. It should do so here.

## II. RELEVANT FACTUAL BACKGROUND

KAIFI filed its complaint against T-Mobile on August 28, 2020, alleging infringement of

a single patent—U.S. Patent No. 6,922,728 (the "'728" patent). Dkt. No. 1. KAIFI served its initial infringement contentions on October 30, 2020, asserting two independent claims (system Claim 1 and method Claim 12) and 17 dependent claims (Claims 2-7 and 9-11, which depend from Claim 1; and Claims 13-15 and 17-21, which depend from Claim 12). Declaration of Rebecca Carson ("Carson Decl.") Ex. A at 2. Several of the dependent claims share similar limitations. For example, Claims 9 and 17 both recite: "wherein the indoor wireless connection module is a wireless LAN connection module." Similarly, Claims 10 and 18 recite: "wherein the indoor gateway is an internet communication equipment connected with either a wired or wireless LAN." Likewise, Claims 11 and 19 recite: "wherein the indoor wireless connection module is a wireless packet communication connection module."

T-Mobile served its invalidity contentions on January 15, 2021. Carson Decl., Ex. B. T-Mobile's identification of prior art lists no fewer than *111* "Prior Art Patents"; *79* "Prior Art Publications"; *10* "Prior Art Sales/Public Uses"; and *11* "Prior Invention[s]." *Id.* at 5-15. The latter two categories are filled with several "systems" as opposed to specific references. *See id.* Notably, T-Mobile also purports to rely not just on the hundreds of prior art references it names, but also "any systems or products that embody the technology described in any patent or publication identified in the[] Invalidity Contentions." *Id.* at 5 n.1.

As for anticipation and obiousness, T-Mobile identifies *20* primary references and claims that each of those "alone or in combination with any [of the other primary references] or the references identified in Appendix A" renders one or more claims invalid. *Id.* at 17. Appendix A identifies approximately 70 secondary references. Carson Decl., Ex. C. For each of the 20 primary references, T-Mobile has submitted a claim chart asserting that the primary reference combined with "the background knowledge of a person of ordinary skill in the art and/or the

2

additional references, and expmplary teachings, set forth in T-Mobile's Invalidity Contentions and accompanying charts" renders each and every at-issue claim of the '728 patent "anticipate[d] and/or [] obvious." *See, e.g.,* Carson Decl., Ex. D (Ex. 1 to T-Mobile's Invalidity Contentions).

On June 10, 2021, given that the Court had recently held the *Markman* hearing, counsel for KAIFI emailed counsel for T-Mobile seeking a stipulated entry of an order focusing patent claims and prior art based on this Court's Model Order. Carson Decl., Ex. E (June 18, 2021, email from Vincent to Carson, et al. responding to June 10, 2021, email) & Ex. F (proposed stipulation). KAIFI proposed narrowing to eight patent claims and nine prior art references—the exact limits contemplated by the Model Order for a single-patent case. Consistent with the Model Order, KAIFI also included language indicating that "each obviousness combination counts as a separate prior art reference."

As for timing, in light of the Court's upcoming claim construction ruling and July 19, 2021, opening expert report deadline (*see* Dkt. 73 at 3), KAIFI proposed narrowing its claims within seven days of the claim construction ruling, and T-Mobile narrowing its prior art references seven days later. Carson Decl., Ex. F. On June 18, 2021, counsel for T-Mobile responded, stating: "We do not believe narrowing is appropriate at this time." *Id.*, Ex. E. During a conference of counsel on the same day, counsel for T-Mobile stated that there would be a "natural" narrowing when KAIFI and T-Mobile serve their infringement and invalidity reports on July 19. Carson Decl. ¶ 8. But T-Mobile would not actually commit to *any limiting*. To the contrary, counsel stated that T-Mobile had not yet given any thought as to which references or combinations T-Mobile would include in its opening invalidity report. *Id.* T-Mobile refused to commit to the Model Order's limit of nine prior art references, or provide any reasonable counterproposal. KAIFI thus brings this Motion, asking that T-Mobile be required to limit the

number of prior art grounds to a reasonable number either before or at service of its opening expert report. This approach will prevent the Court and parties from wasting time on issues that T-Mobile has no real intention of presenting at trial.

## III. ARGUMENT

Courts in this district have consistently recognized "the problem that arises when patentees assert a large number of claims or accused infringers assert a large number of prior art references in patent litigation." *Allergan, Inc. v. Teva Pharmaceuticals USA*, Case No. 15-cv-1455-WCP, 2017 WL 373462, at *1 (E.D. Tex. Jan. 26, 2017). Managing a large number of asserted prior art references is "extremely burdensome on both the parties and the Court, in addition to potentially confusing for a jury." *RealtimeData, LLC v. Packeteer, Inc.*, Case No. 08-cv-144, 2009 WL 10667516, at *3 (E.D. Tex. March 16, 2009) (citation and quotation marks omitted).

In fact, this Court considered a nearly identical circumstance—on the very same patent—in *KAIFI LLC v. AT&T Corp., et al.*, Case No. 19-cv-138-JRG. There, AT&T, which was represented by the same counsel as T-Mobile is in this action, served invalidity contentions that purported to preserve any number of combinations based on 10 primary references and 64 additional references. *See id.*, Dkt. 41 at 2-4; *see also id.*, Dkt. 45 at 1-4 (AT&T's defense that it had narrowed possible combinations to 9,600). This Court entered a *sua sponte* order requiring the parties to focus their claims and prior art references to the limits set by the Model Order:

> Not later than seven (7) days after the Court issues its Claim Construction Order, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than eight (8) asserted claim from the ['728] patent . . . . Not later than 14 days after service of the Final Election of Asserted Claims, Defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than nine (9) asserted prior art references . . . . For purposes of this Final Election of Asserted Prior Art, **each obviousness combination counts as a separate prior art reference**.

4

*Id.*, Dkt. 65 at 1-2 (emphasis added). KAIFI seeks nearly the *exact same* order here.

The need is even more pressing in this action. T-Mobile has asserted twice the number of primary references and more secondary references compared to AT&T. The Court's upcoming claim construction ruling will give both KAIFI and T-Mobile the clarity required to focus this case in anticipation of trial. T-Mobile has articulated no reason why it is in a special or unique situation that should exempt it from the same prior art limitations this Court has already articulated for the '728 patent.

The Court should reject T-Mobile's request that it be permitted to "naturally" narrow its asserted prior art with its invalidity report. *First*, T-Mobile's proposal would leave to its discretion the number of prior art references and combinations it may assert in its invalidity report. But T-Mobile provides no assurance that its invalidity report will follow anything close to the limit contemplated by the Model Order. *Second*, KAIFI is entitled to a reasonable opportunity to evaluate—during discovery—potential invalidity arguments T-Mobile may present at trial. "The purpose of the [patent] rules is to put the parties on notice of the information its adversary anticipated using at trial." *Saffran v. Johnson & Johnson*, Case No. 07-cv-451-TJW, 2009 WL 8491495, at *1 (E.D. Tex. Feb. 24, 2009). The need for focusing at this stage is especially acute because "a literally astronomical number of obviousness combinations provides no disclosure at all." *Elbit Sys. Land & C4I Ltd. V. Hughes Network Sys., LLC*, Case No. 15-cv-37-RWS-RSP, 2016 WL 9307563, at *2 (E.D. Tex. Sept. 27, 2016).

## IV. CONCLUSION

For the foregoing reasons, KAIFI respectfully requests that the Court enter an order requiring: (i) KAIFI to narrow its claims to no more than eight within seven days of the Court's claim construction order, and (ii) T-Mobile to narrow its prior art references to no more than nine within seven days of KAIFI's revised disclosure.

Dated: June 22, 2021.  Respectfully submitted,

*/s/ Robert Christopher Bunt*

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Michael J. Song
Cal. Bar No. 243675 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: enoch.liang@ltlattorneys.com
Email: michael.song@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

Jason Sheasby
Cal. Bar No. 205455 (admitted PHV)
IRELL & MANELLA, LLP
1800 Avenue of the Stars, Suite 900 Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jsheasby@irell.com

Rebecca Carson
Cal. Bar No. 254105 (admitted PHV)
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949-760-0991
Facsimile: 949-760-5200
Email: rcarson@irell.com

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)

Erica J. Van Loon
Cal. Bar No. 227712 (admitted in E.D. Texas)
Nixon Peabody LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
213-629-6166
213-629-6011 Facsimile
achoung@nixonpeabody.com
evanloon@nixonpeabody.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on June 22, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned meet and conferred with Robert Vincent on June 18, 2021 regarding the above referenced motion. T-Mobile opposes the above motion.

*/s/Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT