**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>　　　　Defendants. | Case No. 2:20-CV-00281-JRG<br><br>Hon. Rodney Gilstrap |

**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S
MOTION TO STRIKE PLAINTIFF'S LATE P.R. 3-1(E) DISCLOSURE**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 2

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT ................................................................................................................... 4

    A. KAIFI's Untimely P.R. 3-1(e) Should Be Stricken Due to KAIFI's Refusal to Request Leave of Court to Amend Its Disclosures ............................................. 4

    B. Alternatively, the Court Should Grant T-Mobile's Motion to Strike Because KAIFI Cannot Show Good Cause for Its Belated P.R. 3-1(e) Disclosure ....................................................................................................... 4

        1. KAIFI Has No Justification for Its Belated P.R. 3-1(e) Disclosure ............ 5

        2. KAIFI's Behavior Suggests That the Priority Date Is Not Important to KAIFI ................................................................................... 6

        3. T-Mobile Will Be Prejudiced by KAIFI's Belated Disclosure ................... 6

        4. A Continuance Will Not Cure the Prejudice to T-Mobile ......................... 7

V. CONCLUSION ................................................................................................................ 7

i

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| Exhibit 1 | KAIFI's Disclosure of Asserted Claims & Infringement Contentions and Appendix 1 thereto (October 30, 2020) |
| Exhibit 2 | T-Mobile's First Set of Interrogatories (December 18, 2020) |
| Exhibit 3 | KAIFI's Response to T-Mobile's First Set of Interrogatories (January 19, 2021) |
| Exhibit 4 | KAIFI's Supplemental Response to T-Mobile's First Set of Interrogatories (March 15, 2021) |
| Exhibit 5 | Document from Dong-Ho Cho (DONGHOCHO_0000370 to DONGHOCHO_0000394) (March 15, 2021) |
| Exhibit 6 | Excerpts of Transcript from the Deposition of Dong-Ho Cho (April 26, 2020) |
| Exhibit 7 | Letter Correspondence from Nathan Curtis to Michael Song (April 20, 2021) |
| Exhibit 8 | Email Correspondence from Jason Sheasby to Nathan Curtis (April 21, 2021) |
| Exhibit 9 | Transcript from the Deposition of Dong-Ho Cho (July 8, 2021) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| 728 Patent | U.S. Patent No. 6,922,728 (D.I. 1-2) |
| *AT&T* litigation | *KAIFI LLC v. AT&T Corp.*, No. 2:19-cv-00138-JRG (E.D. Tex.) |
| Inf. Cont. | KAIFI's Disclosure of Asserted Claims & Infringement Contentions (Oct. 30, 2020) |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Elbit Sys. Land & C4l Ltd. v. Hughes Network*,
  No. 2:15-cv-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ................................... 4, 5, 6

*EMG Tech v. Chrysler Grp., LLC*,
  No. 6:12-cv-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) .............................................. 7

*Softvault Sys., Inc. v. Microsoft Corp.*,
  No. 2:06-cv-16, 2007 WL 1342554 (E.D. Tex. May 4, 2007) ........................................... 4, 6, 7

I.       INTRODUCTION

Nearly five months after KAIFI identified a priority date of June 20, 2001, in its infringement contentions, KAIFI produced several documents (purportedly from named inventor Prof. Dong-Ho Cho) and supplemented an interrogatory response to assert for the first time an earlier priority date of April 24, 2001.  KAIFI's belated attempt to amend its P.R. 3-1(e) disclosures by slipping in an earlier priority date through a supplemental interrogatory response, without having requested leave from the Court, is a violation of the Local Rules.  *See* P.R. 3-6(b).  On that basis alone, this motion should be granted and KAIFI's earlier priority date should be stricken.

Moreover, even if KAIFI had moved for leave, KAIFI cannot show good cause to amend its P.R. 3-1(e) disclosure at this late date.  KAIFI's only argument as to why it asserted a new priority date at such a late time—*i.e.*, that a "third party" (Prof. Cho) recently provided documents—is part of KAIFI's continued conspiracy to withhold relevant documents from T-Mobile while producing only what KAIFI wants T-Mobile and the Court to see.  KAIFI cannot, at the same time, block discovery of relevant information in Prof. Cho's possession and produce select documents purportedly from Prof. Cho that support its case.

Furthermore, even if it were appropriate for KAIFI to discriminately produce documents from a third party, KAIFI waited far too long.  KAIFI was assigned the asserted patent in 2019 and asserted it against AT&T that same year.  In both this case and the prior *AT&T* case, Prof. Cho was represented by KAIFI's counsel.  Under these

1

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

circumstances, KAIFI cannot claim diligence in seeking these documents. Moreover, these documents were produced only after T-Mobile had already expended significant resources on its invalidity positions in reliance on the June 20, 2001 priority date.

Because of KAIFI's complete lack of diligence and the resulting prejudice to T-Mobile, T-Mobile respectfully requests that the Court strike KAIFI's unauthorized P.R. 3-1(e) amendment.

## II.     FACTUAL BACKGROUND

On October 30, 2020, pursuant to P.R. 3-1(e), KAIFI disclosed a priority date of June 20, 2001, which corresponds to the filing date of Korean Patent Application No. 2001-34976, also listed on the face of the 728 Patent. Inf. Cont. (Ex. 1) at 7. On December 18, 2020, T-Mobile served its first set of interrogatories on KAIFI, including an interrogatory requesting information regarding "the circumstances of any conception and reduction to practice" of each claim of the 728 patent, "including an identification of the date(s) of conception and any alleged reduction to practice." *See* Ex. 2 at 6. KAIFI's initial response on January 19, 2021, ▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

On March 21, 2021, nearly five months after the P.R. 3-1(e) deadline, ▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬ Around the same time, KAIFI also produced (purportedly from Prof. Cho) documents that KAIFI asserts evidence this earlier priority date. *See* Ex. 5 at 2. ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



On April 20, 2021, T-Mobile notified KAIFI that its belated disclosure of the earlier April 24, 2001 priority date without seeking leave of Court violated the Local Rules. *See* Ex. 7. Both in a written response and on a meet and confer, KAIFI refused to seek leave of this Court to amend the asserted priority date, thus necessitating this motion. Ex. 8 (4/21/21 Email from J. Sheasby to N. Curtis).

### III.  LEGAL STANDARD

The Local Patent Rules require a party claiming patent infringement to identify as part of its "Disclosure of Asserted Claims and Infringement Contentions . . . the priority date to which each asserted claim allegedly is entitled." P.R. 3-1(e). The party must also produce "[a]ll documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before . . . the priority date identified pursuant to P.R. 3-1(e)." P.R. 3-2(b). A party may only amend these disclosures "by order of the Court, which

3

shall be entered only upon a showing of good cause." P.R. 3-6(b); *see also Softvault Sys., Inc. v. Microsoft Corp.*, No. 2:06-cv-16, 2007 WL 1342554, at *1–2 (E.D. Tex. May 4, 2007).

In evaluating whether a party should be granted leave to amend its P.R. 3-1(e) disclosures, the Court considers "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *Elbit Sys. Land & C4l Ltd. v. Hughes Network*, No. 2:15-cv-00037, 2017 WL 2651618, at *10 (E.D. Tex. June 20, 2017).

### IV. ARGUMENT

#### A. KAIFI's Untimely P.R. 3-1(e) Should Be Stricken Due to KAIFI's Refusal to Request Leave of Court to Amend Its Disclosures

KAIFI's supplemental interrogatory response asserting an earlier priority date is a de facto amendment of its P.R. 3-1(e) disclosure. Under the Local Rules, in order to amend a P.R. 3-1(e) disclosure, a party is required to request leave of Court, which is only granted on a showing of good cause. P.R. 3-6(b). KAIFI has repeatedly refused to comply with these rules. *See* Ex. 8. On this basis alone, the Court should grant this motion to strike KAIFI's late—and unauthorized—assertion of an earlier priority date.

#### B. Alternatively, the Court Should Grant T-Mobile's Motion to Strike Because KAIFI Cannot Show Good Cause for Its Belated P.R. 3-1(e) Disclosure

Even if KAIFI had moved for leave to amend, KAIFI cannot show good cause for amending its P.R. 3-1(e) disclosure. KAIFI should have known about the earlier asserted priority date long before its disclosures were due and was required to disclose it months ago when KAIFI served its Infringement Contentions. Instead, KAIFI waited until after T-Mobile had already served its Invalidity Contentions, and invested substantial resources in forming its invalidity case in reliance on the June 20, 2001 priority date, before disclosing an earlier priority date. T-Mobile

4

will be significantly prejudiced if KAIFI is permitted to assert the earlier priority date at this late stage in the case. KAIFI's earlier priority date should therefore be stricken.

### 1. KAIFI Has No Justification for Its Belated P.R. 3-1(e) Disclosure

KAIFI cannot justify amending its P.R. 3-1(e) disclosure to assert an earlier priority date five months after the deadline imposed by the Local Rules. *See* P.R. 3-1(e). "In many instances, a party claiming infringement will possess facts supporting priority before bringing the lawsuit. Even when discovery reveals an unforeseen earlier priority date, there is rarely a justifiable excuse for shifting a priority date contention near the end of fact discovery." *Elbit Sys.*, 2017 WL 2651618, at *10. KAIFI disclosed June 20, 2001, as the priority date for the 728 Patent in its Infringement Contentions and cited again to this date in its initial interrogatory responses. *See* Ex. 1 at 7. KAIFI has no valid explanation for why it could not have disclosed an earlier priority date by the P.R. 3-1(e) deadline, as it likely "possess[ed the] facts supporting priority before bringing the lawsuit." *See Elbit Sys.*, 2017 WL 2651618, at *10.

During the meet and confer process, KAIFI contended that it could not have asserted an earlier priority date sooner because Prof. Cho only recently provided the documents evidencing earlier conception. Even if true, this is no excuse for KAIFI to have waited this long to assert an earlier priority date. Prof. Cho has been represented by KAIFI's counsel in both this litigation and the *AT&T* litigation. The burden was on KAIFI to undertake the proper investigation prior to serving its Infringement Contentions—and it certainly had the opportunity to do so. KAIFI's failure to do so is no justification for a late P.R. 3-1(e) disclosure.

Moreover, any delay in asserting an earlier priority date was due to KAIFI's own lack of diligence. As noted above, there was no formal discovery propounded on Prof. Cho, from either KAIFI or T-Mobile. However,

5

the burden should have been on KAIFI's counsel to be diligent in asking Prof. Cho to investigate his own personal archives for this evidence when this information first became relevant as early as in the *AT&T* case.

Furthermore, the fact that KAIFI seeks to rely on these documents, while at the same time refusing to allow further discovery of Prof. Cho's documents, is not only fundamentally unfair to T-Mobile, it is part of KAIFI's continued shell game. KAIFI continues to hide relevant documents from T-Mobile and the Court behind parent companies and purported third parties, yet KAIFI produces from those same third parties the documents it believes help its case. The Court must put an end to KAIFI's conspiracy to only produce the information it wants to be seen.

KAIFI has not shown that it was diligent in attempting to obtain these documents or any other evidence of earlier conception.

    **2.    KAIFI's Behavior Suggests That the Priority Date Is Not Important to KAIFI**

While the priority date is important in this case as it impacts T-Mobile's invalidity position, *Softvault*, 2007 WL 1342554, at *2, KAIFI's failure to disclose an earlier priority date in its infringement contentions and subsequent refusal to move for leave to amend suggests that the earlier priority date was not important to KAIFI. Had this issue been important to KAIFI, KAIFI would have undertaken a thorough investigation before its disclosure was due, and KAIFI would have followed the proper procedures to amend its P.R. 3-1(e) disclosure.

    **3.    T-Mobile Will Be Prejudiced by KAIFI's Belated Disclosure**

T-Mobile has already expended significant resources in developing its invalidity theories in reliance on KAIFI's original priority date. This Court has found prejudice when the defendant

6

"justifiably developed invalidity positions under the assumption that the [asserted] patent is entitled to a [certain] priority date." *Elbit Sys.*, 2017 WL 2651618, at *10. Additionally, "allowing [the plaintiff] to assert an earlier priority date . . . would prejudice [the defendant] by forcing [the defendant] to incur additional expense in reassessing its invalidity analyses based on an earlier priority date." *Softvault*, 2007 WL 1342554, at *2. "[The defendant] would also likely lose the ability to use references that are prior art under the currently asserted priority date." *Id.* As in *Elbit Systems* and *Softvault*, T-Mobile has expended significant resources in searching for prior art references in reliance on the June 20, 2001 date. T-Mobile would be extremely prejudiced if an earlier priority date were allowed, and it had to rework its entire invalidity case at this late stage in the litigation.

### 4. A Continuance Will Not Cure the Prejudice to T-Mobile

Finally, a continuance will not cure this prejudice, because a continuance would not cure the resources that T-Mobile has already expended in forming its invalidity strategies in reliance on the June 20, 2001 priority date or the additional resources it would need to expend if it were forced to rework its entire invalidity case. Indeed, this Court has found that "a continuance would not cure the expenditure of additional resources [a defendant] will incur in reassessing its invalidity case." *See EMG Tech v. Chrysler Grp., LLC*, No. 6:12-cv-259, 2013 WL 12147662, at *5 (E.D. Tex. July 3, 2013). Thus, a continuance in this case would not cure the prejudice to T-Mobile.

## V. CONCLUSION

For the reasons stated above, T-Mobile respectfully requests that the Court strike KAIFI's late P.R. 3-1(e) disclosure.

DATE:  July 19, 2021                              Respectfully submitted,

                                                                                                   GIBSON, DUNN & CRUTCHER LLP

By: */s/ Josh A. Krevitt*
     Josh A. Krevitt
     New York Bar No. 2568228
     Benjamin Hershkowitz
     New York State Bar No. 2600559
     Katherine Q. Dominguez
     New York Bar No. 4741237
     Paul J. Kremer
     New York Bar No. 4900338
     **GIBSON, DUNN & CRUTCHER LLP**
     200 Park Avenue
     New York, New York 10166-0193
     Telephone: (212) 351-4000
     Facsimile: (212) 351-4035
     bhershkowitz@gibsondunn.com
     kdominguez@gibsondunn.com
     pkremer@gibsondunn.com

     Robert Vincent
     Texas State Bar No. 24056474
     Nathan R. Curtis
     Texas State Bar No. 24078390
     Audrey Yang
     Texas State Bar No. 24118593
     **GIBSON, DUNN & CRUTCHER LLP**
     2001 Ross Avenue
     Dallas, Texas 75201-2923
     Telephone: (214) 698-3423
     Fax: (214) 571-2961
     rvincent@gibsondunn.com
     ncurtis@gibsondunn.com
     ayang@gibsondunn.com

     Melissa R. Smith
     Texas State Bar No. 24001351
     **GILLAM & SMITH, LLP**
     303 S. Washington Ave.
     Marshall, Texas 75670
     Telephone: (903) 934-8450
     Facsimile: (903) 934-9257
     Melissa@gillamsmithlaw.com

     *Attorneys for Defendants T-Mobile US, Inc.*
     *and T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on July 19, 2021.

*/s/ Josh A. Krevitt*
Josh A. Krevitt

## CERTIFICATE OF CONFERENCE

On July 19, 2021, counsel for T-Mobile, with Josh Krevitt as lead counsel and Tom Gorham as local counsel, met and conferred with counsel for KAIFI, with Rebecca Carson as lead counsel and Chris Bunt as local counsel. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve. This motion is opposed by Plaintiff.

/s/ Josh A. Krevitt
Josh A. Krevitt

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under Local Rule CV-5(a)(7)(B), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Josh A. Krevitt*
Josh A. Krevitt

11