UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC.., et al,<br><br>    Defendants. | **Case No. 2:20-CV-281-JRG**<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Rodney Gilstrap |

**KAIFI LLC'S RESPONSE TO OBJECTIONS BY T-MOBILE TO
CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER**

**I.** Pursuant to Fed. R. Civ. P. 72(a) and L.R. CV-72(b), Plaintiff KAIFI LLC ("KAIFI") hereby submits its response to T-Mobile's objections to the Court's claim construction order. Dkt. 193.

**II.   ARGUMENT**

    **A.   location information of the data communication terminal received through the indoor network or the outdoor wireless internet network**

T-Mobile once again seeks to unnecessarily break the construction of "location information" into two parts and improperly limit "location information" to only "indoor system ID information" when the indoor network is accessed and only "locational area" information when the outdoor network is accessed. Objections at 1. In support of its objection, T-Mobile relies on the same evidence already presented in its claim construction briefing: (1) cites to the specification describing preferred embodiments, and (2) purported admissions by KAIFI's expert Mr. Blackburn. These arguments were unconvincing in the first instance, and are no more convincing the second time around. The Court should maintain its current construction of these two terms according to their plain and ordinary meaning.

As the Court correctly held, "Claim 1 recites the location information required to establish a connection, thus, no further construction is required." Dtk. 176. T-Mobile already accepted the construction of location information. Attacking this claim phrase is just an attempt to re-argue for limitations on the term "location information." However, nothing prevents the system from using either or both indoor system ID information and locational area information. The specification makes clear that the system can employ "location information" or "the location" without limiting location information to any particular mechanism (*e.g.*, "location area" or "system ID").

> The present invention includes a location register for storing location information transmitted from the wireless internet terminal in order to confirm as to whether

1

> the user of the wireless internet terminal is located indoors or outdoors. The present invention can switch network paths to provide the roaming service in accordance with the location information stored in the location register.

728 Patent at 3:9-16; *see also* 8:2-6; 8:9-10; and 8:20-23.

T-Mobile is attempting to read in a single embodiment from the specification into the claims. T-Mobile quotes from the Summary of the Invention, but this section begins by expressly stating it just "***an aspect*** of the present invention." (emphasis added). As the specification states, "[p]referably, the indoor location stored in the location register includes the indoor system ID." '728 Patent at 4:23-24. A person of ordinary skill in the art would therefore understand that this embodiment may store **both** the locational area and indoor system ID information. Dkt. 135, Ex. 2, Blackburn Decl. at ¶ 86. As the Court held, T-Mobile's proposed construction "ignores the claim language and reads an unwarranted limitation into this element of the claim." Dkt. 176 at 44. It is improperly limiting and excludes the preferred embodiment in which both indoor system ID information and locational area are both stored. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (holding that construction that excludes preferred embodiment "is rarely, if ever correct").

T-Mobile's criticism of Mr. Blackburn's testimony is similarly misplaced. At deposition, Mr. Blackburn was clear that "location information," regardless of where the data communication terminal is currently located, can be information on locational area or system ID information or both:

> Q. And in any of those phrases, is there anything to suggest that the two have to be mutually exclusive? In other words I can have both the locational area and the indoor system ID information stored; is that correct?
>
> A. Yes. One or the other or both.

Blackburn Dep. at 119:14-20. T-Mobile agreed in its responsive claim construction brief that the stored location information can include information on a locational area or indoor system ID

information or both.  Dkt 139 at 24.  In addition, T-Mobile's expert, Mr. Rysavy, also agreed that locational area and indoor system ID information can both be stored at the same time:

> Q. In the patent, the location register would only store indoor location information or outdoor location information. It won't store both at the same time. Correct?
>
> A. I don't believe the patent states that.  It doesn't -- the patent does not preclude storing both.

Rysavy Depo. at 26:7-13.

T-Mobile fails to provide a sufficient justification or need to warrant overruling the Court's construction of plain and ordinary meaning of the additional language included in these two proposed terms.  "[T]he specification and prosecution history only compel departure from the plain meaning in two instances: lexicography and disavowal." *GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014).  T-Mobile has shown neither lexicography nor disavowal with regarding the additional language it seeks construction for here.  Moreover, as the Court noted, T-Mobile's proposal adds unnecessary complexity and confusion by breaking up one element of Claim 1 into several overlapping parts.  The language in both of T-Mobile's proposed terms comes from the third element of Claim 1, which recites: "a location register that stores location information of the data communication terminal received through the indoor network or outdoor wireless internet network." '728 Patent, Cl 1.  The terms "location register" and "location information" have already been construed by the Court.  There is simply no need to add two more constructions to this element when the plain language of the element in conjunction with the two existing constructions clearly spells out what this part of Claim 1 covers.

3

B.     registered indoor system ID information

T-Mobile argues that that the Court's construction is "contrary to the plain meaning of the term and invites confusion." Objections at 4. Relying almost entirely on the suspect opinions of Mr. Rysavy, T-Mobile argues that a "juror will be able to apply the plain and ordinary meaning" of the term "registered." *Id.* at 5. Once again, T-Mobile is incorrect.

The suggestion that a lay jury will understand the meaning of the term registered is not credible. As shown in detail in KAIFI's opening brief, despite being asked over thirty times at his deposition what the word "registered" means, Mr. Rysavy himself was not able to offer a definition of the term. Dkt. 135 at 2-3, citing Rysavy Depo. 71:8-72:16. Mr. Rysavy is an expert retained expressly for the purpose of providing opinions regarding the meanings of the terms in the claims of the '728 Patent. The fact that Mr. Rysavy could not offer an intelligible definition of the word "registered" supports the Court's conclusion that the "plain and ordinary meaning of the term [] will not resolve the parties' dispute." Dkt. 176 at 38. That is because the jury will need clarity on "what it means for the indoor system ID information to be registered in the context of the '728 Patent," something the ordinary meaning of "registered" does not provide. *Id.*

It is also significant that T-Mobile quibbles with the Court's decision to explain the term, but does not actually assert that the Court's construction is wrong as a technical matter. The concept of registration in the context of the '728 Patent is that the data communication terminal has been granted access to the network by way of registration with the indoor network. For example:

> the data communication terminal includes an indoor wireless connection module and stores registered indoor system ID information, so that the data communication terminal may be connected with the indoor network if the registered indoor system ID information is received

4

'728 Patent at 3:28-32.  If the data communication terminal has the correct registered system ID information stored, then the system knows that the terminal has been granted access and "may be connected with the indoor network" to communicate wirelessly with that network.  T-Mobile does not ever argue that construing this term to mean an indoor system ID information for which access has been granted is contrary to the invention.  Nor does T-Mobile ever attempt to explain what the "plain and ordinary" meaning would look like.

Including the language "for which the data communication terminal has been granted access" in the construction provides clarity and accurately reflects the understanding of a person of ordinary skill in the art.  Dkt. 135, Ex. 2, Blackburn Decl. at ¶¶ 72-77.  The construction clearly states what it means for the indoor system ID information to be registered in the context of the '728 Patent.  *Id.* at ¶ 76.  If the indoor system ID information has been "registered," that indoor system ID information can be used to allow the data communication terminal to connect with the indoor network that is uniquely identified by that indoor system ID information.  The specification provides that by using "registered" or "registration", the data communication terminal can access a particular network.  *Id*.  The Court's construction makes clear that the data communication terminal can connect to networks that it has been granted access. Dkt. 176 at 38-39.

### III.   CONCLUSION

For the forgoing reasons, KAIFI respectfully requests the Court maintain its current constructions.

Date: August 18, 2021                                              Respectfully submitted,

                                                                                    */s/ Robert Christopher Bunt*

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Rebecca L. Carson
Cal. Bar No. 254105 (admitted *pro hac vice*)
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone: 310.277-1010
Facsimile: 310-203-7199
Email: jsheasby@irell.com
Email: rcarson@irell.com

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6166
Fax: 213-629-6001
Email: achoung@nixonpeabody.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Prashanth Chennakesavan
Cal. Bar No. 284022 (admitted *pro hac vice*)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: enoch.liang@ltlattorneys.com
Email: prashanth@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on August 18, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
