**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>       Defendants. | **CASE NO. 2:20-CV-281-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**T-MOBILE'S RESPONSE TO KAIFI'S OBJECTIONS TO
CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER**

I.  **INTRODUCTION**

Pursuant to Fed. R. Civ. P 72(a) and L.R. CV-72(b), Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. respectfully submit their responses to the objections to the Claim Construction Memorandum Opinion and Order (Dkt. 176, "Order") filed by KAIFI, LLC. *See* Dkt. 187.

II.  **RESPONSES TO KAIFI'S OBJECTIONS**

A.  **"a fourth step of connecting with the internet network by switching connection of the data communication terminal from the outdoor wireless internet network to the indoor gateway and making wireless communications through the indoor gateway and an indoor wireless connection module" (claim 12)**

| Court's Construction | KAIFI's Construction |
|---|---|
| The fourth step is required to occur after and not before the third step; otherwise, plain and ordinary meaning applies | No additional construction required |

KAIFI admits that the fourth step—at least in part—is required to occur after and not before the third step. KAIFI's argument, unsupported by the intrinsic record, is that the Court should parse the third step into discrete sub-steps of "authentication" and "storing," and require that only one of those sub-steps (the "authentication") occur in order. Dkt. 187 at 1. Contrary to KAIFI's argument, the claim language, every embodiment in the patent, as well as common sense, requires the third step—in full—to occur before the fourth step.

KAIFI erroneously argues that the Court improperly limited the claims to "particular implementations" in the specification. *Id.* at 3. To the contrary, the Court focused on the claim language itself, expressly noting that the claim language indicates an order to the claimed steps. Order at 49–50. The Court correctly noted that the claimed storing "would be required before a decision is made on switching network paths" as recited in the third step. *Id.* at 49.

Moreover, the order of the claimed steps is not based on a "particular implementation" in the specification. Rather, as T-Mobile noted in its claim construction brief, *every* embodiment

1

demonstrates that the claimed switching (from the outdoor wireless internet network to the indoor network in the fourth step or from the indoor network to the outdoor wireless internet network in the seventh step) occurs *after* completion of both authenticating and storing the location in the location register. Dkt. 139 at 26–27.[1] KAIFI points to passages in the specification that note that, in some cases (such as where the indoor network is congested or of inferior quality), the connection is not switched from the outdoor wireless internet network to the indoor network. Dkt. 187 at 3–4. In other words, KAIFI notes that in some cases, the fourth step (switching from the outdoor wireless internet network to the indoor network) may not occur *at all*. But that is beside the point. The fact is that—in every embodiment—when the connection *is* switched from the outdoor wireless internet network to the indoor network (or vice versa), that step is always preceded by authenticating and storing the location in the location register. *See* Dkt. 139 at 26–27.

Indeed, as the Court noted, storing a location in the location register would be superfluous if it occurred after the switching step. Order at 49–50 (citing *Mformation Techs., Inc. v. Rsch. In Motion Ltd.*, 764 F.3d 1392, 1399–1400 (Fed. Cir. 2014)). KAIFI attempts to distinguish *Mformation* on the ground that the patent there involved only one embodiment. Dkt. 187 at 3. But the number of embodiments is irrelevant to the principle for which *Mformation* is cited: the claim language should not be construed to render a limitation superfluous. 764 F.3d at 1399. Here, like in *Mformation* (*id.* at 1400), the Court's construction is consistent with every embodiment.

Nor does KAIFI's reliance on newly cited authority change the analysis. *See* Dkt. 187 at 5 (citing *Michael S. Sutton Ltd. v. Nokia Corp.*, 647 F. Supp. 2d 737, 742 (E.D. Tex. 2009), *aff'd*, 405 F. App'x 486 (Fed. Cir. 2010)). The *Nokia* case stands for the unremarkable principle that

---

[1] Notably, KAIFI's Reply Brief was silent on these terms, and KAIFI did not attempt to rebut the fact that in every embodiment, the claimed switching occurs after authenticating and storing the location in the location register. *See* Dkt. 142.

while "as a general rule the claim is not limited to the performance of the steps in the order recited," an order should be imposed where "the claim explicitly or implicitly requires a specific order" or "[t]he specification or prosecution history may also require a narrower, order-specific construction of a method." 647 F.Supp. 2d at 742 (citations omitted). That is precisely the case here. As the Court noted (Order at 48–50), the claim language, as well as the specification, require that the third step—including both authentication and storing of location information—must occur before the fourth step.

**B.** **"a seventh step of switching the connection of the data communication terminal from the indoor gateway to the outdoor wireless internet network and performing the first step again" (claim 12)**

| Court's Construction | KAIFI's Construction |
|---|---|
| The seventh step is required to occur after and not before the sixth step; otherwise, plain and ordinary meaning applies | No additional construction required |

As KAIFI notes, its analysis for the seventh step is the same as its analysis for the fourth step. *See* Dkt. 187 at 5–6. That analysis is flawed for the reasons stated above. The Court did not improperly "import[] limitations from an embodiment," nor did it improperly rely on *Mformation*. *Id.* Just as for the fourth step, the claims and specification require that the seventh step, in its entirety, be performed in order—*i.e.*, after and not before the sixth step.

**III. CONCLUSION**

For the reasons stated above, T-Mobile respectfully requests that the Court's constructions for these terms provided in the Order be adopted.

DATED:  August 18, 2021   **GIBSON, DUNN & CRUTCHER LLP**

/s/ *Josh A. Krevitt*

Josh A. Krevitt
New York Bar No. 2568228
Benjamin Hershkowitz
New York State Bar No. 2600559
Katherine Q. Dominguez
New York Bar No. 4741237
Paul J. Kremer
New York Bar No. 4900338
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com
pkremer@gibsondunn.com

Robert Vincent
Texas State Bar No. 24056474
Nathan R. Curtis
Texas State Bar No. 24078390
Audrey Yang
Texas State Bar No. 24118593
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Fax: (214) 571-2900
rvincent@gibsondunn.com
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:  903.934.9257
melissa@gilliamsmithlaw.com

*Counsel for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*

4

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served electronically on August 18, 2021, on all counsel who have consented to electronic service.

*/s/ Nathan Curtis*
