**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC, | **Case No. 2:20-CV-281-JRG** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Honorable Rodney Gilstrap |
| T-MOBILE US, INC., ET AL., | *FILED UNDER SEAL* |
| Defendants. | |

**OPPOSITION BY PLAINTIFF KAIFI**
**TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S P.R. 3-1(E) DISCLOSURE**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     KAIFI COMPLIED WITH THIS COURT'S LOCAL PATENT RULES........................ 2

III.    KAIFI'S DISCLOSURE SATISFIES GOOD CAUSE.................................................. 3

        A.    KAIFI's Disclosure Was Timely and Justified...................................... 7

        B.    T-Mobile Has Not Been Prejudiced.................................................... 8

        C.    Prior Invention Date Is Important To Prior Art ................................. 11

        D.    No Continuance Is Necessary ........................................................... 11

IV.     CONCLUSION.................................................................................................. 11

4816-8791-7556.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Cioffi v. Google, Inc.*,
    No. 213CV00103JRGRSP, 2017 WL 79730 (E.D. Tex. Jan. 9, 2017) ....................................6

*Elbit Sys. Land & C4l Ltd. v. Hughes Network*,
    No. 2:15-cv-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017) .................................5, 6, 7

*EMG Tech., LLC v. Chrysler Grp.*,
    LLC, No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013)...................................3

**Rules**

Rule 3-1..........................................................................................................................................3

Rule 26..........................................................................................................................................6

Rule 26(a)......................................................................................................................................6

**Other Authorities**

U.S. Patent No. 6,922,728........................................................................................................ *passim*

4816-8791-7556.1

Plaintiff KAIFI LLC ("KAIFI") submits its opposition to the motion to strike by Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s ("T-Mobile" or "Defendants").

## I.      INTRODUCTION

KAIFI disclosed Prof. Cho's earlier invention date to T-Mobile on March 15, 2021, four months before discovery closed.  Declaration of Andrew Choung ("Choung Decl."), Ex. A (KAIFI's First Supplemental Responses and Objections to T-Mobile's First Set of Interrogatories (Nos. 1-11)) at 8.  T-Mobile had every opportunity to investigate and conduct discovery, and to even seek leave to amend their invalidity contentions.  Indeed, T-Mobile had the opportunity to extensively question Prof. Cho on his prior conception and related documents at his July 8, 2021 deposition.  *See, e.g.*, Choung Decl., Ex. B ("Cho Depo 1") at 18:21-20:9; Ex. C ("Cho Depo 2") at 30:3-23.

Prof. Cho explained at his deposition



*Id.* at 31:17-20.

*Id.* at 31:17-33:10.  He found an invention disclosure file for the Korean patent application to which the '728 Patent claims priority.  *Id.* at 31:3-20.  This file contained an invention disclosure form or report submitted to the university, dated April 24, 2001, along with draft specifications and figures.  Choung Decl., Ex. D (DONGHOCHO 0000001-0000483); *see id.* at DONGHOCHO 0000382-0000394.  KAIFI promptly produced the entirety of these invention disclosure documents to T-Mobile on March 15, 2021.[1]

---

[1] The Korean documents were produced on March 15, 2021 and then KAIFI provided English translations on April 22, 2021.  Choung Decl. at ¶ 7.

T-Mobile complains that Prof. Cho testified in the AT&T litigation that he previously was unable to find these records from twenty years ago.  The notion that Prof. Cho's discovery of these documents in this case was therefore somehow nefarious is absurd.  An earlier invention date would have *benefited* KAIFI in the AT&T case.  In the AT&T litigation, Prof. Cho searched for these documents.  Choung Decl., Ex. E ("Cho ATT Depo") at 8:10-19. (███████████████ ███████████████████████████████████████████████████ ) (objections omitted).  But, as Prof. Cho explained, he was previously unaware that hard-discs from 2001 had survived the intervening twenty years.  *Id.* at 8:24-9:4 (███████████████ ████████████████████████████████████████████████ ████████████████████████████ ).  Up until earlier this year, he believed that these documents no longer existed in his personal files and was not sure if those records survived anywhere else.  *Id.*

By citing to Prof. Cho's AT&T testimony, T-Mobile admits that it has known since the outset of this litigation that invention disclosure documents, showing an earlier conception date, may in fact exist.  Indeed, T-Mobile accounted for this possibility in their January 15, 2021 Invalidity Contentions.  Choung Decl., Ex. F ("T-Mobile Invalidity Contentions") at 2-3 (reserving the right to amend if KAIFI asserted an invention date earlier than the P.R. 3-1(e) date).  That they now claim surprise and unfair prejudice is disingenuous.  Notably, after learning of the prior invention date, T-Mobile did not seek leave to amend their Invalidity Contentions. Instead, T-Mobile waited four months to file a motion to strike.  Any prejudice alleged by T-Mobile was of their own making.

## II.     KAIFI COMPLIED WITH THIS COURT'S LOCAL PATENT RULES

KAIFI did not "fail" to seek leave to amend, as there was no requirement to do so.  Local Patent Rule 3-1(e) requires disclosure of any priority claim to *an earlier application*.  As

explained in *EMG Tech., LLC v. Chrysler Grp.*, LLC, "the rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to 'an earlier application.'"  No. 6:12-CV-259, 2013 WL 12147662, at *1 (E.D. Tex. July 3, 2013).  T-Mobile knows this because it cited *EMG Tech.*  As T-Mobile concedes, KAIFI fully complied with P.R. 3-1(e).  Dkt. 170 at ("On October 30, 2020, pursuant to P.R. 3-1(e), KAIFI disclosed a priority date of June 20, 2001, which corresponds to the filing date of Korean Patent Application No. 2001-34976.").

The court in *EMG* rejected Defendants' argument that P.R. 3-1(e) requires disclosing a specific prior conception date.  *EMG Tech.*, 2013 WL 12147662, at *2 ("The Court finds that Plaintiff has complied with the local patent rules and <u>there is no need for Plaintiff to amend its infringement contentions to list an earlier date</u>."  *Id.* (emphasis added).  The court in *EMG* instead noted that "[i]t will be Plaintiff's responsibility to demonstrate at a later date that it is actually entitled to rely upon his earlier date to avoid prior art."  *Id.*

Thus, T-Mobile's motion is born of a mistaken understanding of P.R. 3-1(e).  Here, KAIFI does not seek to amend its P.R. 3-1(e) disclosure to change the claim of priority to the Korean application.  Rather, as in *EMG*, KAIFI simply provided T-Mobile with discovery on the evidence that related to prior conception and reduction to practice.  Upon coming into possession of Prof. Cho's invention disclosure documents, KAIFI supplemented its response to T-Mobile's interrogatory regarding conception and reduction to practice, disclosing that it intended to rely on the newly discovered invention disclosure documents.  T-Mobile does not dispute that this disclosure and production occurred well within the discovery cut-off.  Thus, T-Mobile's motion should be denied on this basis alone.

## III.   KAIFI DISCLOSED PROF. CHO'S INVENTION DATE EARLY IN THE CASE

Since P-R 3-1(e) does not apply, T-Mobile's attempt to impose a good cause requirement is misplaced.  However, KAIFI's disclosure satisfies the good cause standard.  Notably, KAIFI

made its disclosures four months before the close of discovery, and well ahead of claim construction.  Indeed, T-Mobile was on notice even earlier from Prof. Cho's testimony in the AT&T litigation on invention disclosure documents evidencing an earlier invention date.

As noted in T-Mobile's own Motion, Prof. Cho testified during his deposition in the prior AT&T litigation that, while he was not able to find any records in his personal files at that time, he recalled submitting an invention disclosure to the university.  He explained that, ███████████

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

Choung Decl., Ex. E at 12:14-22 (objection omitted).  He further explained that ███████████
███████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

██████████████████

*Id.* at 14:22-15:15 (objection omitted) (emphasis added).  T-Mobile's counsel represented AT&T in the prior litigation.  T-Mobile knew of this testimony.

In fact, in its January 15, 2021 Invalidity Contentions, T-Mobile actually factored in the possibility of discovery yielding such an earlier invention date.  T-Mobile stated:

> T-Mobile thus understands that Plaintiff is not asserting an invention date, or conception, reduction to practice, design, and/or development of the claimed invention, prior to June 20, 2001.  To the extent Plaintiff later properly alleges

4

that any such activities occurred prior to June 20, 2001, T-Mobile reserves the
right to supplement these Invalidity Contentions to address any such contention,
including by identifying and/or charting additional prior art that may become
relevant in view of such assertion.

Choung Decl., Ex. F at 2-3.  Thus, T-Mobile anticipated that it may need to amend its Invalidity

Contentions and was planning for that contingency.

In the early months of this year, staff at the university research center found old hard-

discs, including hard-discs from 2001.  These were found as part of the research center's

organizing of its files ahead of Prof. Cho's upcoming retirement in August 2021.  Upon

discovery of these years old hard-discs, Prof. Cho took it upon himself see if they contained his

invention files.  As a result, he found the old invention disclosure for the Korean patent

application from which the '728 Patent claims formal priority.  He then handed this file over to

KAIFI's counsel.  Choung Decl., Ex. C at 30:17-23 (███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████).  All of this was confirmed by Prof. Cho at his deposition.  *See* Choung Decl., Ex. B at

31:7-33:10; Ex. C at 29:19-30:23.

On March 15, 2021, KAIFI promptly disclosed the prior invention date in its

supplemental interrogatory responses and produced all the documents from Prof. Cho's invention

disclosure folder.  Choung Decl., Ex. A at 8 (disclosing that "[t]he inventions claimed in the '728

Patent were conceived of and reduced to practice by Professor Dong-Ho Cho at least as early as

April 24, 2001" and citing the complete bates ranges).  This disclosure was made over four

months before discovery was set to close on July 19, 2021, and well before claim construction

briefing and the June 3, 2021 claim construction hearing.  T-Mobile did not move for leave to

amend its Invalidity Contentions during that period.

On July 8 and 9, 2021, T-Mobile and Verizon deposed Prof. Cho.  During his deposition,



Choung Decl., Ex. B at 31:17-33:10 (objections and interpreter exchanges omitted).



Choung Decl., Ex. C at 28:25-30:23 (objections and interpreter exchanges omitted).

A.      **KAIFI's Disclosure Was Timely and Justified**

T-Mobile suggests that KAIFI or Prof. Cho could have produced his invention disclosure documents sooner.  But this is a spurious argument.  Prof. Cho testified that he previously searched for, but was not able to locate, such documents during the AT&T litigation.  He was previously unaware of the old hard-discs containing these documents.  The hard-discs are from over twenty years ago.  They were only uncovered during the process of university staff sorting and organizing the decades-worth of files at the research center in preparation for his well-deserved retirement.

T-Mobile argues that, even if it is true that KAIFI was unaware of Prof. Cho's invention disclosure documents, KAIFI should not have waited to assert an earlier invention date.  This argument is nonsensical.  KAIFI could not assert a prior conception date for which it had no knowledge or documentation.  In the AT&T litigation and at the time that KAIFI served its P.R. 3-1 disclosures in this case, while believing that the Prof. Cho had conceived his invention earlier than the Korean patent application filing data, KAIFI did not possess documentation of Prof. Cho's prior invention date.  Prof. Cho's invention disclosure documents only came to light and into KAIFI's possession later in the course of preparation for Prof. Cho's retirement.

T-Mobile also argues that KAIFI should have been more diligent, and suggests that Prof. Cho could have searched "his own personal archives."  But Prof. Cho did conduct a search of his personal files, during the prior AT&T litigation, at the request of KAIFI's counsel.  Choung Decl., Ex. E at 8:10-19.  The invention disclosure documents were found in old hard-discs likely stored away in the research center a decade ago.  Choung Decl., Ex. B at 31:17-33:10.

7

As Prof. Cho explained at his deposition ███████████████████████████

████████████████████████. Choung Decl, Ex. C at 28:18-24.  This was

nearly a decade after his invention.  Thus, it was entirely reasonable for Pro. Cho to have relied

on searching his personal files during the AT&T litigation and conclude the documents had been

lost.  *See* Choung Decl., Ex. C at 28:12-16 (acknowledging a set maintenance period for paper

documents).  He had simply been unaware that those documents had been transferred into

electronic form, in the intervening years, until the old hard-discs were uncovered in preparation

for his retirement.

T-Mobile also accuses KAIFI of obstructing discovery.  These are bald accusations

without any basis and are not well-taken.  KAIFI has been upfront and transparent with the facts

and relationships of the third parties in this case.  Indeed, KAIFI did not oppose T-Mobile's

requests for letters rogatory.  But Prof. Cho is not KAIFI's employee and KAIFI does not control

ID, KAIST or Prof. Cho.  As Prof. Cho testified, he produced the entirety of the folder he found

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████  Choung Decl. Ex. C at 30:17-23.  Thus, T-Mobile's accusations that

Prof. Cho selectively produced documents from this file are completely unfounded.  There is no

cause for T-Mobile's wild conspiracy theories.

**B.  T-Mobile Has Not Been Prejudiced**

T-Mobile devotes a single paragraph in its motion to the alleged prejudice it suffered and

cites two cases for the proposition that having already expended resources in developing its

invalidity theories based on the '728 Patent's priority claim is prejudicial.  But neither case

supports their position.

In *Elbit Sys. Land & C4l Ltd. v. Hughes Network*, the plaintiff possessed the underlying facts for months and did not update its interrogatory responses until just days before discovery closed.  No. 2:15-cv-00037, 2017 WL 2651618, at *10 (E.D. Tex. June 20, 2017).  Thus, the court found prejudice in this context because the defendant had no opportunity to adjust its invalidity position.  *Id.*  The facts of this case are the opposite of *Elbit Sys.*  Here, KAIST promptly produced Prof. Cho's invention disclosure documents and disclosed the earlier invention date.  KAIFI made this disclosure with four months of discovery remaining.  *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824 (E.D. Tex. 2007) (finding no prejudice in allowing amendment to preliminary contentions after claim construction briefing has begun but before claim construction hearing); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2017 WL 11392680, at *7 (N.D. Cal. Oct. 3, 2017) (finding no prejudice in allowing amendment of priority date when defendant had notice prior to depositions and two months of fact discovery available to amend invalidity contentions).  Thus, T-Mobile had every opportunity to conduct discovery and seek leave to amend.  T-Mobile simply chose not to.

Similarly, *Softvault Systems Inc. v. Microsoft Corp.* does not apply here.  In that case, the court found that Softvault "had access to the earlier application before filing suit" and had no explanation for why it did not disclose the priority date.  2007 WL 1342554 at *1.  *Softvault* also involved a formal priority claim, not a prior conception date.  *Id.*  Moreover, in this case, KAIFI did not have access to the invention disclosure documents.  Prof. Cho only found them this year, at which time, they were promptly produced to Defendants.  Thus, *Softvault* is inapposite.  *See Opticurrent, LLC*, 2017 WL 11392680, at *7 (distinguishing *Elbit Sys.* and holding that disclosure of a reduction to practice date less than three weeks before the close of fact discovery

9

was justified because plaintiff could not have confirmed the date until it came into possession of certain discovery).

T-Mobile argues that it would be prejudiced if it had to rework its entire invalidity case at this stage.  The argument is spurious.  First, T-Mobile had notice in March 2021, not at "this late stage in the litigation."  T-Mobile had ample and early notice of Prof. Cho's earlier invention date and corroborating documentation, and every opportunity to conduct discovery, including taking depositions.  *See Opticurrent, LLC*, 2017 WL 11392680, at *7 (holding that notice to defendants of an earlier invention date prior to the taking of any depositions reduces prejudice to the defendant, and that "two months [of discovery] is more than sufficient to allow [a defendant] to evaluate and adjust its strategy concerning the amended conception date").

Next, T-Mobile does not explain how its invalidity case would be prejudiced.  In this case, T-Mobile has asserted an inordinate number of prior art references and combinations. T-Mobile does not contend that any significant portion of its invalidity case is impacted by Prof. Cho's invention date or rendered useless.  Indeed, the vast majority of T-Mobile's purported prior art references and combinations appear to pre-date Prof. Cho's invention date.

KAIFI recently moved for an order to focus claims and prior art in this case.  Dkt. 157. Despite promises that "it would limit the number of invalidity theories asserted in its opening expert report from those asserted in its contentions," Dkt. 163 at 3, T-Mobile subsequently served an expert report purporting to opine on a host of mix-and-match combinations.  There was little streamlining.  Importantly, T-Mobile's expert clearly had ample opportunity to analyze and does purport to opine on Prof. Cho's prior conception date.  Thus, T-Mobile has, in fact, factored the prior invention date into its invalidity case.  There is no prejudice

4816-8791-7556.1

Thus, T-Mobile had both time and opportunity to formulate or reevaluate its invalidity case in light of this discovery, seek leave to amend its Invalidity Contentions, and incorporate any claim construction arguments.  T-Mobile just chose not to.  But in its motion, T-Mobile would tell the Court that it took no action in the intervening fourth months, despite believing Prof. Cho's earlier invention date doomed the entirety of its Invalidity Contentions.  That is not credible.  The record shows that T-Mobile simply made the conscious choice to forego amending its Invalidity Contentions, presumably concluding there was little impact.  T-Mobile proceeded with its expert opining on Prof. Cho's invention date.  Any prejudice that they now allege is solely a result of their actions.

### C.      Prior Invention Date Is Important To Prior Art

T-Mobile suggests that the prior invention date is not important.  Yet, T-Mobile filed this motion.  Oddly though, T-Mobile does not actually identify which of its asserted prior art would be impacted by the Prof. Cho's earlier invention date, which belies their claim of prejudice.  But the prior invention date is important to KAIFI because it must winnow through the voluminous mix-n-match invalidity assertions of T-Mobile.  At this time, KAIFI believes that Prof. Cho's earlier invention date would disqualify at least one of T-Mobile's asserted references.

### D.      No Continuance Is Necessary

Since T-Mobile has not been prejudiced, no continuance is necessary.  This factor is a non-issue.  T-Mobile's argument that it cannot recoup the time and money it spent on its prior art searching and invalidity strategy is irrelevant because it has not shown that the work it has done to date cannot be used.

## IV.   CONCLUSION

For the reasons discussed herein, T-Mobile's Motion to Strike should be denied.

11

Date:  August 3, 2021                          */s/ Robert Christopher Bunt*

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone: 310.277-1010
Facsimile: 310-203-7199
Email: jsheasby@irell.com

Andrew Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6166
Fax: 213-629-6001
Email: achoung@nixonpeabody.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:   (213) 612-3773
Email: enoch.liang@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

4816-8791-7556.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via electronic

mail on August 3, 2021 to all opposing counsel of record.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOHPER BUNT

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under

seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 80).

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

4816-8791-7556.1