# EXHIBIT F

ongoing investigation includes, but is not limited to, serving subpoenas on prior artists and inventors regarding prior art, seeking additional information related to the references and prior art systems disclosed in these Invalidity Contentions, and seeking additional information regarding Plaintiff's Infringement Contentions and the products and services accused of infringing therein. KAIFI has not yet produced relevant materials from its litigation against AT&T, including expert reports, sealed summary judgment motions, and deposition transcripts. T-Mobile reserves the right to amend or supplement these Invalidity Contentions after having had a fair opportunity to ascertain how KAIFI interprets the Asserted Claims, including in the *AT&T* litigation. *KAIFI LLC v. AT&T Corp. et al.*, No. 2:19-cv-00138-JRG (E.D. Tex. Apr. 17, 2020) ("the *AT&T* litigation"). Additionally, T-Mobile has not yet had the benefit of taking the deposition of the named inventor or those that worked with the named inventor, or of the named inventors, authors, and entities listed on any references or systems identified in these Invalidity Contentions.

## II. ASSERTED PATENT AND CLAIMS

Plaintiff asserts the following claims from the 728 patent (with independent claims identified in **bold**): **1**–7, 9–11, **12**–15, and 17–21 ("the Asserted Claims"). Plaintiff asserts a priority date for the 728 patent of June 20, 2001—the date on which Korean Patent Application No. 2001-34976 was allegedly filed. Reference to an "asserted priority date" should not be construed to mean that T-Mobile agrees that the Asserted Patent is in fact entitled to such priority date, or that Plaintiff has provided proper notice as to its contentions for a priority date.

P.R. 3-2(b) requires Plaintiff to produce, contemporaneously with its Disclosure of Asserted Claims and Infringement Contentions," "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.R. 3-1(e), whichever is earlier." Plaintiff's purported production pursuant to P.R. 3-2(b)—

Bates numbers KAIFI_0006982–6998—includes only a publication of Korean Application No. 2001-34976. T-Mobile thus understands that Plaintiff is not asserting an invention date, or conception, reduction to practice, design, and/or development of the claimed invention, prior to June 20, 2001. To the extent Plaintiff later properly alleges that any such activities occurred prior to June 20, 2001, T-Mobile reserves the right to supplement these Invalidity Contentions to address any such contention, including by identifying and/or charting additional prior art that may become relevant in view of such assertion. Likewise, to the extent Plaintiff successfully establishes an invention date before any of the prior-art references relied on by T-Mobile, then those references serve as evidence of secondary considerations of obviousness, particularly, contemporaneous invention by others. To the extent Plaintiff alleges that any prior art relied on in these Invalidity Contentions does not actually qualify as prior art to the Asserted Patent, T-Mobile reserves the right to rebut those allegations (*e.g.*, by demonstrating an earlier critical date for the challenged prior art and/or a later priority date and/or date of invention for a particular Asserted Claim). T-Mobile also reserves the right to rely on additional documents, information, and evidence to demonstrate public availability or public availability by a certain date of a prior art reference or to rebut any efforts by Plaintiff to allege any reference was not publicly available or publicly available by a certain date or otherwise available as prior art.

For purposes of these contentions, T-Mobile addresses only those claims specifically asserted by Plaintiff. T-Mobile reserves the right to amend or supplement this disclosure as necessary in view of any changes or amendments made, for any reason, to Plaintiff's infringement theories, infringement contentions, or Asserted Claims, including to Plaintiff's asserted priority and/or invention date(s).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 15, 2021 | /s/ Josh Krevitt |
|  | Josh A. Krevitt<br>New York Bar No. 2568228<br>Benjamin Hershkowitz<br>New York Bar No. 2600559<br>Katherine Q. Dominguez<br>New York Bar No. 4741237<br>Paul J. Kremer<br>New York Bar No. 4900338<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>jkrevitt@gibsondunn.com<br>bhershkowitz@gibsondunn.com<br>kdominguez@gibsondunn.com<br>pkremer@gibsondunn.com<br><br>Nathan R. Curtis<br>Texas State Bar No. 24078390<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2923<br>Tel: (214) 698-3423<br>Fax: (214) 571-2961<br>ncurtis@gibsondunn.com<br><br>Melissa R. Smith<br>Texas State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Ave.<br>Marshall, TX 75670<br>Telephone:  (903) 934-8450<br>Facsimile:  (903) 934-9257<br>Melissa@gillamsmithlaw.com<br><br>*Attorneys for Defendants T Mobile US, Inc. and T Mobile USA, Inc.* |

## **CERTIFICATE OF SERVICE**

I certify that on January 15, 2021, the foregoing document was served on all counsel who have consented to electronic service.

*/s/ Nathan Curtis*
Nathan Curtis
