UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC., ET AL.,<br><br>    Defendants. | **Case No. 2:20-CV-281-JRG**<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Rodney Gilstrap<br><br>*FILED UNDER SEAL* |

**SURREPLY BY PLAINTIFF KAIFI
TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S P.R. 3-1(E) DISCLOSURE**

I.      INTRODUCTION

KAIFI disclosed Prof. Cho's prior invention date and produced Prof. Cho's invention disclosure documents to T-Mobile on March 15, 2021, four months before discovery closed. Dkt. 188 at 1.  On reply, T-Mobile does not deny that it had four months during which to investigate and conduct discovery; extensively question Prof. Cho at deposition; seek any amendments to its invalidity case; and have its expert address Prof. Cho's prior invention date in his expert report.  T-Mobile also does not deny that it already knew of Prof. Cho's prior testimony referring to potential conception documents and had already factored that possibility into its invalidity contentions.

Instead, while T-Mobile no longer argues that there was any selective production of Prof. Cho's documents, it continues to insinuate that Prof. Cho, KAIFI and its counsel have fabricated the invention disclosure documents.  These accusations are unfounded, and nothing more than *ad hominem* attacks.

T-Mobile says Prof. Cho's testimony presents conflicting stories about *who* found the invention disclosure documents.  But that is not true.  Nor is it particularly relevant to any issue on hand.  ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████ This is because he was asked if he was the one who found the *documents* on the hard drive.  Prof. Cho did not say that he was the one who found the *hard discs*.  There is nothing contradictory or ominous with his staff having uncovered old *hard discs* during their preparations for his retirements.

1

T-Mobile acknowledges that Prof. Cho was previously asked to search for documents during the AT&T Case and that the university did not have an electronic documentations system at the time of the invention. Prof. Cho searched his personal files. He did not find anything and had no reason to suspect that, in the intervening twenty years, his invention disclosure documents had been stored onto hard discs. These documents came to light in connection with preparations for his retirement. That is simply what happened. There is no nefarious conspiracy. Other than casting aspersions, T-Mobile points to nothing untoward here.

**II.    KAIFI COMPLIED WITH THIS COURT'S LOCAL PATENT RULES**

T-Mobile does not dispute that the court in *EMG Tech., LLC v. Chrysler Grp.*, LLC held that "the rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to 'an earlier application.'" No. 6:12-CV-259, 2013 WL 12147662, at *1 (E.D. Tex. July 3, 2013). Nor does T-Mobile dispute that the court in *EMG* rejected the argument that P.R. 3-1(e) requires disclosing a specific prior conception date. *EMG Tech.*, 2013 WL 12147662, at *2 ("The Court finds that Plaintiff has complied with the local patent rules and there is no need for Plaintiff to amend its infringement contentions to list an earlier date." *Id.* (emphasis added). Rather than engaging these holdings head on, T-Mobile merely continues to characterize Prof. Cho's prior invention date as a "priority date," to imply it is a claim to an earlier application. This is facially incorrect.

Thus, T-Mobile pivots and now argues *for the first time on reply* that the alleged violation was really a failure to produce the invention disclosure documents at the time of the P.R. 3-2 production. T-Mobile argues that *EMG* stands for the proposition that KAIFI may only rely on a prior invention date disclosed in its P.R. 3-2 production. However, this is nonsensical and simply not what the court in *EMG* held. *See id.* KAIFI did not have the invention disclosure documents at the time of the P.R. 3-2 production. It could not have produced documents it did

2

not possess.  T-Mobile's new argument is simply inconsistent with the discovery rules and obligations set by this Court.  Once KAIFI learned of Prof. Cho's invention disclosure documents, it was obligated to produce them and did so.

It bears mention that, if T-Mobile's position here were credited, then it has violated P.R. 3.3 and 3.4.  P.R. 3-4 calls for the production by T-Mobile of "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality."  But T-Mobile did not produce all of its technical documentation at the time of its P.R. 3.3 disclosure.  T-Mobile strung out production of documents over months, including large volumes of documents after the discovery cut-off.  *See* Dkts. 171 (KAIFI's motion to compel) and 192 (Defendants' opposition).

### III. T-MOBILE HAS NOT BEEN PREJUDICED

Prof. Cho's prior invention date is obviously important to KAIFI.  KAIFI promptly disclosed it to T-Mobile very early in the case.  T-Mobile actually acknowledges the importance by pointing out that Prof. Cho' prior invention date disqualifies the "Salberg" reference.  However, T-Mobile's insinuation that Prof. Cho's invention disclosure documents were uncovered *only* in reaction to T-Mobile's assertion of the Salberg reference does not match the record.  In the AT&T Case, T-Mobile's counsel had already asserted a host of prior art references with dates that would have been impacted by Prof. Cho's earlier invention date.  Thus, KAIFI had already asked Prof. Cho to search for documents.  But at that time, Prof. Cho believed that his invention disclosure documents had been lost to time.

Prof. Cho's invention disclosure documents were not fabricated in reaction to T-Mobile's invalidity contentions.  They were uncovered during preparation for Prof. Cho's retirement.  While T-Mobile continues to assert that KAIFI was not diligent, it fails to point to any course of action that KAIFI could have otherwise taken.  Notably, T-Mobile no longer argues that KAIFI

could have somehow procured documents that even Prof. Cho did not know existed until recently or that KAIFI could have previously asserted a specific prior conception date without that documentation. Further, T-Mobile's unfounded allegations that Prof. Cho and KAIST are not "third parties" remain unfounded.

T-Mobile is unable to garner any caselaw support for its position that it may sit and wait for four months, after KAIFI disclosed Prof. Cho's invention disclosure documents, and then claim prejudice after the close of discovery. Dkt. 188 at 2-3 and 8 (distinguishing T-Mobile's citations to *Elbit* and *Softvault*). T-Mobile tries to distinguish *Opticurrent, LLC v. Power Integrations, Inc.* as involving very little formal discovery. But that is irrelevant. In *Opticurrent*, the court found no prejudice when the defendant had notice prior to depositions and two months of fact discovery available to amend invalidity contentions. No. 2017 WL 11392680, at *7 (N.D. Cal. Oct. 3, 2017).

Notably, T-Mobile had never identified any specific impact that Prof. Cho's prior invention date would have on its invalidity case. For the first time on reply, T-Mobile now argues that Prof. Cho's prior invention date will disqualify a single reference, Salberg. This is indicative of T-Mobile's inconsistent and disingenuous assertions of prejudice. In the same breadth, T-Mobile then asserts that this makes Prof. Cho's invention date "critical" to "its entire invalidity case." Dkt. 198 at 5. KAIFI was unaware that T-Mobile's entire invalidity case rested on a single reference.

T-Mobile does not deny that it has asserted a voluminous number of prior art references and invalidity assertions. Nor does T-Mobile explain, other than the instance of the Salberg reference, how Prof. Cho's earlier invention date impacts their "entire invalidity case." By KAIFI's count, T-Mobile theoretically contends over a thousand potential prior art assertions and

4

combinations through its expert.[1]  If Salberg is eliminated, then the number of T-Mobile's potential invalidity assertions does fall to just under a thousand.

More importantly, T-Mobile has no response as to why, if it believed that its entire invalidity case was in jeopardy, it did not seek to amend its invalidity contentions or take any other actions earlier in the case.  Over fourth months passed between KAIFI's March 15, 2021 disclosure of Prof. Cho's invention disclosure documents and the July 19, 2021 close of discovery.  T-Mobile's silence during that period and on its reply speaks volumes.  It made the conscious choice to take no action and instead have its expert attack Prof. Cho's prior invention date on the merits.  Any prejudice that T-Mobile now alleges is solely a result of its choices.

Finally, T-Mobile argues that a continuance "would not cure the resources that T-Mobile has already expended."  It is unclear what T-Mobile means that a continuance should cure expended resources.  A continuance would be to give T-Mobile the opportunity to adjust its invalidity case – something it should have done earlier in the case.  But, importantly, T-Mobile explains neither what it might do to adjust its invalidity case nor why that would be prohibitive.

## IV.   CONCLUSION

For the reasons discussed herein, T-Mobile's Motion to Strike should be denied.


Date:  August 18, 2021                              */s/ Robert Christopher Bunt*

                                                           Robert Christopher Bunt
                                                           Texas Bar No. 00787165
                                                           PARKER, BUNT & AINSWORTH PC
                                                           100 E. Ferguson St., Suite 418
                                                           Tyler, Texas 75702

---

[1] T-Mobile's expert is somewhat murky on the exact combinations he is asserting.  But he asserts 8 primary references, up to 4 secondary references, and purportedly any combination of *one or more* of these with each other.  Even considering just 2-reference and 3-reference combinations, this results in over a thousand potential invalidity assertions.

Telephone: 903-531-3535
Email: rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: 310.277-1010
Facsimile: 310-203-7199
Email: jsheasby@irell.com

Andrew Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: 213-629-6166
Facsimile: 213-629-6001
Email: achoung@nixonpeabody.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: 213-612-8900
Facsimile: 213-612-3773
Email: enoch.liang@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via electronic mail on August 18, 2021 to all opposing counsel of record.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 80).

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT