# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>        Defendants. | Case No. 2:20-CV-00281-JRG<br><br>Hon. Rodney Gilstrap |

**DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S MOTION TO STAY PENDING EX PARTE REEXAMINATIONS OF U.S. PATENT NO. 6,922,728**

## TABLE OF CONTENTS

**Page**

| | | | |
|---|---|---|---|
| I. | Background | | 1 |
| II. | Legal Standard | | 2 |
| III. | Argument | | 3 |
| | A. | KAIFI Will Not Suffer Undue Prejudice | 4 |
| | B. | The Stage of the Case Favors a Stay | 5 |
| | C. | The Reexams Will Simplify or Eliminate Issues, Reducing the Burden on the Parties and This Court | 6 |
| IV. | Conclusion | | 7 |

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Order Granting Request For Ex Parte Reexamination in Reexamination 90/014798 |
| B | Order Granting Request For Ex Parte Reexamination in Reexamination 90/014808 |
| C | USPTO *Ex Parte* Reexamination Filing Data – September 30, 2020 |

# **TABLE OF AUTHORITIES**

**Cases**

*3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162-JDL, 2015 WL 179000 (E.D. Tex. Jan. 14, 2015) .................................................................................. 3

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-CV-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ........................................................................ 4

*Customedia Techs., LLC v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) .............................................................................. 5-6

*e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668 (E.D. Tex. Mar. 25, 2015) .................................................................................................. 3, 5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .................................................................... 2

*In re Etter*, 756 F.2d 852 (Fed. Cir. 1985) ....................................................................................... 6

*Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) ................................................................. 3

*Horizon Therapeutics, Inc. v. Par Pharm., Inc.* 2:14-cv-384, 2015 WL 11116903 (E.D. Tex. Dec. 14, 2015) ..................................................................................................... 5

*Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.,* No. 2:16-CV-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ............................................................. 3, 5

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ...................................................................................... 2

*NFC Tech. LLC v. HTC Am.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ................................................................................................... 2, 6-7

*Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................................................................... 3

*Veraseal LLC v. Costco Wholesale Corp.*, No. 2:17-cv-00713-RWS-RSP, 2018 U.S. Dist. LEXIS 230923 (E.D. Tex. May 17, 2018) ................................................................. 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014) ............................... 3-5

*Zillow, Inc. v. Trulia, Inc.*, No. C12-1549-JLR, 2013 U.S. Dist. LEXIS 144919 (W.D. Wa. Oct. 7, 2013) ..................................................................................................... 4

Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. ("T-Mobile") respectfully submit this Motion to Stay Pending *Ex Parte* Reexaminations of U.S. Pat. No. 6,722,728, the sole patent-in-suit. The United States Patent and Trademark Office ("PTO") recently issued two Orders granting two distinct requests for *ex parte* re-examination that Verizon and T-Mobile separately filed against 728 patent (the "Reexams"). The Reexams asserted nine separate bases of invalidity—all of which relied upon references never previously considered by the PTO—and the PTO granted reexamination for all nine bases of invalidity. In view of those Orders from the PTO, two separate Reexams will now proceed with each of the asserted claims in this litigation covered by at least five distinct invalidity theories to be considered by the PTO. Therefore, T-Mobile respectfully requests to stay the case as a result of the Reexams.

## I.   BACKGROUND

Plaintiff KAIFI LLC ("KAIFI") filed lawsuits against Verizon and T-Mobile alleging infringement of the 728 patent. *E.g.*, *KAIFI v. Verizon Communications Inc., et. al.*, No. 2:2020-cv-00280, D.I. 1 ("Verizon Lawsuit"); *KAIFI v. T-Mobile USA, Inc., et. al.*, No. 2:2020-cv-00281, D.I. 1 ("T-Mobile Lawsuit").[1]

On July 13, 2021, T-Mobile filed a Request for *Ex Parte* Reexamination for the 728 patent. *See* Application No. 90/014,798 (the 798 Reexam). The 798 Reexam identified seven grounds for reexamination based on the Mohammed, Jawanda, and Nikolau references that were never previously considered by the PTO. On August 19, 2021, the PTO found substantial new questions of patentability as to each of the 798 new grounds. As a result, the PTO issued an Order Granting Request For Ex Parte Reexamination in Reexamination 90/014798 of the 728 patent—an Order

---

[1] T-Mobile understands that Verizon has filed a substantially similar motion to stay in its related case on the 728 patent.

1

which includes multiple theories of invalidity covering all of the claims asserted against Verizon and T-Mobile. *See* Ex. A (Order Granting Request for *Ex Parte* Reexamination for the 798 Reexam).

On July 19, 2021, Verizon Wireless filed a Request for *Ex Parte* Reexamination for the 728 patent. *See* Application No. 90/014,808 (the 808 Reexam). The 808 Reexam identified two additional grounds for reexamination based on the Akhtar patent (U.S. Pat. No. 6,769,000) that were never previously considered by the PTO. On August 19, 2021, the PTO found substantial new questions of patentability as to each of the 808 Reexam new grounds. As a result, the PTO issued an Order Granting Request For Ex Parte Reexamination in Reexamination 90/014808 of the 728 patent—an Order which includes multiple theories of invalidity covering all of the claims asserted against Verizon and T-Mobile. *See* Ex. B (Order Granting Request for *Ex Parte* Reexamination for the 808 Reexam).

Under 37 CFR 1.530(b), KAIFI's optional statements on the reexamination orders are due two months from the Order Granting Request For Ex Parte Reexamination (October 19, 2021). If no statements are filed, an Office Action will issue in due course in each Reexam.

## II.     LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Ericsson*, 2016 WL 1162162, at *1 (quoting *NFC Tech. LLC v. HTC*

*Am.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162-JDL, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015); *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014).

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." *Veraseal LLC v. Costco Wholesale Corp.*, No. 2:17-cv-00713-RWS-RSP, 2018 U.S. Dist. LEXIS 230923, at *2-3 (E.D. Tex. May 17, 2018) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

### III. ARGUMENT

The factors considered by this Court favor a stay. *First*, a stay will not unduly prejudice KAIFI, because KAIFI does not compete with T-Mobile, does not practice the 728 patent, and could be adequately compensated through monetary damages if it prevails on a claim. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). *Second*, T-Mobile has been diligent in pursuing PTO review and a stay of this litigation, and staying the case now would avoid duplicative litigation. *See e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (finding defendant promptly renewed its motion to stay by filing within two days of PTAB's decision). Jury selection in this case is scheduled to occur on December 6, 2021, which is still several months away. Expert discovery has not closed and dispositive and *Daubert* motions have not yet been filed. *See Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.,* No. 2:16-CV-505-JRG, 2017 WL 7051628, at *2 (E.D. Tex. Oct. 25, 2017) (granting renewed motion to stay in which jury selection was scheduled to occur less than two months after the renewed motion). *Finally*, the Reexams are

likely to simplify, if not eliminate, the issues in this matter, because the PTO has found substantial new questions of patentability on all asserted claims.

### A. KAIFI Will Not Suffer Undue Prejudice

KAIFI would not suffer any undue prejudice if the Court stays the case. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. KAIFI is a non-practicing entity that neither competes with T-Mobile nor sells products that practice the 728 patent. Monetary relief will be sufficient to compensate KAIFI for any damages, and a "stay will not diminish the monetary damages to which [KAIFI] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id.* The "mere delay in collecting those damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citation omitted). Moreover, the fact that KAIFI did not move for a preliminary injunction further demonstrates that KAIFI will not suffer any prejudice if the case is stayed pending resolution of the Reexams. *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549-JLR, 2013 U.S. Dist. LEXIS 144919, at *20 (W.D. Wa. Oct. 7, 2013) ("It is well-established that the delay inherent in the reexamination process by itself does not constitute undue prejudice. . . . [A]ttempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").

T-Mobile, by contrast, would suffer undue prejudice in the absence of a stay, because it would continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTO may invalidate. This is particularly true since T-Mobile filed Reexams before the Court issued its claim construction order. The PTO has now concluded that the

Reexams have identified *nine* substantial new questions of patentability in the Reexams covering all of the asserted claims.

    Accordingly, this factor favors granting this motion to stay.

    **B.    The Stage of the Case Favors a Stay**

    T-Mobile's diligence in filing this motion for stay favors a stay. T-Mobile filed this motion only one day after the PTO issued its Orders Granting Request For Ex Parte Reexamination in both reexaminations. Moreover, T-Mobile's diligence in filing its Request for Reexamination and moving to stay this case shortly thereafter also weighs heavily in favor of a stay. *See e-Watch*, 2015 WL 12915668, at *3 (according weight to the timing of defendant's initial motion to stay and its quick renewal of the motion after the PTAB's institution decision). T-Mobile filed its Reexam before receiving the Court's claim construction order, and the PTO quickly entered orders finding substantial new questions of patentability in the Reexams—within six weeks of the filing of the reexamination.

    "[T]he proper time to measure the stage of litigation" is at "the date of the filing of the motion to stay." *VirtualAgility*, 759 F.3d at 1316. In the T-Mobile lawsuit, expert discovery is still open until September 15, 2021, and dispositive and *Daubert* motions have not yet been filed. *Horizon Therapeutics, Inc. v. Par Pharm., Inc.* 2:14-cv-384, 2015 WL 11116903, at *1 (E.D. Tex. Dec. 14, 2015) (staying case after close of discovery but before dispositive motions deadline). A significant amount of work remains for the parties and the Court. Briefing has not yet started on dispositive motions or *Daubert* motions (such motions are due on September 3, 2021), motions *in limine* are not due for two months (on October 25, 2021), and jury selection is still several months away —more than enough to warrant a stay. *See Image Processing*, 2017 WL 7051628, at *2 (concluding that the benefits of a stay outweighed the costs, when jury selection was scheduled to occur less than two months after the renewed motion); *Customedia Techs., LLC v. DISH Network*

*Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *2–3 (E.D. Tex. Aug. 9, 2017) (granting an opposed motion to stay after briefing on motions *in limine* and summary judgment had concluded).

Thus, this factor weighs in favor of a stay

### C. The Reexams Will Simplify or Eliminate Issues, Reducing the Burden on the Parties and This Court

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. The two Reexams collectively assert 9 grounds of invalidity under 4 separate base references – none of which were previously considered by the PTO. Each asserted claim is covered by at least *five* distinct new substantial questions of patentability determined by the PTO.

Therefore, "[s]taying this case has the potential to simplify the issues before the Court," and potentially, resolve the issues altogether. *Customedia Techs.*, 2017 WL 3836123, at *2. Because the PTO has now granted multiple Requests for Reexamination for each asserted claim, "a stay has the potential to decrease the burdens on the Court and the parties, and any potential costs, delay, or prejudice resulting from postponing the resolution of the case are outweighed by the benefits of a stay." *Id*

Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111, at *1 (quotations omitted). As the Federal Circuit and this Court have observed, "an auxiliary function [of the PTO proceeding] is to free the court from any need to consider prior art without the benefit of the [PTO]'s consideration." *Norman IP Holdings*, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

6

According to the PTO's most recent Reexamination statistics, **79% of *ex parte* reexaminations** result in either the cancellation or modification of at least some claims. *See* Ex. C (USPTO *Ex Parte* Reexamination Filing Data – September 30, 2020). Therefore, it is highly likely that the Reexams will impact this case significantly. Even if they invalidate only some of the claims, the Reexams will have narrowed the issues and will also add prosecution history that may inform the construction of claim terms as well as infringement and invalidity issues. *See NFC Tech.*, 2015 WL 1069111, at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court.").

Thus, this factor also weighs in favor of a stay

## IV.   CONCLUSION

For the foregoing reasons, T-Mobile submits that good cause exists for staying all claims and issues pertaining to the 728 patent pending the outcome of the Reexams. Accordingly, T-Mobile respectfully requests that the Court grant this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 20, 2021 | /s/ *Josh A. Krevitt* |
|  | Josh A. Krevitt |
|  | New York Bar No. 2568228 |
|  | Benjamin Hershkowitz |
|  | New York State Bar No. 2600559 |
|  | Katherine Q. Dominguez |
|  | New York Bar No. 4741237 |
|  | Paul J. Kremer |
|  | New York Bar No. 4900338 |
|  | GIBSON, DUNN & CRUTCHER LLP |
|  | 200 Park Avenue |
|  | New York, New York 10166-0193 |
|  | Telephone: (212) 351-4000 |
|  | Facsimile: (212) 351-4035 |
|  | bhershkowitz@gibsondunn.com |
|  | kdominguez@gibsondunn.com |
|  | pkremer@gibsondunn.com |
|  |  |
|  | Nathan R. Curtis |
|  | Texas State Bar No. 24078390 |
|  | GIBSON, DUNN & CRUTCHER LLP |
|  | 2001 Ross Avenue |
|  | Dallas, Texas 75201-2923 |
|  | Telephone: (214) 698-3423 |
|  | Fax: (214) 571-2961 |
|  | ncurtis@gibsondunn.com |
|  |  |
|  | Melissa R. Smith |
|  | Texas State Bar No. 24001351 |
|  | GILLAM & SMITH, LLP |
|  | 303 S. Washington Ave. |
|  | Marshall, TX 75670 |
|  | Telephone: (903) 934-8450 |
|  | Facsimile: (903) 934-9257 |
|  | Melissa@gillamsmithlaw.com |
|  |  |
|  | *Attorneys for Defendants T Mobile US, Inc. and T Mobile USA, Inc.* |

## **CERTIFICATE OF SERVICE**

      I certify that on August 20, 2021, the foregoing document was served on all counsel who have consented to electronic service.

                                      */s/ Josh A. Krevitt*

                                      Josh A. Krevitt