# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>      Defendants. | Case No. 2:20-CV-00281-JRG<br><br>Hon. Rodney Gilstrap |

**T-MOBILE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
KAIFI TO PRODUCE DOCUMENTS FROM ITS PARENT ENTITIES**

On May 10, 2021, T-Mobile filed a pending motion to compel KAIFI to produce documents from its parent entities, Intellectual Discovery ("ID") and Golden Wave Partners ("GWP") (Dkt. 140). T-Mobile now respectfully submits this supplemental brief to inform the Court of additional relevant facts that have come to light regarding KAIFI and its parents' discovery misconduct regarding the asserted 728 Patent.

As T-Mobile explained in its motion, KAIFI and its parents ID and GWP are abusing the discovery process by producing only those documents from ID and GWP that are helpful to KAIFI's case, while withholding other relevant documents harmful to KAIFI's case, even though KAIFI has practical control over all relevant ID and GWP documents and this Court has ample authority under Rule 34 to simply compel KAIFI to produce all such material. *See* Dkt. 140 at 3–7. In its opposition, KAIFI attempted to downplay the significance of what has been withheld, stating that "ID/GWP offered to produce all documents regarding the '728 Patent, KAIFI, or this litigation." Dkt. 146 at 2. KAIFI also disputed T-Mobile's claim that "KAIFI and its parents can retain absolute discretion over *which* relevant documents are produced." *Id.*

Recent developments in KAIFI's companion litigation against Verizon have demonstrated without any doubt that ID continues to deliberately withhold highly relevant, non-privileged documents regarding the 728 Patent, including 728 Patent licensing negotiations with Samsung. Worse yet, ID is actively blocking the production of this information from other sources, *i.e.*, Samsung itself. As detailed in Verizon's Motion to Compel KAIFI and its Parent Corporation to Stop Preventing Third Party Evidence and for an Adverse Inference, *see KAIFI, LLC v. Verizon Communications Inc., et al.*, Dkt. 74, No. 2:20-cv-280-JRG (E.D. Tex. Aug. 13, 2021), ID is refusing to release Samsung from confidentiality obligations regarding the licensing offers that ID itself imposed. *Id.* at 2. The prejudice is clear: Samsung has confirmed that (1) it received

1

"multiple proposals in the past from ID related to the '728 patent," and (2) apart from the "fact of the licensing proposals," ID has refused to allow Samsung to provide additional information regarding these licensing proposals. *Id.*; *see also* Ex. 1.

KAIFI and ID should have produced documents and any other information regarding these licensing proposals long ago—at least during the nearly three months after it filed its opposition to T-Mobile's Motion and represented to the Court that it had already offered to produce such information. Yet it has not. The reason is clear: these non-litigation licensing proposals will fatally undermine KAIFI's vastly overstated damages claim. KAIFI and ID clearly want to delay the production of this information as long as possible, at least until after T-Mobile's damages reports are due on August 23, 2021 and after the parties' mediation on August 31, 2021.

In view of the foregoing, and for the reasons set forth in T-Mobile's Motion to Compel, T-Mobile respectfully requests that the Court order KAIFI to immediately produce all relevant documents from ID and GWP, including documents related to ID's licensing offers to Samsung. T-Mobile further requests that the Court order KAIFI and ID to withdraw their objections to Samsung's production and allow Samsung to produce the relevant information in its possession. Finally, for the reasons stated in Verizon's motion, T-Mobile respectfully requests an adverse inference that instructs the jury that it can consider the Samsung documents to have disclosed information that is unfavorable to KAIFI's position.

DATE:  August 20, 2021	Respectfully submitted,

                                                    GIBSON, DUNN & CRUTCHER LLP

                                                    By: */s/ Josh A. Krevitt*

      Josh A. Krevitt
      New York Bar No. 2568228
      Benjamin Hershkowitz
      New York State Bar No. 2600559
      Katherine Q. Dominguez
      New York Bar No. 4741237
      Paul J. Kremer
      New York Bar No. 4900338
      **GIBSON, DUNN & CRUTCHER LLP**
      200 Park Avenue
      New York, New York 10166-0193
      Telephone: (212) 351-4000
      Facsimile: (212) 351-4035
      bhershkowitz@gibsondunn.com
      kdominguez@gibsondunn.com
      pkremer@gibsondunn.com

      Nathan R. Curtis
      Texas State Bar No. 24078390
      **GIBSON, DUNN & CRUTCHER LLP**
      2001 Ross Avenue
      Dallas, Texas 75201-2923
      Telephone: (214) 698-3423
      Fax: (214) 571-2961
      ncurtis@gibsondunn.com

      Melissa R. Smith
      Texas State Bar No. 24001351
      **GILLAM & SMITH, LLP**
      303 S. Washington Ave.
      Marshall, TX 75670
      Telephone: (903) 934-8450
      Facsimile: (903) 934-9257
      Melissa@gillamsmithlaw.com

      *Attorneys for Defendants T-Mobile US, Inc.*
      *and T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on August 20, 2021.


                                                      */s/ Josh A. Krevitt*
                                                     Josh A. Krevitt