# EXHIBIT 3

# Carson, Rebecca

| | |
|---|---|
| **From:** | Carson, Rebecca |
| **Sent:** | Wednesday, June 23, 2021 3:23 PM |
| **To:** | 'Kremer, Paul J.' |
| **Cc:** | *** TMUS-Kaifi_C; ~Smith, Melissa; 'tom@gillamsmithlaw.com'; 'LTL-Kaifi-T-Mobile'; Sheasby, Jason; 'Matthew Hawkinson'; ~Bunt, Robert; 'Choung, Andrew'; 'NP-KAIFIvTM@nixonpeabody.com'; 'Joshua.le@ltlattorneys.com' |
| **Subject:** | RE: KAIFI/T-Mobile - motions to quash |

Dear Paul,

Here are responses to the questions in your 6/23/21 email:

1. You appear to be intentionally misstating the issue. We were clear both in our papers and with ID/GWP's proposal in my prior emails. Based on your response, we understand that TM declines ID/GWP's proposal.

2. As we have already told you, we have produced responsive documents, if any exist, subject to our objections and any pending motions. Are you now contending that the parties must log their attorney retention agreements? Also, logging for the pendency of the AT&T case or this litigation is not required per the respective Discovery Orders.

3. We intend to object to questions to the extent that they call for privileged/protected matters.

4. Your question below is an interrogatory. With respect to document production, we have produced responsive documents, if any exist, subject to our objections and any pending motions. It's unclear what documents you are contending have not been produced.

5. Your question below is an interrogatory. With respect to document production, we have produced responsive documents, if any exist, subject to our objections and any pending motions.

6. We have produced responsive documents, if any exist, subject to our objections and any pending motions. It's unclear what documents you are contending have not been produced. The "and/or will" portion of my response was intended to address the anticipated ESI/E-mail production for Dr. Cho, which may contain some additional communications on these issues. ==As you know, we provided a proposal to T-Mobile last week regarding the narrowing of ESI discovery and proposed that the parties agree on a mutual date to exchange ESI and privilege logs. You have not responded to that email.==

7. You asked if we produced and logged privileged documents. See our prior answer. It's unclear what you are now asking or what you feel is missing.

We fail to understand how any of these issues could somehow justify T-Mobile's subpoenas to Lathrop and Mr. Yun/Kaon. As discussed, it is improper for T-Mobile to try to use these third-party subpoenas as an end-run around party discovery and/or in lieu of waiting for Judge Gilstrap to issue his orders on the parties' pending discovery motions. To the extent you wish to continue the meet and confer process on these issues, we believe it would be more efficient for you to identify specific documents you believe are missing from KAIFI's production and/or specific interrogatory responses that you believe are deficient. Instead, your emails seem to be rehashing issues that are already addressed in the parties' pending discovery motions and/or posing interrogatories to counsel that T-Mobile never actually served on KAIFI, which is not productive.

Regards,