IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KAIFI LLC, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00281-JRG |
| | § | |
| T-MOBILE US, INC., T-MOBILE USA, INC., | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER

Before the Court is Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Motion to Strike Kaifi's Infringement Contentions with Respect to Over-The-Top Services (Dkt. No. 90) (the "Motion"). In the Motion, Defendants T-Mobile US, Inc. and T-Mobile USA (collectively, "T-Mobile") request that the Court strike Plaintiff Kaifi LLC's ("Kaifi") infringement contentions regarding the so-called "Over-The-Top" ("OTT") services offered by T-Mobile.

Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **DENIED**.

### I.    BACKGROUND

On August 28, 2020, Kaifi LLC ("Kaifi" or the "Plaintiff") filed the above-captioned lawsuit against Defendants, alleging infringement of U.S. Patent No. 6,922,728 (the "Patent-in-Suit" or "'728 Patent"). (Dkt. No. 1.) In the Complaint, Kaifi accused both T-Mobile's "Wi-Fi Calling system and service" and its "over the top (OTT) voice and data applications." (*Id.* at 9.) As an attachment to the Complaint, Kaifi provided a chart describing its infringement theory on a claim-by-claim basis. (Dkt. No. 1-3.) Kaifi also represented in the Complaint that "[o]n

information and belief, the manner of infringement by all Accused Instrumentalities is materially the same as this representation." (Dkt. No. 1 at 9-10.)

On October 30, 2020, Kaifi served its Infringement Contentions on T-Mobile in compliance with the Court's Local Patent Rule 3-1. (Dkt. No. 53.) In those Contentions, Kaifi provided a single claim chart describing its infringement theory in detail and stated that, according to its theory, both Wi-Fi Calling and OTT services "utilize the same or substantially similar technology . . . such that the chart is representative of the manner of infringement across the Accused Instrumentalities." (Dkt. No. 90 at 6-7; Dkt. No. 90-1 at 4.)

On January 12, 2021, Kaifi served proposed Supplemental Infringement Contentions on T-Mobile to address T-Mobile's concerns with the use of a single representative claim chart for Wi-Fi Calling and OTT services. (Dkt. No. 90 at 8.) Kaifi's proposed Supplemental Infringement Contentions likewise contained only a single claim chart. (*Id.*)

## II. LEGAL STANDARD

Regarding Infringement Contentions, the Court requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). These contentions require the plaintiff "to solidify, to the best it can at this stage, the theory of how the accused products infringe the asserted claims," *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00042, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017), as well as provide the defendant with reasonable notice of the plaintiff's theories of infringement, *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019). While "broad conclusory allegations that the products are similar" do not justify a plaintiff's use of a single chart for multiple products, *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-cv-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013), a single chart may be used

where the various accused products or instrumentalities operate in the same manner with respect to the claims of the patent, *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 657 (E.D. Tex. 2009); *Team Worldwide Corp. v. Acad., LTD*, No. 2:19-CV-00092, 2020 WL 4601635, at *3–5 (E.D. Tex. Aug. 11, 2020).

The Court generally disfavors striking infringement contentions "absent evidence of unreasonable delay and prejudice." *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-cv-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016). "Striking [infringement contentions] is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations.'" *Id.* at *1. In addition, a motion to strike is not a shortcut to summary judgment of non-infringement for the defendant. Whether the defendant believes that the plaintiff's infringement contentions express a "viable infringement theory is of no moment." *SSL Servs., LLC v. Cisco Systems Inc.*, 2016 WL 727673, at *8 (E.D. Tex. Feb. 24, 2016). The Court will not make factual determinations regarding "[w]hether or not an accused instrumentality works as described in the infringement contentions" when evaluating a motion to strike. *Vertical Computer Systems, Inc., v. Interwoven, Inc. et al.,* 2013 WL 12310807, at *2 (E.D. Tex. Sep. 13, 2013).

### III.   ANALYSIS

T-Mobile contends that Kaifi has not provided adequate infringement contentions because Kaifi did not create individual charts for both Wi-Fi Calling and the OTT services. T-Mobile further argues that Kaifi "know[s] . . . that OTT services use different instrumentalities from Wi-Fi Calling" and thus knows it was not appropriate to use a single chart. (Dkt. No. 90 at 9-10, 11-12.) With regard to the first argument, T-Mobile contends that Kaifi "provides no explanation as to how uncharted products," such as OTT services, "are technically or functionally equivalent" to

the charted products, such as Wi-Fi Calling. (*Id*. at 10)  T-Mobile further alleges that Kaifi "does not cite a single document to support its assertions on the similarity of OTT services." (*Id*.)

Kaifi responds that—based the information available to it—it believes that the two instrumentalities function in the same manner. (Dkt. No. 104 at 5.)  Additionally, Kaifi disputes that the alleged differences identified by T-Mobile are related to the claims.  For example, although T-Mobile argues that Wi-Fi Calling passes packets through the Core wireless network and OTT services do not, Kaifi contends that the claims do not require that packets be passed through the Core network at all.  Further, Kaifi contends that OTT services use the Core network when a device is not connected to the internet via Wi-Fi. (*Id*. at 12.)  In addition, Kaifi argues that it cannot provide a more explicit explanation of the differences or similarities between Wi-Fi Calling and OTT services because "T-Mobile does not publicize the internal operations of its Wi-Fi switching system or the technical details of its network" and "T-Mobile refuses and continues to refuse to provide the necessary and relevant information regarding its OTT services." (*Id*. at 14-15.)

T-Mobile's second argument—that Kaifi knows that Wi-Fi Calling and OTT services are different—relies on citations to the briefing for a summary judgement motion in *KAIFI LLC v. AT&T Inc.*, a separate case in this Court that has been dismissed. *See* Case No. 2:19-cv-00138-JRG, Dkt. No. 197 (E.D. Tex. June 18, 2020).  According to T-Mobile, the briefing on that motion—which was never ruled on by the Court—demonstrated the differences between Wi-Fi Calling and OTT service and "made it incumbent on KAIFI . . . to demonstrate the alleged technical and functional identity between T-Mobile's Wi-Fi Calling services and the third-party OTT services." (Dkt. No. 90 at 12.)  T-Mobile further contends that documents produced during discovery in this litigation show that Wi-Fi Calling and OTT services in fact do not operate in the same manner. (*Id*. at 12-13.)

In response, Kaifi argues that it was not "required to agree to the factual assertions in [AT&T's] motion" and certainly does not agree that "these same assertions apply to a completely different network (the T-Mobile network)." (Dkt. No. 104 at 15.) Kaifi further contends that T-Mobile's interpretation of the produced documents is incorrect, and they do not show any of the alleged differences between Wi-Fi Calling and OTT services. (*Id*. at 16-17.)

Through their respective arguments, both parties invite the Court to make factual determinations about the technical differences between Wi-Fi Calling and OTT services. The Court declines to do so. A motion to strike is not a proper vehicle to argue the merits of an infringement theory. *See Vertical,* 2013 WL 12310807, at *2.

Putting aside the parties' fact-bound arguments, the Court agrees with Kaifi. Kaifi's infringement contentions provide T-Mobile with the requisite notice of its infringement theory for the OTT services—*i.e.*, that the OTT services "utilize the same or substantially similar technology" as Wi-Fi Calling. (Dkt. No. 90-1 at 4.) Whether T-Mobile believes this theory is viable does not weigh into the resolution of the Motion.[1] The Court notes, however, that Kaifi will be limited to the theory it has expressed in its infringement contentions. If Kaifi later wishes to alter its theory to accuse different aspects of the OTT services of meeting the limitations of the claims, it must request leave and show good cause why it did not do so earlier in the litigation.

Lastly, even if the Court were to agree that Kaifi's current infringement contentions were insufficient, T-Mobile has not shown the kind of unreasonable delay or prejudice that are required to justify striking Kaifi's infringement theory.

---

[1] Furthermore, Kaifi is not required to respond to or account for arguments made in the summary judgment briefing in a different case that were never ruled on by the Court. T-Mobile cites no authority to justify its assertion that AT&T's briefing arguments are somehow binding or relevant to the resolution of this Motion. If T-Mobile wishes to make the same arguments as AT&T in its summary judgment briefing in this case, it is free to do so assuming the facts in this case allow for such arguments. At that point, if it occurs, such issues will be ripe for the Court to consider in this case.

IV.     CONCLUSION

Based on the foregoing, the Court is of the opinion that Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Motion to Strike Kaifi's Infringement Contentions with Respect to Over-The-Top Services should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 14th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE
