**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KAIFI LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>      Defendants. | Case No. 2:20-CV-00281-JRG<br><br>Hon. Rodney Gilstrap |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF**
**INELIGIBILITY OF U.S. PATENT NO. 6,922,728 UNDER 35 U.S.C. § 101**

**TABLE OF CONTENTS**

Page

I.     ISSUE TO BE DECIDED BY THE COURT .................................................................. 2

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

III.   THE ASSERTED CLAIMS ARE PATENT-INELIGIBLE UNDER SECTION
       101 ................................................................................................................................ 5

       A.     KAIFI Has Abandoned the Factual Disputes Relating to "Inventive
              Concept" That the Court Identified at the Pleadings Stage ................................... 5

       B.     KAIFI's Current Arguments for Eligibility Fail as a Matter of Law ..................... 9

              1.     KAIFI Cannot Rely on "Seamless Switching" as the Inventive
                     Concept Because "Seamless Switching" Is the Abstract Idea Itself ......... 10

              2.     KAIFI Cannot Rely on Non-Obviousness to Establish
                     Inventiveness ............................................................................................... 12

IV.    CONCLUSION ............................................................................................................. 13

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---|---|
| Exhibit 1 | Expert Report of Thomas M. Conte, Ph.D. (July 26, 2021) |
| Exhibit 2 | Expert Rebuttal Report of Thomas M. Conte, Ph.D. (Aug. 23, 2021) |
| Exhibit 3 | Expert Rebuttal Report of Thomas L. Blackburn (Aug. 23, 2021) |
| Exhibit 4 | Expert Opening Report of James A. Proctor, Jr., M.S.E.E. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. U.S. Patent No. 6,922,728 (July 26, 2021) |
| Exhibit 5 | Deposition Transcript of Thomas M. Conte (Aug. 30, 2021) |
| Exhibit 6 | ANSI/IEEE Standard 802.11 (1999 Edition) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| 728 Patent | U.S. Patent No. 6,922,728 (Dkt. 1-2) |
| 802.11 Standard | ANSI/IEEE Standard 802.11 (1999 Edition) (Ex. 6) |
| Asserted Claims | Claims 1, 2, 3, 5, 7, 10, 11, and 20 of the 728 Patent[1] |
| Blackburn Reb. Rpt. | Expert Rebuttal Report of Thomas L. Blackburn (Aug. 23, 2021) (Ex. 3) |
| Conte Reb. Rpt. | Expert Rebuttal Report of Thomas M. Conte, Ph.D. (Aug. 23, 2021) (Ex. 2) |
| Conte Rpt. | Expert Report of Thomas M. Conte, Ph.D. (July 26, 2021) (Ex. 1) |
| Conte Dep. | Deposition Transcript of Thomas M. Conte (Aug. 30, 2021) (Ex. 5) |
| Dkt. | Docket Number |
| KAIFI | KAIFI LLC |
| KAIFI MTD Opp. | KAIFI's Opposition to T-Mobile's Motion to Dismiss for Lack of Patent Eligibility Under 35 U.S.C. § 101, Dkt. 77 |
| KAIFI Reply CC Br. | KAIFI's Reply Claim Construction Brief, Dkt. 142 |
| Proctor Rpt. | Expert Opening Report of James A. Proctor, Jr., M.S.E.E. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. U.S. Patent No. 6,922,728 (July 26, 2021) (Ex. 4) |
| SUMF | Statement of Undisputed Material Facts |
| T-Mobile | Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. |

---

[1] The Asserted Claims addressed in this Motion are a subset of those addressed by T-Mobile's Motion to Dismiss (Dkt. 55), as KAIFI has narrowed its asserted claims since that time.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adaptive Streaming Inc. v. Netflix, Inc.*,
836 F. App'x 900 (Fed. Cir. 2020) ........................................................................13

*Alice Corp. v. CLS Bank International*,
573 U.S. 208 (2014) ............................................................................5, 11, 13

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018) ..........................................................................8, 9

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
No. 17-CV-05928-YGR, 2021 WL 1421612 (N.D. Cal. Apr. 14, 2021) ................................10

*Intellectual Ventures I LLC v. Symantec Corp.*,
838 F.3d 1307 (Fed. Cir. 2016)..........................................................................12

*SAP Am., Inc. v. InvestPic, LLC*,
898 F.3d 1161 (Fed. Cir. 2018)......................................................................12, 13

*Sitrick v. Dreamworks, LLC*,
516 F.3d 993 (Fed. Cir. 2008)...........................................................................10

*T-Rex Prop. AB v. Regal Ent. Grp.*,
No. 6:16-CV-927-JDK-KNM, 2019 WL 4727426 (E.D. Tex. Sept. 27, 2019) .....................10

*Telinit Techs., LLC v. Alteva, Inc.*,
No. 2:14-CV-00369, 2015 WL 5578604 (E.D. Tex. Sept. 21, 2015)....................................12

*Trading Techs. Int'l, Inc. v. IBG LLC*,
921 F.3d 1084 (Fed. Cir. 2019)..........................................................................11

*Voip-Pal.Com, Inc. v. Apple Inc.*,
411 F. Supp. 3d 926 (N.D. Cal. 2019), *aff'd*, 828 F. App'x 717 (Fed. Cir. 2020) ......................12

This Court has held that the Asserted Claims are directed to an abstract idea under *Alice* Step One—*i.e.*, "routing a communication on one path or another, based on the recipient's location."  MTD Order (Dkt. 216) at 6–9.  Because the undisputed facts show that the Asserted Claims do not include an "inventive concept" that is "significantly more" than that abstract idea (*Alice* Step Two), summary judgment of ineligibility under Section 101 is warranted.

In ruling on T-Mobile's motion to dismiss under Section 101, the Court identified certain factual disputes raised in KAIFI's briefing regarding potential "inventive" aspects of the Asserted Claims relevant to *Alice* Step Two.  On that basis, the Court denied the motion to dismiss.  But not one of those issues remains a factual dispute—KAIFI has abandoned them all.  Indeed, in offering his opinions on eligibility, KAIFI's expert does not rely on a single one of the issues that the Court found to be factual disputes precluding dismissal at the pleadings stage.

In particular, although at the pleadings stage KAIFI argued that the use of "indoor system ID information" to inform routing decisions rendered the claims inventive, KAIFI's expert on validity, Mr. Blackburn, does not even mention that argument in his eligibility opinions.  Indeed, Mr. Blackburn has no ability to advance that argument: through its separate infringement expert, Dr. Conte, KAIFI now takes the position that the Asserted Claims do not require the use of "indoor system ID information" in the routing decision *at all*.  There is no mystery as to why KAIFI has abandoned this argument for eligibility:  KAIFI cannot maintain an infringement case against T-Mobile under the claim interpretation KAIFI presented at the pleadings stage.  But in electing to disown this claim requirement, KAIFI lost what was previously its central argument for finding an "inventive concept" in the Asserted Claims.

Unable to advance what was KAIFI's key argument at the pleadings stage, Mr. Blackburn is left with just two arguments for inventiveness, both of which fail as a matter of law.  First,

although Mr. Blackburn does not expressly identify any specific "inventive concept" that he believes confers eligibility, in arguing that the claimed combinations are "inventive," he highlights "seamless handover functionality for switching automatically and without interruption."  The problem for KAIFI is that "seamless handover functionality" cannot provide an inventive concept, because it is the abstract idea itself.  The law is clear that the abstract idea itself cannot provide the "inventive concept."  Second, Mr. Blackburn asserts that the Asserted Claims are not obvious and therefore necessarily are inventive.  But that opinion contradicts bedrock Federal Circuit law holding that non-obviousness cannot establish inventiveness for purposes of Section 101.

Because KAIFI has abandoned all of the factual disputes that the Court found precluded dismissal at the pleadings stage, and KAIFI has no legally permissible argument that the Asserted Claims include an inventive concept that renders them non-abstract, T-Mobile respectfully requests summary judgment that the Asserted Claims are patent-ineligible under 35 U.S.C. § 101.

## I.   ISSUE TO BE DECIDED BY THE COURT

Whether the Asserted Claims of the 728 Patent are ineligible for patent protection because they are directed to non-patent-eligible subject matter under 35 U.S.C. § 101.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   Figure 1 of the 728 Patent discloses outdoor wireless networks including, *inter alia*, a data communication terminal (10), router (*e.g.*, 92), and location register (80).  728 Patent (Dkt. 1-2) at Figs. 1a, 1b; 6:29–56.  The patent explains that the "access paths of the outdoor wireless LAN network, which have been described with reference to FIGS. 1*a* and 1*b*, *belong to publicly known technology*," *id.* at 8:24–26,[2] and are "employed in the present invention," *id.* 4:32–34.

2.   Other than the "indoor gateway," every computer or network node recited in the Asserted Claims is found in the outdoor network access paths that the 728 Patent states "belong to

---

[2]  All emphases in quotations added unless otherwise noted.

publicly known technology." *Id.* at Fig. 1a–1b; 4:32–34, 6:29–56; 8:24–26; 15:9–18:14; *see also* Proctor Rpt. (Ex. 4) ¶ 2173.

3.     The 728 Patent states that conventional gateways such as a "home gateway (HG), an IAD (Integrated Access Device), and the like may be used as the indoor gateway."  728 Patent at 8:66–9:1; *see also id.* at 4:66–5:1.  The 728 Patent states that "the home gateway (hereinafter, referred to as 'HG') is a core apparatus for home information technology," *id.* at 6:6–7; *see also* Proctor Rpt. (Ex. 4) ¶ 2174.

4.     The 728 Patent discloses that the claimed "indoor wireless connection module" of the indoor gateway "corresponds to" what are admittedly known, conventional components such as "the Bluetooth module, the wireless LAN connection module and the wireless packet connection module."  728 Patent at 8:62–65; *see also* Proctor Rpt. (Ex. 4) ¶¶ 129, 2174.

5.     KAIFI alleges that Wi-Fi access points broadcasting Service Set Identifiers ("SSIDs"), such as those disclosed in the 802.11 Standard at least as early as 1999, constitute the claimed "indoor gateway" including "an indoor wireless connection module therein" that "broadcasts the indoor system ID information."  Conte Rpt. (Ex. 1) ¶¶ 265–89; Blackburn Reb. Rpt. (Ex. 3) ¶ 159; 802.11 Standard (Ex. 6) §§ 7.1.3.3, 7.2.3, 10.3.2, 11.1.2.

6.     T-Mobile's expert, James Proctor, served an expert report in which he opines that all elements and all steps of the Asserted Claims, as organized therein, were conventional at the time of the 728 Patent.  *See, e.g.*, Proctor Rpt. (Ex. 4) ¶¶ 2171–76; *see also id.* ¶¶ 128–29.

7.     KAIFI served an Expert Report of Thomas L. Blackburn purporting to rebut T-Mobile's positions on ineligibility under Section 101.  Blackburn Reb. Rpt. (Ex. 3) ¶¶ 1512–19.

8.     Mr. Blackburn does not provide an opinion identifying any specific component of the Asserted Claims as unconventional.  *Id.*  Instead, Mr. Blackburn opines that "Prof. Cho presents a novel and inventive combination system and method, which includes seamless handover

functionality for switching automatically and without interruption of voice/data communications based on location information." *Id.* ¶ 1518.  Mr. Blackburn does not expressly identify what is "inventive" about the "combination." *Id.*

9.    In support of his assertion that the claimed combinations are inventive, Mr. Blackburn cites Section V.C (¶¶ 162–68) of his report, which cites testimony from Professor Cho, the named inventor. *Id.*

10.    The Cho testimony cited by Mr. Blackburn does not identify anything allegedly inventive about the Asserted Claims under Section 101 and at most asserts that the "function related to seamless handover and roaming" distinguished the prior art. *Id.* ¶ 164; *see also id.* ¶ 165 (distinguishing the invention based on "seamless handover and roaming"), ¶ 166 (same).

11.    Mr. Blackburn cites deposition testimony by the named inventor stating that "location information defined in my patents is slightly different from the location information that was being used in networks at the time," but does not opine that "location information" in the Asserted Claims is inventive or explain how that would be so. *Id.* ¶ 167.

12.    Mr. Blackburn states that "the Asserted Claims are not obvious in view of the asserted prior art.  Consequently, they are inventive." *Id.* ¶ 1519.

13.    Mr. Blackburn does not opine that anything recited in the Asserted Claims is "significantly more" than a claim to the abstract idea of switching between an outdoor network and an indoor network automatically and without interruption. *Id.* ¶¶ 1512–19.

14.    At his deposition, KAIFI's infringement expert, Dr. Conte, was asked whether "the claimed invention does not require that indoor system ID information be provided to the location register included in the system," and responded "yes, that's my opinion.  It's not required."  Conte Dep. (Ex. 5) at 67:16–22.

15.     When asked whether "[t]he claims require updating the location information in the location register with indoor system ID information broadcasted by an indoor gateway," Dr. Conte responded "I don't see that language, so, yes, I disagree it's a requirement." *Id.* at 70:12–20.

16.     When asked whether the "specific solution" of the 728 Patent "is to use registered indoor system ID information to detect movement indoors and outdoors and use that information to indicate a location change," Dr. Conte stated "no, I think that that's an overly narrowed statement, so I do not agree with it. . . . all that Claim 1 requires is determining location in order to make the decision about roaming." *Id.* at 71:19–72:24.

## III.     THE ASSERTED CLAIMS ARE PATENT-INELIGIBLE UNDER SECTION 101

This Court has held that the Asserted Claims are directed to an abstract idea under *Alice* Step One.  MTD Order (Dkt. 216) at 6–9.  Therefore, the Asserted Claims are patent-ineligible unless (per *Alice* Step Two) they disclose an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to *significantly more than a patent upon the [abstract idea] itself*."  *Id.* at 5 (citing *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 217–18 (2014)).  But KAIFI's expert on eligibility, Mr. Blackburn, never identifies a specific inventive concept that he believes renders the claims patent-eligible, at most offering conclusory statements and generalized arguments for inventiveness that fail as a matter of law.  Because Mr. Blackburn's opinions fail to raise a genuine fact dispute for trial, summary judgment of ineligibility under Section 101 is warranted.

### A.     KAIFI Has Abandoned the Factual Disputes Relating to "Inventive Concept" That the Court Identified at the Pleadings Stage

In ruling on T-Mobile's 101 motion at the pleadings stage, the Court found that KAIFI had raised fact disputes regarding whether certain elements provide an "inventive concept" under *Alice* Step Two.  MTD Order (Dkt. 216) at 9–10.  Not one of the fact disputes raised by KAIFI and

identified by the Court at the pleadings stage remains a fact dispute today.  To the contrary, KAIFI has now abandoned every one of the arguments the Court identified as precluding dismissal: KAIFI's expert does not even mention the arguments in providing his inventiveness analysis, much less provide any argument or evidence to create any triable issue of fact.  Thus, none of the issues identified in the Court's Order raises any genuine factual dispute that could preclude summary judgment.

With respect to the independent claims, the Court found KAIFI had raised "factual disputes over whether it was conventional and well-understood at the time the patent was filed" to:

- "create computers that allow a user device to switch between two different wireless networks automatically and without interruption" or "create computers that allow a user device to switch between two different networks based [on] the location of the user device," and

- use "indoor system ID [] to indicate that a terminal has moved indoors" while using "information on a location area [] to indicate an outdoor location for the terminal."

MTD Order (Dkt. 216) at 9–10 (quoting KAIFI MTD Opp. (Dkt. 77)) (alterations in original). There is now no dispute that these items do not provide an inventive concept.

As to the first point—*i.e.*, creating computers—KAIFI's expert for purposes of eligibility, Mr. Blackburn, does not even *argue* that the Asserted Claims create new computers or that creating new computers provides the inventive concept of the 728 Patent—let alone provide evidence to create a triable issue of fact on that question.  Blackburn Reb. Rpt. (Ex. 3) ¶¶ 1512–19.  Nor could he, because the 728 Patent does not include any discussion of creating new computers.  *See generally* 728 Patent (Dkt. 1-2).

Nor does Mr. Blackburn argue the second point—that the inventive concept is allegedly found in using "indoor system ID [] to indicate that a terminal has moved indoors" while using "information on a location area [] to indicate an outdoor location for the terminal."  MTD Order (Dkt. 216) at 9–10; Blackburn Reb. Rpt. (Ex. 3) ¶¶ 1512–19.  Although the cornerstone of KAIFI's

6

eligibility argument at the pleadings stage was the allegedly unconventional use of "indoor system ID information" by the location register to indicate a switch to the indoor network, *see generally* KAIFI MTD Opp. (Dkt. 77); *see also* Dkt. 85, KAIFI has now disowned that requirement entirely: not only does Mr. Blackburn not identify or rely on this element for his eligibility opinions, but KAIFI's separate infringement expert asserts that it is *not even a claim element*.

In opposing T-Mobile's motion to dismiss, KAIFI was adamant that using indoor system ID information in the location register to inform the network's routing decisions rendered the claims inventive.  KAIFI told the Court that the "specific solution" that allegedly renders the Asserted Claims patent-eligible is "to use registered indoor system ID information to detect movement indoors and outdoors, to use that information to indicate a location change and to cause a router, in response to the updated location information, to switch network path automatically and without communication interruption."  KAIFI MTD Opp. (Dkt. 77) at 17–18; *see also id.* at 17 ("[T]he advance is brought not by the use of the computer, but by a new rule that is based on the indoor system ID information.").  But through its infringement expert, Dr. Conte, KAIFI now disavows any requirement of using "indoor system ID information" to inform routing.  Indeed, at his deposition, Dr. Conte was read essentially verbatim statements from KAIFI's briefing to the Court on this issue, and Dr. Conte disagreed with each one:

| Statement in KAIFI's MTD Opposition | Contradictory Testimony by Dr. Conte |
| --- | --- |
| "The received indoor system ID information (or lack thereof) is provided to the location register included in the system so that the location register 'stores location information of the data communication terminal received through the indoor network or outdoor wireless internet network.'"  Dkt. 77 at 5. | Q: So I want to make sure I'm clear your opinion is that the claimed invention does not require that indoor system ID information be provided to the location register included in the system? <br><br> A: Yes, that's my opinion.  *It's not required.*  SUMF ¶ 14. |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

| Statement in KAIFI's MTD Opposition | Contradictory Testimony by Dr. Conte |
|---|---|
| "[The claims] provide a concrete improvement to network and computer functionality that includes updating the location information in the location regist[er] with indoor system ID information broadcasted by an indoor gateway and received by a wireless communication device and directing the traffic accordingly based on the updated location information."  Dkt. 77 at 6. | Q: The claims require updating the location information in the location register with indoor system ID information broadcasted by an indoor gateway; that's true, isn't it?  . . .<br><br>A: I don't see that language, so, yes, *I disagree it's a requirement*.<br><br>SUMF ¶ 15. |
| "The specific solution here is to use registered indoor system ID information to detect movement indoors and outdoors, to use that information to indicate a location change and to cause a router, in response to the updated location information, to switch network path automatically and without communication interruption." Dkt. 77 at 17–18. | Q: In fact, the '728 patent is a very specific solution.  And that specific solution is to use registered indoor system ID information to detect movement indoors and outdoors and use that information to indicate a location change, fair?<br><br>A: No, I think that that's an overly narrowed statement, so *I do not agree with it*. . . . All that Claim 1 requires is *determining location* in order to make the decision about roaming.<br><br>SUMF ¶ 16. |

KAIFI similarly disclaimed the importance of "indoor system ID information" during claim construction, telling the Court that "the system can employ 'location information' *or* 'the location' *without limiting location information to any particular mechanism* (*e.g.*, 'location area' or 'system ID')."  KAIFI Reply CC Br. (Dkt. 142) at 9; *see also id.* (KAIFI: "nothing prevents the system from using *locational area* information in the indoor network *as an alternative embodiment*" to indoor system ID information).

The reason for KAIFI's reversal is simple: KAIFI cannot put forth an infringement case if it has to show that "indoor system ID information" is used in the network.  It is therefore no surprise that KAIFI is no longer advancing its pleadings-stage argument that using "indoor system ID information" to inform routing provides the inventive concept.  Because KAIFI has disavowed it as a claim requirement, KAIFI *cannot* say it is relevant to eligibility.  *Berkheimer v. HP Inc.*, 881

F.3d 1360, 1369 (Fed. Cir. 2018) (claims lacked "inventive concept" where they did "not recite any of the purportedly unconventional activities disclosed in the specification").

The Court also noted at the pleadings stage KAIFI's argument "that the dependent claims recite additional elements over which there are factual disputes," such as:

- using "indoor system ID information to allow a switch to an indoor network only when that network was encountered previously," and,

- taking into account "ongoing information regarding location vis-a-vis two distinct networks . . . as the device moves through specific locations."

MTD Order (Dkt. 216) at 10.  But here again, Mr. Blackburn does not argue that any dependent claim element provides the inventive concept, much less provide evidence to create a triable issue of fact on these grounds.  Blackburn Reb. Rpt. (Ex. 3) ¶¶ 1512–19.  Thus, none of the factual disputes regarding an alleged "inventive concept" that the Court identified at the pleadings stage remain extant.

### B.      KAIFI's Current Arguments for Eligibility Fail as a Matter of Law

Rather than pursue any of the arguments the Court identified at the pleadings stage, KAIFI, through its expert, Mr. Blackburn, provides only conclusory opinions that the Asserted Claims are inventive, without specifically opining as to *what* about the Asserted Claims makes them inventive. Although T-Mobile's expert, Mr. Proctor, opines that every element of the Asserted Claims—and the combination of those elements—was routine, well-understood, and conventional at the time of the 728 Patent, *e.g.*, Proctor Rpt. (Ex. 4) ¶¶ 2171–76; *id.* ¶¶ 128–29, KAIFI's expert, Mr. Blackburn, fails to identify *any* specific claim element or combination of claim elements as inventive in his rebuttal, Blackburn Reb. Rpt. (Ex. 3) ¶¶ 1512–19.  Instead, Mr. Blackburn offers generalizations, such as that "Prof. Cho presents a novel and inventive combination system and method" and that the patent "provides a detailed description of novel and inventive components, steps and functionalities, and their combination." *Id.* ¶ 1518.

Mr. Blackburn's opinions fail to raise a genuine fact dispute for trial because they do not go beyond conclusory statements that lack any explanation of what makes the Asserted Claims inventive.  As the court explained in *T-Rex Property*, where, as here, an expert's testimony is "conclusory" and provides "no satisfa[c]tory explanation" of the inventive concept, the testimony is "insufficient to create a genuine issue of material fact as to whether the claim element or combination of elements is well-understood, routine and conventional" under *Alice* Step Two. *T-Rex Prop. AB v. Regal Ent. Grp.*, No. 6:16-CV-927-JDK-KNM, 2019 WL 4727426, at *5 (E.D. Tex. Sept. 27, 2019) (granting summary judgment of ineligibility under Section 101); *see also Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1001 (Fed. Cir. 2008) ("Conclusory expert assertions cannot raise triable issues of material fact on summary judgment.").  Where an expert opines "that the asserted claims 'as a whole' were non-conventional" but does not demonstrate "that the combination adds any inventiveness beyond the cumulative inventiveness of the individual concepts"—as Mr. Blackburn does—the testimony cannot create a genuine issue of fact to preclude summary judgment.  *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-CV-05928, 2021 WL 1421612, at *12 (N.D. Cal. Apr. 14, 2021).

At most, Mr. Blackburn's opinions can be construed to identify just two grounds for the alleged inventiveness: the claimed function of "switching automatically and without interruption," and Mr. Blackburn's opinion that the Asserted Claims are non-obvious.  Blackburn Reb. Rpt. (Ex. 3) ¶ 1518–19.  Neither one can create a genuine issue for trial on eligibility.

### 1.    KAIFI Cannot Rely on "Seamless Switching" as the Inventive Concept Because "Seamless Switching" Is the Abstract Idea Itself

In support of his opinion that the Asserted Claims are patent-eligible, Mr. Blackburn states that "Prof. Cho presents a novel and inventive combination system and method, which includes seamless handover functionality for switching automatically and without interruption of voice/data

communications based on location information."  Blackburn Reb. Rpt. (Ex. 3) ¶ 1518.  Although Mr. Blackburn does not explicitly state what he believes is the "inventive concept" of the Asserted Claims *anywhere* in his report, his reference to "seamless handover functionality" is the closest Mr. Blackburn comes to identifying an allegedly inventive concept.  It fails as a matter of law, however, because the function of seamlessly switching between outdoor and indoor networks based on location *is the abstract idea itself*.

In order to raise a genuine issue for trial regarding whether the claims include an inventive concept, KAIFI must point to something that is "significantly more" than the abstract idea itself.  *Alice*, 573 U.S. at 217–18.  It is therefore settled that "[t]he abstract idea itself cannot supply the inventive concept."  *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019).

Accordingly, KAIFI cannot avoid summary judgment by pointing to "seamless handover functionality for switching automatically and without interruption . . . based on location information," Blackburn Reb. Rpt. (Ex. 3) ¶ 1518, because that is the same functionality the Court has held to constitute an abstract idea.  MTD Order (Dkt. 216) at 7–8.  As this Court explained:

> The asserted claims are directed to the abstract idea of routing a communication on one path or another, based on the recipient's location. . . . [T]he claims recite, at a high level, conventional router equipment and steps for switching from an outdoor network to an indoor network when a user moves inside and are directed to that concept generally.  The fact that the claim language has been construed to mean the transition takes place automatically and without interruption does not change this overall abstract direction.

*Id.* at 7.  The Court further explained that because "the claims do not describe in sufficient detail how to achieve the alleged seamless transition," they "do not rise above being directed to the mere abstract idea of doing so."  *Id.* at 8.

Thus, even if interpreted generously to be an identification of a purported inventive concept, Mr. Blackburn's statement that the "inventive combination" of the 728 Patent "includes seamless handover functionality for switching automatically and without interruption" fails as a

matter of law to create a genuine issue for trial on eligibility, because it merely restates the high-level, functional result that this Court has held to be abstract. Blackburn Reb. Rpt. (Ex. 3) ¶ 1518; *see also Voip-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 955 (N.D. Cal. 2019), *aff'd*, 828 F. App'x 717 (Fed. Cir. 2020) (claims "bereft of the critical 'how it does it' aspect" are ineligible).[3]

## 2.    KAIFI Cannot Rely on Non-Obviousness to Establish Inventiveness

Mr. Blackburn's other stated reason for concluding that the Asserted Claims are inventive is a straightforward misstatement of law: that "the Asserted Claims are *not obvious* in view of the asserted prior art. *Consequently, they are inventive*." *Id.* ¶ 1519.  But the Federal Circuit has repeatedly explained that non-obviousness cannot establish inventiveness at *Alice* Step Two.

In analyzing eligibility, the Court "may assume that the techniques claimed are '[g]roundbreaking, innovative, or even brilliant,' but that is not enough for eligibility.  Nor is it enough for subject-matter eligibility that claimed techniques be novel and nonobvious in light of prior art, passing muster under 35 U.S.C. §§ 102 and 103." *SAP Am., Inc. v. InvestPic, LLC*, 898

---

[3]  In addition, KAIFI now takes the position that claim 12 (the independent method claim) does not require seamless or automatic switching *at all*.  Although at the pleadings stage KAIFI told the Court that the method steps must be performed "at a sufficient speed to provide switching automatically and without interruption of the voice and data communication," Dkt. 85 at 7–8, KAIFI now takes the opposite position.  Through its infringement expert, Dr. Conte, KAIFI argues that claim 12 *does not require any handovers*, because "[c]laim 12 may be implemented across separate calls, including calls that are started, *then dropped*, and then restarted." Conte Reb. Rpt. (Ex. 2) ¶¶ 122–25. Dr. Conte contends that terminating a call and then redialing on a new network satisfies claim 12, and "*[t]he lack of seamlessness does not preclude infringement*." *Id.* ¶¶ 127–29.  Dr. Conte's opinions should be excluded for the reasons set forth in T-Mobile's concurrent motion to strike, but if they are allowed, there is no question that at least claim 12 is ineligible under Section 101.  Dr. Conte's position also confirms the ineligibility of the remaining claims, which at most require a computer to automate steps that, in Dr. Conte's view, can be performed by a human—*i.e.*, hanging up and redialing.  *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1318 (Fed. Cir. 2016) (no inventive concept where, "with the exception of generic computer-implemented steps, there is nothing in the claims themselves that foreclose them from being performed by a human."); *Telinit Techs., LLC v. Alteva, Inc.*, No. 2:14-CV-00369, 2015 WL 5578604, at *17 (E.D. Tex. Sept. 21, 2015) (no inventive concept where claims described "tasks that human beings, such as telephone operators, have been doing for the past century").

F.3d 1161, 1163 (Fed. Cir. 2018).  The mere fact that the conventional claim elements may not have been combined in the prior art precisely as recited in the Asserted Claims, or that a person of ordinary skill in the art may not have been motivated to so combine them, does not mean that the combination renders the claims "significantly more" than the abstract idea to which they are directed, as required under *Alice* Step Two.  *Alice*, 573 U.S. at 217–18.  Accordingly, the Federal Circuit has expressly clarified that "satisfying the requirements of novelty and non-obviousness does not imply eligibility under § 101, *including under the second step* of the *Alice* inquiry." *Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F. App'x 900, 904 (Fed. Cir. 2020).

Because Mr. Blackburn misstates the law when he asserts that non-obviousness renders the claims inventive, his opinion cannot be relied upon to create a genuine issue of material fact for trial.  Summary judgment of ineligibility under Section 101 is therefore warranted.[4]

## IV.    CONCLUSION

For the reasons stated above, T-Mobile respectfully requests that the Court grant summary judgment of ineligibility of the Asserted Claims under 35 U.S.C. § 101.

---

[4]  In support of his conclusory statements regarding inventiveness, Mr. Blackburn cites Section V.C. of his report, but that Section does nothing to cure the failings in his eligibility opinions. Section V.C. consists of seven paragraphs, mostly quoting Prof. Cho's testimony.  Blackburn Reb. Rpt. (Ex. 3) ¶¶ 162–68.  Mr. Blackburn does not identify any inventive concepts in Section V.C. or opine on eligibility at all. *Id.*  And the citations to Prof. Cho's testimony, rather than supporting eligibility, reinforce that the *only* things Prof. Cho believed were new in his patent were the idea of "seamless switching," which this Court has held to be abstract, and the use of "indoor system ID" information to inform routing, which KAIFI has disavowed. *See id.* ¶ 164 (quoting testimony that "indoor system ID has been added *in order to provide seamless handover and roaming*" and "I did not invent networks.  I invented *the function related to seamless handover and roaming* used for indoor and outdoor networks."); *id.* ¶ 165 (Cho: "indoor system ID was broadcasted by the indoor gateway" in the prior art, but it "was not stored and used *for seamless handover and roaming*"); *id.* ¶ 166 (Cho: "seamless handover and roaming service" was a "new function . . . added to the terminal").  Mr. Blackburn also cites testimony in which Prof. Cho's argues that "location information defined in my patents is slightly different from the location information that was being used in networks at the time," but neither Prof. Cho nor Mr. Blackburn says how it is different, let alone that the "slight" difference provides an inventive concept. *Id.* ¶ 167.

████████████████████████████

DATED:  September 10, 2021

Respectfully submitted,

*/s/ Josh A Krevitt*

Josh A. Krevitt
New York Bar No. 2568228
Benjamin Hershkowitz
New York State Bar No. 2600559
Katherine Q. Dominguez
New York Bar No. 4741237
Paul J. Kremer
New York Bar No. 4900338
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com
pkremer@gibsondunn.com

Robert Vincent
Texas State Bar No. 24056474
Nathan R. Curtis
Texas State Bar No. 24078390
Audrey Yang
Texas State Bar No. 24118593
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Fax: (214) 571-2900
rvincent@gibsondunn.com
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:  903.934.9257
melissa@gilliamsmithlaw.com

*Counsel for Defendants T-Mobile US, Inc.
and T-Mobile USA, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A), on September 10, 2021.

*/s/ Josh A. Krevitt*
Josh A. Krevitt