IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,<br><br>        Defendants. | CASE NO. 2:20-CV-281-JRG<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") file this Answer, Affirmative Defenses, and Counterclaims to KAIFI LLC's ("Plaintiff" or "KAIFI") Complaint (Dkt. 1) ("Complaint").

## ANSWER

## GENERAL DENIAL

Unless specifically admitted below, T-Mobile denies each and every allegation in the Complaint.  To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation to any cause of action identified in the Complaint. Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint. T-Mobile further denies that Plaintiff is entitled to the relief requested or to any other relief. The headings below track those used in the Complaint and are for

convenience only. They do not constitute any part of T-Mobile's Answer or any admission by T-Mobile as to the truth of the matters asserted.   To the extent the headings of the Complaint are construed as allegations, they are each denied.

## THE PARTIES

1.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.      T-Mobile US, Inc.[1] admits that it is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006, and that it has designated the Corporation Service Company as its registered agent in Delaware, and that, on information and belief, the Corporation Service Company may be reached at 251 Little Falls Drive, Wilmington, Delaware 19808.  Any remaining allegations contained in Paragraph 2 are denied

3.      Layer 3 TV, Inc. has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 3 of the Complaint.

4.      L3TV Dallas Cable System, LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 4 of the Complaint.

5.      MetroPCS Texas, LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 5 of the Complaint.

6.      T-Mobile License LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 6 of the Complaint.

7.      T-Mobile admits the allegations of Paragraph 7 of the Complaint.

---

[1]  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks. As such, T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.

8.      T-Mobile West LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 8 of the Complaint.

9.      T-Mobile West Tower LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 9 of the Complaint.

10.     IBSV LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 10 of the Complaint.

11.     Theory Mobile, Inc. has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 11 of the Complaint.

12.     T-Mobile PCS Holdings LLC has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 12 of the Complaint.

13.     T-Mobile Resources Corporation has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 13 of the Complaint.

14.     T-Mobile Subsidiary IV Corporation has been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations in Paragraph 14 of the Complaint.

15.     T-Mobile admits that T-Mobile US, Inc. is the parent corporation of T-Mobile USA.  Defendants Layer3 TV, Inc.; L3TV Dallas Cable System, LLC; MetroPCS Texas, LLC; T-Mobile License LLC; T-Mobile USA, Inc.; T-Mobile West LLC; T-Mobile West Tower LLC; IBSV LLC; Theory Mobile, Inc.; T-Mobile PCS Holdings LLC; T-Mobile Resources Corporation; and T-Mobile Subsidiary IV Corporation have been dismissed from this lawsuit.  Dkt. 74.  T-Mobile therefore need not respond to the allegations with respect to these entities.  T-Mobile denies the remaining allegations of Paragraph 15 of the Complaint.

## JURISDICTION; VENUE; JOINDER

16.     T-Mobile admits that the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  T-Mobile denies that there is any basis for Plaintiff's Complaint.  T-Mobile denies all allegations of infringement in the Complaint.

17.     T-Mobile admits that this Court has subject matter jurisdiction over actions for patent infringement pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), provided that standing and other requirements are met.  Except as so expressly admitted, T-Mobile denies the remaining allegations in Paragraph 17.

18.      T-Mobile USA, Inc. does not contest that this Court has personal jurisdiction over it for purposes of this action only.  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  Except as so expressly admitted,  T-Mobile denies all remaining allegations of Paragraph 18 of the Complaint.

19.     T-Mobile admits that T-Mobile USA, Inc. is registered with the Secretary of State of the State of Texas.  T-Mobile admits that T-Mobile USA, Inc. has done business in the State of Texas.  Except as so expressly admitted, T-Mobile denies all remaining allegations of Paragraph 19 of the Complaint.

20.      T-Mobile USA, Inc. does not contest that this Court has personal jurisdiction over it for purposes of this action only.  T-Mobile USA, Inc. admits that it has conducted business within the Eastern District of Texas ("this District").  Further, T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  Except as so expressly admitted,

T-Mobile denies the remaining allegations in Paragraph 20, including any allegation of wrongdoing or infringement.

21.     T-Mobile does not dispute venue in this federal judicial district solely for the purposes of this action pursuant to 28 U.S.C. § 1400(b). T-Mobile further denies that this District is the most convenient forum for this action, or in the interest of justice under 28 U.S.C. § 1401(a), and reserves all rights to seek transfer to a more convenient forum. T-Mobile USA, Inc. admits that it has retail locations located within this District. T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  T-Mobile denies that it has committed any acts of patent infringement in this District or elsewhere. Paragraph 21 of the Complaint otherwise sets forth legal conclusions for which no response is required.  To the extent a response is deemed required, such legal conclusions are denied.

22.     Layer3 TV, Inc.; L3TV Dallas Cable System, LLC; MetroPCS Texas, LLC; T-Mobile License LLC; T-Mobile West LLC; T-Mobile West Tower LLC; IBSV LLC; Theory Mobile, Inc.; T-Mobile PCS Holdings LLC; T-Mobile Resources Corporation; and T-Mobile Subsidiary IV Corporation have been dismissed from this lawsuit.  Dkt. 74.  T-Mobile denies that joinder was proper as to those entities.  T-Mobile denies all remaining allegations of Paragraph 22 of the Complaint.

23.     Layer3 TV, Inc.; L3TV Dallas Cable System, LLC; MetroPCS Texas, LLC; T-Mobile License LLC; T-Mobile USA, Inc.; T-Mobile West LLC; T-Mobile West Tower LLC; IBSV LLC; Theory Mobile, Inc.; T-Mobile PCS Holdings LLC; T-Mobile Resources Corporation; and T-Mobile Subsidiary IV Corporation have been dismissed from this lawsuit.  Dkt. 74.

T-Mobile denies that joinder was proper as to those entities.  T-Mobile denies all remaining allegations of Paragraph 23 of the Complaint.

24.     T-Mobile admits that KAIFI asserted infringement of the same patent at issue in this action in *KAIFI LLC v. AT&T Inc., et al.,* Case No. 2:19-CV-00138-JRG (E.D. Tex.). T-Mobile denies all remaining allegations of Paragraph 24 of the Complaint.

## BACKGROUND

25.     T-Mobile admits that U.S. Patent No. 6,922,728 ("the 728 Patent") on its face is titled "Optimal Internet Network Connecting and Roaming System and Method Adapted for User Moving Outdoors or Indoors," has an issue date of July 26, 2005, and names Korea Advanced Institute of Science & Technology ("KAIST") as assignee.  T-Mobile admits that the Complaint purports to attach the 728 Patent as Exhibit A to the Complaint.  T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore denies them.

26.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28.     T-Mobile admits that the 728 Patent, on its face, names Dong-Ho Cho as inventor. T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, and therefore denies them.

29.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31.     T-Mobile admits that, according to the specification of the 728 Patent, the 728 Patent states that it "relates to a wireless mobile communication, and more particularly, to an optimal internet network connecting and roaming system and method." 728 Patent at 1:8–10. T-Mobile denies all remaining allegations of Paragraph 31 of the Complaint.

32.     T-Mobile admits that, on information and belief, KAIFI asserted infringement of the 728 Patent in *KAIFI LLC v. AT&T Inc., et al.,* Case No. 2:19-CV-00138-JRG (E.D. Tex.). T-Mobile also admits that, according to the public docket, the Court issued a claim construction order on April 17, 2020, trial was scheduled for September 14, 2020, and the case was dismissed on August 8, 2020.  T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore denies them.

**ALLEGATIONS REGARDING ADOPTION OF THE 728 PATENT**

33.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, that document speaks for itself.  T-Mobile USA, Inc. admits that it operates a cellular network.  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.   T-Mobile expressly denies any allegation of wrongdoing or infringement in this paragraph. Except as so expressly admitted, T-Mobile denies the remaining allegations in Paragraph 33.

34.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the

contents of a written document, that document speaks for itself.  T-Mobile USA, Inc. admits that it operates a cellular network.  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  T-Mobile expressly denies any allegation of wrongdoing or infringement in this paragraph. Except as so expressly admitted, T-Mobile denies the remaining allegations in Paragraph 34.

35.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document or website, that document and/or website speak for themselves. T-Mobile USA, Inc. admits that it operates a cellular network.  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  T-Mobile expressly denies any allegation of wrongdoing or infringement in this paragraph. Except as so expressly admitted, T-Mobile denies the remaining allegations in Paragraph 35.

## THE ACCUSED INSTRUMENTALITIES

36.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, that document speaks for itself.  T-Mobile USA, Inc. admits that it operates a cellular network.  T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks such that T-Mobile denies that T-Mobile US, Inc. is a properly named party to this lawsuit.  T-Mobile expressly denies any allegation of wrongdoing or infringement in this paragraph. T-Mobile further denies that over the top (OTT) voice and data applications are properly accused of infringement in this case.  T-Mobile lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, and therefore denies them.

## COUNT 1

37.     T-Mobile denies the allegations of Paragraph 37 of the Complaint.

38.     T-Mobile denies the allegations of Paragraph 38 of the Complaint.

39.     T-Mobile admits that the Complaint purports to attach certain charts at Exhibit B to the Complaint.  T-Mobile denies the remaining allegations of Paragraph 39 of the Complaint.

40.     T-Mobile denies the allegations of Paragraph 40 of the Complaint.

41.     T-Mobile denies the allegations of Paragraph 41 of the Complaint.

42.     T-Mobile admits that T-Mobile USA, Inc. has contractual agreements with mobile virtual network operators (MVNOs).  T-Mobile denies the remaining allegations of Paragraph 42 of the Complaint.

43.     T-Mobile admits that the Complaint purports to attach a list of Mobile Virtual Network Operators at Exhibit C to the Complaint.  T-Mobile denies the remaining allegations of Paragraph 43 of the Complaint.

44.     T-Mobile admits that it received a communication from KAIFI, dated August 27, 2020, referencing the 728 Patent.  T-Mobile admits that it was aware of the 728 Patent since the filing date of the Complaint.  T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Google Fi in Paragraph 44, and therefore denies them. T-Mobile expressly denies any allegation of wrongdoing or infringement in Paragraph 44. T-Mobile denies the remaining allegations of Paragraph 44 of the Complaint.

45.     T-Mobile denies the allegations of Paragraph 45 of the Complaint.

46.     T-Mobile denies the allegations of Paragraph 46 of the Complaint.

47.     T-Mobile denies the allegations of Paragraph 47 of the Complaint.

48.     T-Mobile denies the allegations of Paragraph 48 of the Complaint.

49.     T-Mobile denies the allegations of Paragraph 49 of the Complaint.

50.     T-Mobile denies the allegations of Paragraph 50 of the Complaint.

51.     T-Mobile denies the allegations of Paragraph 51 of the Complaint

52.     T-Mobile denies the allegations of Paragraph 52 of the Complaint

**PRAYER FOR RELIEF**

53.     T-Mobile denies that KAIFI is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–G of KAIFI's Prayer for Relief.

**JURY DEMAND**

54.     KAIFI's demand for a trial by jury does not require a response by T-Mobile.

**<u>AFFIRMATIVE DEFENSES</u>**

55.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.  T-Mobile asserts the following defenses to KAIFI's Complaint, without admitting or acknowledging that T-Mobile bears the burden of proof as to any of them or that any must be pleaded as defenses.  T-Mobile specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

56.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

57.     KAIFI's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.  For example, and without limitation, KAIFI's Complaint fails to state a claim because the asserted claims recite subject matter that is patent ineligible under 35 U.S.C. §

101.  T-Mobile incorporates by reference its Motion for Summary Judgment of Ineligibility Under 35 U.S.C. § 101 (Dkt. 229), filed September 10, 2021, and T-Mobile's briefing in support thereof. KAIFI's Complaint additionally fails to state a claim with respect to its allegations of infringement against over-the-top ("OTT") services.  T-Mobile incorporates by reference its Motion to Strike KAIFI's Infringement Contentions With Respect to Over-the-Top Services (Dkt. 90), filed February 18, 2021.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

58.    T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

59.    T-Mobile has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the 728 Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.   For example, and without limitation, the asserted claims of the 728 Patent are not infringed for all of the reasons identified in Defendants' Responses to Interrogatory Nos. 1 and 4 and all supplements thereto; the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021; the Expert Report of James A. Proctor, Jr. Regarding Non-Infringement of U.S. Patent No. 6,922,728, served August 23, 2021; and T-Mobile's Motions for Summary Judgment of Non-Infringement, Dkts. 227, 232, 233, and 234, filed September 10, 2021; all of which are incorporated by reference.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity/Ineligibility)**

60.    T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

61.     The asserted claims of the 728 Patent, as properly construed, are invalid, void, and/or unenforceable for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and the rules and laws pertaining to those provisions. For example, and without limitation, the asserted claims of the 728 Patent are invalid for all of the reasons identified in Defendants' Invalidity Contentions, served January 15, 2021; and the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021.  The asserted claims of the 728 Patent are ineligible for patent protection for all of the reasons identified in Defendants' Ineligibility Contentions, served January 15, 2021; the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021; and Motion for Summary Judgment of Ineligibility Under 35 U.S.C. § 101 (Dkt. 229), filed September 10, 2021, and other briefing in support thereof; all of which are incorporated by reference.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel, Prosecution Disclaimer and Ensnarement)

62.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

63.     KAIFI is barred by the doctrines of prosecution history estoppel, prosecution disclaimer, and/or ensnarement from contending that any claim of the 728 Patent covers any product, service, or method practiced, manufactured, used, sold, or offered for sale by T-Mobile, in any manner inconsistent with statements or arguments made by the patent applicant or assignees in the 728 Patent or in prosecuting the patent (including in post-grant proceedings, such as the currently pending *ex parte* reexamination), with respect to any subject matter surrendered during prosecution of the patent, or in such a manner that would ensnare the prior art.  For example,

KAIFI may not ensnare prior art identified in T-Mobile's Invalidity Contentions and/or expert report through the doctrine of equivalents. T-Mobile incorporates by reference its Invalidity Contentions served on January 15, 2021 and any supplements thereto, and the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021.

**FIFTH AFFIRMATIVE DEFENSE**
**(Patent Exhaustion and License)**

64.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

65.     KAIFI's claims for relief are barred, in whole or part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the 728 Patent.  To the extent T-Mobile's vendors or partners have entered into patent license agreements covering the 728 Patent, T-Mobile's use or purchase of network equipment, user equipment or software from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.  To the extent that the accused instrumentalities include components covered by a license for the 728 Patent, use or purchase of those components is authorized under those agreements and, therefore, non-infringing as a matter of law.  For example, and without limitation, to the extent any of T-Mobile's Wi-Fi Calling subscribers utilize wireless networking devices or equipment supplied by AT&T, those subscribers' systems and services are covered under the license between KAIFI and AT&T, and the 728 Patent is exhausted with respect to those systems and services.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

66.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

13

67.     Based on information and belief, KAIFI's claims for relief are barred, in whole or in part, because KAIFI does not possess "all substantial rights" in the 728 Patent, as required to bring a patent infringement suit concerning the 728 Patent.  *See, e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1231 (Fed. Cir. 2019).   For example, and without limitation, the prior assignees of the 728 Patent (including Intellectual Discovery and KAIST) retained substantial rights in the 728 Patent.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Waiver and/or Estoppel)

68.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

69.     KAIFI's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, waiver, implied waiver, and/or estoppel.  The 728 Patent issued on July 26, 2005.  T-Mobile began offering devices capable of making voice calls over Wi-Fi on or around December 2006.  The sections of the 3GPP standards upon which KAIFI purports to base its infringement allegations were publicly released as early as 2008.  *See, e.g.*, 3GPP TS 23.402 V8.2.0, Figure 4.2.2-1 (Nov. 2008).  KAIFI did not bring this lawsuit until August 28, 2020.  *See* Dkt. 1.  As such, KAIFI impermissibly delayed filing suit.  *See Mars, Inc. v. TruRx LLC*, No. 6:13-CV-526, 2016 WL 4055676, at *2 (E.D. Tex. Apr. 29, 2016) (holding that if "[patent holder's] silence or inaction was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that [it] had relinquished its rights, [accused infringer] would be entitled to a finding of implied waiver").  T-Mobile has suffered undue and material economic and evidentiary prejudice as a result of KAIFI's actions.  *See OPTi Inc. v. Silicon Integrated Sys. Corp.*, No. 2:10-CV-279, 2013 WL 4494707, *5 (E.D. Tex. Aug. 19, 2013) (discussing how "[m]aterial prejudice may be economic or evidentiary").  KAIFI's delay in filing suit materially prejudiced T-Mobile's ability

to marshal evidence at least for its non-infringement, invalidity, and unenforceability defenses due to reliance on memories of long past events or a variety of other reasons.  In addition, T-Mobile is materially prejudiced economically to the extent there are monetary investments or financial damage that likely would have been prevented had KAIFI filed suit earlier.  For example, T-Mobile substantially invested and continues to invest in its cellular network and equipment which are capable of supporting voice calls over Wi-Fi.  *See Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1020–22 (Fed. Cir. 2008).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Improper Inventorship and Derivation)**

70.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

71.     Based on information and belief, the 728 Patent fails to identify and/or join all the true inventors of the 728 Patent.

**NINTH AFFIRMATIVE DEFENSE**
**(Statutory Limitation on Damages)**

72.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

73.     KAIFI's claims for relief are statutorily limited in whole or in part by 35 U.S.C. §§ 286 and/or 287.

74.     To the extent KAIFI seeks damages for allegedly infringing acts committed more than six years prior to the filing of the Complaint in this action, it is barred from recovery of such damages.

75.     To the extent that KAIFI, its alleged predecessor(s)-in-interest to the 728 Patent, or any licensee of the 728 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that T-Mobile's actions allegedly infringed

any claim of the 728 Patent, T-Mobile is not liable to KAIFI for the acts alleged to have been performed before T-Mobile received actual notice of infringement.  For example, and without limitation, KAIFI has failed to satisfy the requirements of 35 U.S.C. § 287(a) in connection with its license of the 728 Patent to AT&T.  T-Mobile is aware of no evidence suggesting that KAIFI complied with its obligations or that AT&T marked any instrumentalities that KAIFI contends are covered by the claims of the 728 Patent.  In addition, KAIFI has not adequately pled compliance with 35 U.S.C. § 287 in its Complaint or any subsequent pleadings.

**TENTH AFFIRMATIVE DEFENSE**
**(No Enhanced Damages; No Attorney's Fees)**

76.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

77.     KAIFI is not entitled to enhanced damages under 35 U.S.C. § 284, at least because KAIFI has failed to show, and cannot show, that any infringement has been willful and/or knowing. KAIFI is not entitled to an award of attorney's fees under 35 U.S.C. § 285, at least because KAIFI has failed to show, and cannot show, that this case is "exceptional" in KAIFI's favor as would be required by the statute.   T-Mobile incorporates by reference Defendants' Responses to Interrogatory Nos. 1, 4, 6, and 22 and all supplements thereto; the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021; the Expert Report of James A. Proctor, Jr. Regarding Non-Infringement of U.S. Patent No. 6,922,728, served August 23, 2021; and T-Mobile's Motions for Summary Judgment of Non-Infringement (Dkts. 227, 232, 233, and 234) and Motion for Summary Judgment of Ineligibility Under 35 U.S.C. § 101 (Dkt. 229), filed September 10, 2021.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Costs)**

78.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

79.     Under 35 U.S.C. § 288, KAIFI is precluded from recovering costs associated with its action.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

80.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

81.     KAIFI is not entitled to injunctive relief, as least because the alleged injury to KAIFI is not immediate or irreparable, KAIFI has an adequate remedy at law for any alleged injury, and/or public policy concerns weigh against any injunctive relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Defenses)**

82.     T-Mobile repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein.

83.     T-Mobile reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the 728 Patent based on inequitable conduct, based on discovery and further factual investigation in this action.

**DEMAND FOR A JURY TRIAL**

84.     T-Mobile demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff KAIFI, LLC ("KAIFI"), T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-Mobile") state as follows:

### PARTIES

1.      T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006.  T-Mobile USA, Inc. has designated the Corporation Service Company as its registered agent in Texas, and, on information and belief, the Corporation Service Company may be reached at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.      T-Mobile US, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006.  T-Mobile US, Inc. has designated the Corporation Service Company as its registered agent in Delaware, and, on information and belief, the Corporation Service Company may be reached at 251 Little Falls Drive, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      Without prejudice, venue is proper in this District for purposes of these Counterclaims because KAIFI has commenced and continues to prosecute this action in this District.

5.      KAIFI is subject to personal jurisdiction in this judicial District because it commenced and continues to prosecute this action in this District.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,922,728

6.     Paragraphs 1–5 of the Counterclaims are incorporated as if fully set forth herein.

7.     KAIFI claims to be the owner of all legal rights, title, and interests in U.S. Patent No. 6,922,728 (the "728 Patent"), including the right to enforce the 728 Patent.

85.     T-Mobile has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise, any asserted claim of the 728 Patent.  For example, and without limitation, the asserted claims of the 728 Patent are not infringed for all of the reasons identified in Defendants' Responses to Interrogatory Nos. 1 and 4 and all supplements thereto; the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021; the Expert Report of James A. Proctor, Jr. Regarding Non-Infringement of U.S. Patent No. 6,922,728, served August 23, 2021; and T-Mobile's Motions for Summary Judgment of Non-Infringement, Dkts. 227, 232, 233, and 234, filed September 10, 2021; all of which are incorporated by reference.

8.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between KAIFI and T-Mobile by virtue of the allegations in KAIFI's Complaint and T-Mobile's Answer as to the infringement of the asserted claims of the 728 Patent.

9.     T-Mobile will be irreparably harmed if KAIFI is not enjoined from continuing to assert the 728 Patent and from interfering with T-Mobile's business.

10.     A judicial declaration is necessary and appropriate so that T-Mobile may ascertain its rights regarding the 728 Patent

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., T-Mobile requests the Court's declaration that T-Mobile does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any asserted claim of the 728 Patent.

12.     This is an exceptional case entitling T-Mobile to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY AND/OR INELIGIBILITY OF U.S. PATENT NO. 6,922,728

13.     Paragraphs 1–5 of the Counterclaims are incorporated as if fully set forth herein.

14.     Each asserted claim of the 728 Patent is invalid and/or ineligible for patent protection for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.  For example, and without limitation, the asserted claims of the 728 Patent are invalid for all of the reasons identified in Defendants' Invalidity Contentions, served January 15, 2021; and the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021.  The asserted claims of the 728 Patent are ineligible for patent protection for all of the reasons identified in Defendants' Ineligibility Contentions, served January 15, 2021; the Expert Report of James A. Proctor, Jr. Regarding Invalidity of and Non-Infringing Alternatives to U.S. Patent No. 6,922,728, served July 26, 2021; and Motion for Summary Judgment of Ineligibility Under 35 U.S.C. § 101 (Dkt. 229), filed September 10, 2021, and other briefing in support thereof; all of which are incorporated by reference.

15.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between KAIFI and T-Mobile by virtue of the allegations in KAIFI's Complaint

and T-Mobile's Answer as to the validity and patent-eligibility of the asserted claims of the 728 Patent.

16.     A judicial declaration is necessary and appropriate so that T-Mobile may ascertain its rights regarding the 728 Patent

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., T-Mobile requests the Court's declaration that the claims of the 728 Patent are invalid and/or ineligible for patent protection.

18.     This is an exceptional case entitling T-Mobile to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

19.     Under Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38(a), T-Mobile demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile seeks the following relief:

A.     That the Complaint against T-Mobile be dismissed in its entirety with prejudice and that a judgment be entered for T-Mobile;

B.     That this Court find and enter a declaration that one or more claims of the 728 Patent that Plaintiff has asserted or will properly assert against T-Mobile is invalid and/or patent ineligible pursuant to Title 35 of the United States Code;

C.     That this Court find that T-Mobile has not infringed and does not infringe, in any manner, any valid and enforceable asserted claim of the 728 Patent;

D.     That Plaintiff take nothing by reason of its Complaint;

E.     For an order denying any and all of Plaintiff's requests for injunctive relief against T-Mobile;

F.      That T-Mobile be awarded under 35 U.S.C. § 285 its reasonable attorneys' fees and costs of suit incurrent in this action, as Plaintiff's conduct renders this an exceptional case;

G.      That T-Mobile be awarded its costs of suit;

H.      That this Court enter a judgment against Plaintiff in favor of T-Mobile in all respects; and

I.      Any such other relief as the Court deems to be just and proper.

Dated: September 17, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Josh Krevitt*

Josh A. Krevitt
Benjamin Hershkowitz
Katherine Q. Dominguez
Paul J. Kremer
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
kdominguez@gibsondunn.com
pkremer@gibsondunn.com

Nathan R. Curtis (No. 24078390)
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Dallas, Texas 75201-2923
Telephone: (214) 698-3423
Facsimile: (214) 571-2961
ncurtis@gibsondunn.com

Melissa R. Smith (No. 24001351)
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants T-Mobile US, Inc. and
T-Mobile USA, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed electronically on September 17, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.


*/s/Melissa R. Smith*
Melissa R. Smith