IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KAIFI LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-CV-00281-JRG |
| | § | |
| T-MOBILE US, INC., T-MOBILE USA, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Motion to Stay Pending Ex Parte Reexaminations of U.S. Patent No. 6,922,728 (the "Motion"). (Dkt. No. 207.) In the Motion, Defendants T-Mobile US, Inc. and T-Mobile USA (collectively, "T-Mobile") request that the Court stay the above-captioned case until resolution of the pending *Ex Parte* Reexamination ("EPR") of U.S. Patent No. 6,922,728 (the "'728 Patent" or the "Patent-In-Suit").

Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **DENIED**.

I.   **BACKGROUND**

On August 28, 2020, Kaifi LLC ("Kaifi" or the "Plaintiff") filed the above-captioned lawsuit against T-Mobile, alleging infringement of the '728 Patent. (Dkt. No. 1.) On July 13, 2021, T-Mobile filed a request for an EPR of the '728 Patent with the United States Patent and Trademark Office (the "PTO"). In its request, T-Mobile listed seven grounds for reexamination based on references that were not examined by the PTO during the original prosecution of the '728 Patent. On July 19, 2021, Cellco Partnership d/b/a Verizon Wireless ("Verizon") filed a separate request for an EPR of the '728 Patent with the PTO based on two additional grounds.

On August 19, 2021, the PTO granted both requests, finding substantial new questions of patentability as to all nine grounds. Kaifi's optional statements responding to the PTO's Orders granting request for EPR are due October 19, 2021.

## II.   LEGAL STANDARDS

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

The Court may grant a stay where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). However, in a proceeding such as an EPR, the Court will not stay a case "based solely on speculation of what might possibly happen during reexamination," because such a stay "would be inefficient and inappropriate." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, No. 2:19-CV-00225, Dkt. No. 205 at 4 (E.D. Tex. Nov. 23, 2020); *see also Soverain*, 356 F.Supp.2d at 662. More particularly, before an Office Action of any kind has issued in a proceeding such as an EPR, "the *potential* to simplify the issues in question and the trial. . . is [] more speculative than factual." *Ramot*, No. 2:19-CV-00225, Dkt. No. 205 at 4 (emphasis in original).

### III. ANALYSIS

T-Mobile argues that the three factors typically considered by the Court all favor granting a stay in this case. With regard to the first factor, whether a stay will unduly prejudice or present a clear tactical disadvantage to Kaifi, T-Mobile contends that it will not because "KAIFI is a non-practicing entity that neither competes with T-Mobile nor sells products that practice the '728 patent." (Dkt. No. 207 at 8.) As such, T-Mobile argues that "[m]onetary relief will be sufficient to compensate KAIFI for any damages," and a stay will not reduce the amount of monetary damages potentially available to Kaifi. (*Id*.)

Kaifi responds that although it does not practice the '728 Patent or compete with T-Mobile in the market, it "has an interest in timely enforcing its patents." (Dkt. No. 218 at 8 (quoting *Ramot*, No. 2:19-CV-00225, Dkt. No. 205 at 3).) Kaifi further contends that it is in the business of licensing patents and a stay would negatively impact its "ability to conduct its current licensing campaign." (*Id*.)

Regarding the second factor, whether a stay will simplify the issues in the case, T-Mobile argues that it will because the two pending EPR proceedings "assert 9 grounds of invalidity" and "[e]ach asserted claim is covered by at least *five* distinct new substantial questions of patentability determined by the PTO." (*Id*. at 10 (emphasis in original).) Moreover, T-Mobile contends that it is "highly likely" that the pending EPRs will simplify the issues in the case because "**79% of *ex parte* reexaminations** result in either the cancellation or modification of at least some claims." (*Id*. at 11 (emphasis in original).)

In response, Kaifi argues that any simplification is speculative at this point because no claims have actually been rejected during the EPR proceedings and the PTO has not issued any

3

Office Actions.[1] (Dkt. No. 218 at 9-10.) Kaifi further points out that courts have refused to stay cases even where the EPR proceedings are at a comparatively more advanced stage. (*Id*. at 9-11 (citing *KIPB LLC v. Samsung Elecs. Co.*, 2019 WL 6173365, at *1 (E.D. Tex. Nov. 20, 2019) (refusing to stay where PTO had issued a final office action and rejected all asserted claims, but an appeal was pending); *EON Corp. IP Holdings, LLC v. Sensus USA Inc*, 2009 WL 9506927, at *3 (E.D. Tex. Dec. 18, 2009) (denying a stay where certain claims of the patents-in-suit had been rejected by the PTO)).)

Finally, with regard to the third factor, whether discovery is complete and whether a trial date has been set, T-Mobile argues that "expert discovery is still open until September 15, 2021, and dispositive and *Daubert* motions have not yet been filed." (*Id*. at 9-10.) Based on that observation, T-Mobile contends this factor favors a stay.

Kaifi contends in response that "[f]act discovery concluded July 19, 2021 and jury selection in this case is scheduled to commence on December 6, 2021." (Dkt. No. 218 at 12.) In addition, Kaifi points out that T-Mobile waited over eleven months from when the suit was filed before it requested the EPR proceedings.

The Court agrees with Kaifi. The first factor weighs slightly in favor of Kaifi—or is at worst neutral—as Kaifi does have an interest in the efficient adjudication of its patent rights. *See, e.g., Intellectual Ventures I LLC v. T Mobile USA, Inc.*, 2018 U.S. Dist. LEXIS 239587, at *9 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights

---

[1] T-Mobile argues that Kaifi misapplies the Court's ruling in the *Ramot* case because the Court later granted a stay. (Dkt. No. 263 at 7.) However, the stay was originally denied based in part on the fact that no final Office Actions had issued at the time of the motion and later granted after the PTO had rejected all the asserted the claims. *Ramot at Tel Aviv Univ. Ltd. v. Cisco Systems, Inc.*, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) (granting the stay "[i]n light of the high probability that the asserted claims will change in scope as part of the reexamination proceedings").

is entitled to some weight, even if that factor is not dispositive"). T-Mobile is incorrect that simply because Kaifi is a non-practicing entity it cannot be prejudiced by a stay.

The second factor weighs more heavily in favor of denying the Motion. As this Court has stated in the past, a motion to stay is premature when an EPR proceeding has merely begun and no Office Action has even been issued by the PTO. *Ramot*, No. 2:19-CV-00225, Dkt. No. 205 at 3 (concluding that a stay was premature where "[o]f the eight currently-asserted claims, [only] six have been rejected" and the rejection were "only preliminary").

Lastly, the third factor also weighs against a stay. Fact discovery had concluded by the time T-Mobile filed the Motion, and the trial date had been set. (Dkt. No. 73.) Trial is less than three months away. Regardless of whether the stage of the case is viewed from the of date of filing the motion to stay or not, this case is too advanced to favor a stay under these circumstances. Moreover, T-Mobile's failure to provide an adequate explanation for its nearly one-year delay in filing the request for an EPR further counsels against a stay.

## IV. CONCLUSION

Based on the foregoing, the Court is of the opinion that Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.'s Motion to Stay Pending Ex Parte Reexaminations of U.S. Patent No. 6,922,728 should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE