IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE US, INC., ET AL.<br><br>    Defendants. | Case No. 2:20-cv-00281-JRG<br><br>JURY TRIAL DEMANDED<br><br>█████████████ |

**(OPPOSED) MOTION BY KAIFI FOR LEAVE TO SUPPLEMENT EXPERT REPORT OF DAVID KENNEDY**

KAIFI, LLC. respectfully requests leave to supplement the expert report of David Kennedy to address arguments raised by T-Mobile in its September 10, 2021 *Daubert* motion that are based on information that T-Mobile opted not to produce during the fact discovery period, and to address a new argument that is inconsistent with T-Mobile's interrogatory responses.

## I. APPLICABLE LAW

The Fifth Circuit has articulated four factors to be considered in deciding whether there is good cause to grant a party leave to supplement its expert reports: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Here, all factors weigh in favor of granting leave to supplement.

## II. ARGUMENT

On July 26, 2021, KAIFI served the opening expert report of David Kennedy. Mr. Kennedy provided an analysis of the damages in this case. In particular, one of the analyses performed by Mr. Kennedy involved a Survey approach, in which he analyzes what would happen if T-Mobile eliminated the benefits provided by Wi-Fi Handover, relying on survey data collected by Dr. Laurentius Marais to quantify what Wi-Fi Handover is worth to T-Mobile's customers. The survey data shows that without Wi-Fi Handover, T-Mobile would lose customers and therefore profits.

In analyzing the survey data, Mr. Kennedy used data provided by T-Mobile on the number of Wi-Fi Calling capable <u>devices</u> and T-Mobile's average revenue and profit per <u>device</u>. Despite the fact that T-Mobile did not provide subscriber numbers during fact discovery, T-Mobile nevertheless filed a *Daubert* motion on September 10, 2021 criticizing Mr. Kennedy for

using device metrics—which T-Mobile had produced during discovery—instead of subscriber metrics in his analysis. See Dkt. 231.

In fact, during fact discovery, KAIFI specifically asked for subscriber metrics in Interrogatory No. 14:

> **INTERROGATORY NO. 14**
>
> Identify and explain in detail the number of Your past and current subscribers that implement Wi-Fi Switching and the manner in which you track this implementation.

T-Mobile responded stating 

As KAIFI explains in detail in its concurrently filed opposition to T-Mobile's *Daubert* motion, Mr. Kennedy's use of complementary device metrics ensured that Mr. Kennedy's analysis in no way misused the survey data and safeguarded against any alleged overstating of

the value of Wi-Fi Handover. That analysis was based on T-Mobile's device data, and refusal to produce subscriber data.

Nevertheless, in response to T-Mobile's motion, Mr. Kennedy conducted an alternative analysis of the survey data using publicly available subscriber metrics to confirm that the results of the analysis would be essentially the same (which they were). *See* Ex. 1 (Supplemental Kennedy Report). Thus, Mr. Kennedy's supplemental report merely addresses an argument raised for the first time by T-Mobile after Mr. Kennedy served his expert report and which Mr. Kennedy could not have anticipated given that T-Mobile opted not to produce subscriber data, and disclaimed the availability of such data, during discovery.

Factor 1 weighs in favor of granting leave because there was no failure to timely submit a complete report. Mr. Kennedy timely submitted his opening expert report based on the information available at that time. The proposed supplements by Mr. Kennedy responds to new arguments by T-Mobile that are based on information that T-Mobile claimed did not exist and failed to provide or produce during fact discovery. Had T-Mobile provided subscriber metrics during fact discovery, Mr. Kennedy could have conducted the same analysis he presents now.

Factor 2 weighs in favor of granting leave because the supplements address an important aspect of the damages in this case. Defendants are positing the theory that Mr. Kennedy's analysis "inflates" damages because it uses devices metrics instead of subscriber metrics. Mr. Kennedy's supplemental report shows that this is not true, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Factor 3 weighs in favor of granting leave because there is no prejudice in allowing Mr. Kennedy to supplement his report. The trial in this matter is still months away, and KAIFI is willing to produce Mr. Kennedy for an additional deposition on the supplemental report. In

3

addition, KAIFI offered to stipulate to allow T-Mobile's expert Julie Davis to present a supplemental report to address the contents of Mr. Kennedy's supplement, and for T-Mobile to have additional pages for its reply in support of its *Daubert* motion. Thus, T-Mobile will have more than ample opportunity to question Mr. Kennedy on his supplement.

Factor 4 is neutral because no prejudice exists and therefore no continuance is necessary. Consequently, good cause exists to permit Mr. Kennedy to respond to this newly raised argument.

## CONCLUSION

For the foregoing reasons, KAIFI respectfully requests the Court to grant leave to supplement.

Date:  September 24, 2021  /s/Robert Christopher Bunt

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jsheasby@irell.com

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6166

4

Facsimile: (213) 629-6001
Email: achoung@nixonpeabody.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile:(213) 612-3773
Email: enoch.liang@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

5

Case 2:20-cv-00281-JRG   Document 316   Filed 09/30/21   Page 7 of 7 PageID #: 20552


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via electronic mail on September 24, 2021 to all opposing counsel of record.

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 80)

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

**CERTIFICATE OF CONFERENCE**

KAIFI served the supplemental report of Mr. Kennedy on T-Mobile on September 22, 2021 and notified T-Mobile that KAIFI would be seeking leave to supplement the report. Plaintiff's counsel, Rebecca Carson, and counsel for T-Mobile, Paul Kremer, conferred by telephone on September 24, 2021. T-Mobile opposes this motion.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT